IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO, BANK<br>NORTH GROUP, HANS HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE<br>ANN FARO AND JOHN AQUINO,<br>Defendant | CIVIL ACTION NO. 04-12448 AO |

DEFENDANTS' LISA BAYKO, CHRISTINE ANN FARO
AND CHARLES ROTONDI'S VERIFIED MOTION FOR
SUMMARY JUDGMENT

Now come the Defendants, Lisa J. Bayko, Christine Ann Faro and Charles Rotondi and move for summary judgment pursuant to Fed. R. Civ. P. 56(b) and as reasons for said motion they state as follows:

1.   There is no genuine issue of material fact as a matter of law as to the distribution of the foreclosure proceeds that Lisa J. Bayko is entitled to receive. The Judgment of Divorce Nisi incorporated but did not merge the terms of the separation agreement and survived as an independent contract except those provisions relating to health insurance, alimony, child custody, support and maintenance and visitation children which merged.

The Separation Agreement made provision as to the distribution of the proceeds from the sale of the marital home, as follows:

> "The balance of the proceeds shall be divided equally between the Husband and the Wife, but only after the is paid the following from said proceeds:
>
> a.   The entire amount for delinquent child support payments owed through the date of this Agreement is adopted by the Essex County Probate & Fmily Court. The delinquent child support through April 26, 2002 is $13,200.00.
>
> b.   The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim.
>
> c.   The sum of $13,000.00 shall be deducted from Husband's one-half sahre and shall represent one year's advanced payment of child support.

2.   The separation agreement also provided that $66,000.00, $33,000.00 each, was to be set aside from the sale of the marital home for the payment of joint marital debt and Defendant Attorney Gary Evans was named as Escrow Agent and the Attorney to represent both parties in working out the debt. (Separation Agreement, Article III, Section G, addendum)

3. On May 5, 2003, the Court ordered that, "when the marital home was sold, the Defendants [Jeffrey L. Bayko's] share of net proceeds shall be held in escrow..." (Order of the Essex County probate & Family Court, J. Kaegan, dated May 2, 2003).

4. By order of the Court dated July 2, 2003, the Defendant Jeffrey Bayko's outstanding obligations as to unpaid college tuitions were to, currently $2,355.00 for the first semester 2002-2003 and $2,355.090 for second semester 2002-2003 were to be out of the monies held in escrow. (Order of the Essex County probate & Family Court, J. Cronin, dated July 2, 2003).

5. On September 24, 2004, the Court (J. DiGangi) found Jeffrey L. Bayko in contempt for non-payment of child support in the amount of $28,859.89, which includes the $13,000 arrears as stated in the separation agreement and in contempt for the conveyance of the mortgages to Helen Bayko and Michael Bayko. A Capias was issued for Jeffrey L. Bayko.

4. The Judgment of Divorce Nisi dated May 24, 2002, which incorporated terms of the Separation Agreement, predates the mortgages conveyed by the Defendant Jeffrey L. Bayko to the Defendants Helen Bayko and Michael and said conveyances were done contrary to the terms of the Separation Agreement which provided that neither party should "contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2).

a.   The Mortgages were drafted by the Defendant Attorney Gary Evans who was named in the parties separation agreement as the Attorney who was going to workout the parties unsecured credit card debt, which was to paid with the proceeds of the sale of the marital home.

b.   Such a conveyance was done clearly with the intent to deprive the Defendant Lisa Bayko of her rights to the marital property and rights under the terms of the separation agreement. **Aronson v. Aronson** 25 Mass. App. Ct. 164, 167 (1987), citing **Rice v. Rice**, 372 Mass. 398, 400 (1977).

5.   There are no other liens against Lisa Bayko's interest. The IRS has released Lisa Bayko of any and all tax obligations and said liens are against Jeffery Bayko's interest only. Attorneys Christine Ann Faro and Charles Rotondi will take form Lisa Bayko's share of proceeds.

**WHEREFORE**, the Defendants Lisa J. Bayko, Christine Ann Faro and Charles Rotondi respectfully request that this Honorable Court allow their motion for partial summary judgment.

In support of aid motion the Defendants submit the following:

A. Defendants Memorandum of Law;

B. Verified Statement of Facts

C. Exhibits:

1. Judgment of Divorce Nisi dated May 24, 2002;

2. Separation Agreement dated May 24, 2002;

3. Order of the Essex County Probate & Family Court (J. Cronin) dated July11, 2002;

4. Mortgage Deed from Jeffrey L. Bayko to Michael J. Bayko and Helen Bayko dated July 19, 2002;

5. Order of the Essex County Probate & Family Court (J. Kaegan) dated May 1, 2003;

6. Mortgage Deed from Jeffrey L. Bayko to Michael J. Bayko and Helen Bayko dated May 25, 2003;

7. Order of the Essex County Probate & Family Court (J. Cronin) dated July 2, 2003;

8. Judgment of Contempt (J. DiGangi) dated September 23, 2004;

9. Capias dated September 16, 2004;

10. Notice of Federal Tax Lien Release to Lisa Bayko dated May 25, 2003;

11. Notice of Attorney's Lien (Christine Ann Faro);

12. Notice of Attorney's Lien (Charles Rotondi; and

13. Letters dated October 31, 2004 to Charles Rotondi and Christine Ann Faro from Lisa Bayko

The Defendants, Lisa J. Bayko, Christine Ann Faro and Charles Rotondi, by their Counsel,

_____
CHRISTINE ANN FARO
BBO # 552541
CHARLES ROTONDI
BBO#431260
79 State Street
Newburyport, MA 01950

## VERIFICATION

We, Lisa J. Bayko, Charles Rotondi and Christine Ann Faro, do hereby declare that we have read the foregoing Motion for Summary Judgment and Opposition to the Defendants Motion for Summary Judgment and know the contest thereof. The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 4th day of November 2004 in Essex County, Massachusetts.

_____  _____  _____
LISA J. BAYKO            CHARLES ROTONDI          CHRISTINE ANN FARO

## CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 23rd day of November 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

_____
CHRISTINE ANN FARO

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Eileen McAuliffe
Department of Revenue
Collections Bureau
P.O. Box 7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Michele Rooke, Esq.
Doherty, Wallace, Pillsbury and Murphy, PC
One Monarch Place, Suite 1900
Springfield, MA 2004-01855

Lydia Bottome Turanchik
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110