IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO, MICHAEL J. BAYKO, BANK NORTH GROUP, HANS HAILEY, CHARLES D. ROTONDI, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, THE UNITED STATES OF AMERICA, GARY EVANS, CHRISTINE ANN FARO AND JOHN AQUINO,<br>Defendant | CIVIL ACTION NO. 04-12448 GAO |

**DEFENDANTS', LISA J. BAYKO, CHRISTINE ANN FARO
AND CHARLES ROTONDI'S, MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF FACTS**

**The Separation Agreement**

A Judgment of Divorce Nisi entered on May 24, 2002 as to the Defendants Lisa J. Bayko and Jeffrey L. Bayko, Sr. The Separation Agreement survived the Judgment of Divorce Nisi as an independent contract (Exhibit 1, Separation Agreement Article IV Paragraph C) with the exception of issues regarding health insurance, alimony, child custody, support and maintenance and visitation merged. The Agreement further stated that, "any breach of any term or terms of the within Agreement shall give either party the

right to take immediate action, either in law or in equity, concerning such breach." (Exhibit 1, Separation Agreement Article III Paragraph M1).

The Separation Agreement further provided that:

a. The marital residence at 7A Graham Avenue, Newbury, MA was to be sold and the proceeds were to be divided pursuant to Article III, Section G, Paragraph 1;

b. The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)

c. The liabilities of the parties were outlined in their respective financial statements and the Separation agreement provided that $66,000.00 was to be set aside from the sale of the marital home for the payment of joint marital debt and Attorney Gary Evans was named as Escrow Agent and the Attorney to represent both parties in working out the debt. (Separation Agreement, Article III, Section G, addendum)

d. Pursuant to the terms of the Separation Agreement the Plaintiff Lisa J. Bayko was to receive one-half of the net proceeds from the sale of the marital home plus over $13000.00 in back child support, $13,200.00 representing one years child support in advance, $9,000.00 representing her one-half of a settlement from the Defendant's sales proceeds from the marital home. (Separation Agreement, Article III, Section G, paragraphs 1.

  e. The term of the separation agreement survived as an independent contract except those provisions regarding the children and child support, which be set aside from the sale of the marital home for the payment of joint marital debt. (Separation Agreement, Article III, Section G, addendum)

  d. Pursuant to the terms of the Separation Agreement the Defendant was obligated to repay the Plaintiff credit card debt that was incurred by the Defendant and paid off by the Plaintiff. (Separation Agreement Article III, Section J).

The marital estate consisted primarily of the marital home at 7A Graham Ave., Newbury, Massachusetts. Pursuant to the terms form the separation agreement the marital home was to be sold and proceeds were to be split. (On July 11, 2002, "the Court that security provided at Article III 4.1(c) which provides "…one years <u>advanced</u> payment of child support…(emphases added) is for prospective payment using monies received from the sale of the real estate, when and if received. It is <u>not</u> interpreted as being for a retroactive payment back to 5/24/02, as Father argues."" (Exhibit 3, Order dated July 11, 2002) On or about May 1, 2003 the Court (J. Kaegan) ordered that any and all proceeds that the Defendant was to receive from the sale of the marital home was to be held in escrow. (Exhibit 5, Order dated May 1, 2003)

On July 2, 2003, the parties stipulated tat any and all unpaid college tuition and uninsured medical expenses of the minor children would be paid out of the Defendant Jeffrey Bayko's share of the proceeds from the marital home. (Exhibit 7, Order dated July 2, 2004)

### The Foreclosure

On or about March 17, 2003, the holder of the Mortgage, GMAC, commenced foreclosure proceedings with regards to the marital property for failure to pay mortgage; the foreclosure sale has been continued several times and is currently scheduled for September 15, 2003 at 1:00 p.m. with no further continuances. On September 15, 2003, the Defendant Jeffrey L. Bayko, Sr. filed Bankruptcy pursuant to 11 U.S.C. . (Said Bankruptcy was dismissed on March 5, 2004.) GMAC foreclosed on the property on March 12, 2004 and the property was sold at auction for $307,500.00 and there are surplus funds of $186,742.59. Bank North Group is a holder of a mortgage from Lisa J. Bayko and Jeffrey L. Bayko to Family Bank, FSB, dated April 24, 1997 in the principal amount of $15,000 and recorded in Book 14068, page 475. The only joint secured debt of the parties is the BankNorth Group mortgage.

On July 16, 2002, the Defendant Jeffrey L. Bayko, Sr. encumbered the property at 7A Graham Ave., Newbury Massachusetts by granting to the Defendants, Michael Bayko and Helen Bayko, a mortgage in the amount of $46,360.00. (Exhibit 4, Mortgage Deed dated May 23, 2002). On May 25, 2003, the Defendant Jeffrey L. Bayko conveyed a second mortgage to his parents Helen Bayko and Michael Bayko in the amount of $6,300.00. (Exhibit 6, Mortgage Deed dated July 19, 2003).

On or about May 1, 2003 the IRS placed a lien on 7A Graham Ave., Newburyport, MA as to the Defendant Jeffrey Bayko's interest in the amount of $47,196.80 for taxes owed in 2000 and 2001.

On May 1, 2003, the IRS released the Defendant Lisa J. Bayko. (Exhibit 10, IRS Lien Release) The liens against the Defendant Lisa J. Bayko interest in the property are

the Attorneys Liens for Charles Rotondi and Christine Ann Faro. (Exhibits 11 & 12, Attorneys Liens) Acknowledging the liens, the Defendant Lisa J. Bayko has authorized continued representation. (Exhibit 13, Client Letters dated October 31, 2004)

### Monies Owed to the Defendant Lisa Bayko

It is undisputed that the Defendant Lisa Bayko is entitled to one half of the proceeds less her share of the amounts owed to BankNorth. Once the parties became divorced, by operation of law the property title was transferred from Tenants by the Entirety to Tenants in Common. Each party has a one-half interest.

On September 23, 2004, the Probate & Family Court (J. DiGangi) found the Defendant Jeffrey Bayko in contempt for having conveyed the two mortgages and found the mortgages to be invalid. (Exhibit 8, Contempt Judgment dated September 23, 2004) On September 23, 2004 the Probate & Family Court (J. DiGangi) found the Defendant Jeffrey Bayko in contempt for failing to pay child support owing $28,859.89 in unpaid child support. (Exhibit 8, Contempt Judgment dated September 23, 2004).

On September 16, 2004, the Court issued a Capias for the Defendant Jeffrey L. Bayko, Sr. (Exhibit 9, Capias dated September 16, 2004).

The Plaintiff has not received any child support payments since April 4, 2003 and pursuant to the terms of the Separation Agreement and other post judgment orders is currently owed from the Defendant's share of the proceeds as follows:

a. Child Support arrears in the amount of $28,859.89 (including the $13,000.00 in unpaid support cited in the Separation Agreement dated May 24, 2002);

    b.    College tuition in the amount of $2,355.00 for the first semester 2002-2003 and $2,355.090 for second semester 2002-2003 (Separation Agreement dated May 24, 2001 and Order of July 2, 2003);

    c.    Pursuant to the terms of the Separation agreement $9,000.00 for settlement proceeds;

    d.    Pursuant to the terms of the separation agreement $6,000.00 for the Defendant's credit card liabilities that were paid for by the Plaintiff (Article III Section J).

## II.   ARGUMENT

### A.   In General

Summary Judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422, 456 N.E. 2d 1123 (1983); Community Bank v. Dawes, 369 Mass. 550, 553, 340 N.E. 2d. 877 (1976); Mass. R. Civ. P. 56(c). Once the moving party has affirmatively demonstrated that he is entitled to judgment as a matter of law, the burden falls on the non-moving party to show that a material issue of fact remains in the case. The nonmoving party's failure to produce evidence regarding a triable issue of fact mandates summary judgment in favor of the moving party. Kourvalis v. General Motors Corp., 410 Mass. 706, 711 (1991).

## B. The Separation Agreement Dated May 24, 2004 takes precedent over the Mortgages that were conveyed to the Defendants Michael Bayko and Helen Bayko and IRS Lien

It is the Defendant Lisa Bayko's contention is that one half of the foreclosure proceeds less her share of the amount due and owing to the Defendant BankNorth should be distributed to her and then she shall be first allowed to take from the Husband's share of the proceeds before the other lien holders.

The Defendant Lisa J. Bayko and Jeffrey L. Bayko Sr.'s Separation Agreement is a valid and binding contract and any and all issues with regards to health insurance, alimony, child custody, support and maintenance and visitation merged into the judgment of divorce. The Judgment of Divorce and the Separation Agreement dated May 24, 2001 predates the mortgages conveyed by the Defendant Jeffrey L. Bayko a to Michael Bayko and Helen Bayko and the IRS Liens. This Court has the jurisdiction to enforce the terms of the Separation Agreement. **Fleming v. Fleming**, 34 Mass.App.Ct. 913 (1993).

### 1. The Mortgages conveyed to Michael Bayko and Helen Bayko are Fraudulent and should be Set Aside

On September 23, 2004, the (Court J. DiGangi) found the Defendant Jeffrey L. Bayko in Contempt for conveying the mortgages to Michael Bayko and Helen Bayko. (Exhibit 8, Contempt Judgment dated September 23, 2004). The Court further stated that the mortgages were invalid.

At the time the mortgages were conveyed, the parties were divorced. Defendant Jeffrey Bayko was ordered not to "contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's

legal representative, property or estate will or may become liable." ( Exhibit 2, Separation Agreement, Article III, Section J, Paragraph 2)  By conveying two mortgages to his parents, Defendants Michael Bayko and Helen Bayko, dated May 25, 2003 and July 16, 2002, he encumbered the marital residence and any and all interests that Lisa J. Bayko may have in his interest.

Defendant Attorney Gary Evans drafted the mortgages on behalf of the Defendants Jeffrey L. Bayko, Michael Bayko and Helen Bayko.  All parties were aware of the divorce and the terms of the separation agreement and Defendant Attorney Gary Evans was named in the Separation Agreement to represent both parties with regards to the workout of the parties' credit card debt.  Such a conveyance was done clearly with the intent to deprive Lisa Bayko of her rights to the marital property and rights under the terms of the separation agreement. **Aronson v. Aronson** 25 Mass. App. Ct. 164, 167 (1987), citing **Rice v. Rice**, 372 Mass. 398, 400 (1977).

It is the Defendant Lisa Bayko's position that that the conveyances were fraudulent with the intent to deprive the Plaintiff of her rights under the terms of the Separation Agreement dated May 24, 2001. **Aronson v. Aronson** 25 Mass. App. Ct. 164, 167 (1987) (One month after filing for divorce, husband transferred property to a trust for $100.00 retaining a beneficial interest and failed to disclose said transfer to Wife.) Under the Uniform Fraudulent Conveyance Act, G.L.c. 109A, a creditor can petition to set aside any conveyance made without "fair consideration," see G.L.c. 109A, § 3, which, is "made . . .with actual intent . . . to hinder, delay or defraud either present or future creditors." See G.L.c. 109A, § 7. "[W]here a divorce is imminent, a spouse may be a 'creditor' under the . . .Act, . . . entitled to complain of conveyances designed to

frustrate the right to alimony or assignment of property. **Jordan v. Ball**, 357 Mass. 468, 470-471 (1970). **Tsomides v. Tsomides**, 3 Mass. App. Ct. 750 (1975)." See **Bak v. Bak**, 24 Mass. App. Ct. 608, 624 (1987), citing **Dumont v. Godbey**, 382 Mass. 234, 237 (1981). In **Bak**, supra, the court had ordered either party "from encumbering, transferring, or conveying all or any portion of the real estate....without the express authorization of this Court." The Court found that the Husband's conveyance of property was in anticipation of imminent divorce proceedings and was to insulate it from any claim of the Wife and therefore fraudulent.

## C. CONCLUSION

Wherefore, the Defendants Respectfully request that this Honorable Court release Lisa Bayko's one-half share less her share of what is owed to BankNorth and any monies that are owed from Jeffrey Bayko's share pursuant to the terms of the separation agreement and other orders of the Probate & Family Court.

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 23rd day of November 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Motion for Summary Judgment *memorandum in support of* upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

Respectfully submitted
The Defendants, Lisa
Bayko, Charles Rtonodi &
Christine Ann Faro by their
Counsel

CHRISTINE ANN FARO
BBO # 552541
CHARLES RONTODI
BBO # 431260
79 State Street
Newburyport, Ma 01950
(978) 462-4833

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA 02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02114

Department of Revenue
Collections Bureau
P.O. Box 7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA 01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA 01833

BankNorth Group
P.O. Box 1503
Orleans, MA 02653

Internal Revenue Service
P.O. Box 9112
Stop 20800
Boston, MA 02203

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110

_____
CHRISTINE ANN FARO