IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO, BANK<br>NORTH GROUP, HANS HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE<br>ANN FARO AND JOHN AQUINO,<br>Defendant | CIVIL ACTION NO. 04-12448 AO |

## DEFENDANT'S LISA BAYKO, CHRISTINE ANN FARO AND CHARLES ROTONDI'S VERIFIED STATEMENT OF FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

1.  The Defendant's Jeffrey Bayko and Lisa Bakyo were divorced on May 24, 2002. A Judgment of Divorce Nisi entered on which survived as an independent contract with the exception of those provisions relating to health insurance, alimony, child custody, support and maintenance and visitation children, which were merged into the judgment of divorce. With regards to the property division and liabilities of the parties the agreement stated summarily in pertinent part:

    "The balance of the proceeds shall be divided equally between the Husband and the Wife, but only after the is paid the following from said proceeds:

a. The entire amount for delinquent child support payments owed through the date of this Agreement is adopted by the Essex County Probate & Family Court. The delinquent child support through April 26, 2002 is $13,200.00.

b. The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim.

c. The sum of $13,000.00 shall be deducted from Husband's one-half share shall represent one year's advanced payment of child support.

d. The parties agreed that "he or she shall neither contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2)

e. From the Proceeds of the sale of the marital home, $66,000.00 shall be given to Attorney Gary Evans to be held in escrow. Attorney Gary Evans shall negotiate payment of the "marital debt." He shall than pay the "marital debt" and, after deducting his fees for those services, pay the remaining portion in equal shares to the parties. "Marital debt" shall mean those liabilities listed on the

financial statement of the Husband filed on May 30, 2001. (Exhibit 2, Separation Agreement, Article III, Section G, Continued).

(Exhibit Nos. 1 & 2 , Judgment of Divorce Nisi and Separation Agreement dated May 24, 2002 and Exhibit 3, Order of July 11, 2002)

2. Defendant Attorney Gary Evans was named in the Separation Agreement to represent both Jeffrey L. Bayko and Lisa Bayko with regards to the work-out of the parties "marital debt."

3. As of May 24, 2002, Defendant Attorney Gary Evans had full knowledge of the parties' divorce and terms of the separation agreement.

4. As of May 24, 2002, Defendant Attorney Gary Evans had a fiduciary duty to the Plaintiff Lisa Bayko.

5. Upon entry of the Judgment of Divorce Nisi, by operation of law the tenancy of the marital home at 7A Graham Ave, Newbury, MA was converted from a Tenancy by he Entirety to a Tenancy in Common, each party having a one-half interest in the property with no rights of survivorship.

6. On or about July 19, 2002, the Defendant Jeffrey Bayko, Sr. encumbered the property at 7A Graham Ave., Newbury, Massachusetts by granting to the Defendants, Michael Bayko and Helen Bayko, a mortgage in the amount of $46,360.00. Said

Mortgage was drafted and notarized by Attorney Gary Evans. Mortgage dated July 19, 2002, Exhibit Three.

7. Defendant Attorney Gary Evans drafted the mortgage, mortgage deed and notarized the same.

8. On May 1, 2003, the Court (J. Kaegan) ordered, "when the marital home is sold, the Defendant share of the net proceeds shall beheld in escrow both plaintiff's and Defendant's counsel pending further order of the Court." (Order dated May 1, 2003, Exhibit 5)

9. On or about May 25, 2003, the Defendant Jeffrey Bayko, Sr. encumbered the property at 7A Graham Ave., Newbury, Massachusetts by granting to the Defendants, Michael Bayko and Helen Bayko, a mortgage in the amount of $6,304.00. Said Mortgage was drafted and notarized by Attorney Gary Evans. (Mortgage dated, May 25, 2003, Exhibit 6)

10. On May 25, 2003, Attorney Gary Evans drafted a mortgage, mortgage deed and notarized the same.

11. On July 2, 2003, the parties' stipulated that "any uninsured medical and college expenses owed by the [Jeffrey Bayko] shall be paid out of the monies held in the escrow account Order dated 5/1/03)." (Exhibit 7, Order dated May 1, 2003)

12. On September 23, 2004, the Probate & Family Court (J. DiGangi) found the Defendant Jeffrey Bayko in contempt for having conveyed the two mortgages and found the mortgages to be invalid. (Exhibit 8, Contempt Judgment dated September 23, 2004)

13. On September 23, 2004 the Probate & Family Court (J. DiGangi) found the Defendant Jeffrey Bayko in contempt for failing to pay child support owing $28,859.89 in unpaid child support. (Exhibit 8, Contempt Judgment dated September 23, 2004)

14. On September 16, 2004, the Court issued a Capias for the Defendant Jeffrey L. Bayko, Sr. (Exhibit 9, Capias dated September 16, 2004)

15. The marital home was to be sold at foreclosure in October of 2003 but was stalled by the filing of Jeffrey Bayko's bankruptcy.

16. On September 15, 2003, the Defendant Gary Evans filed at Chapter 13 Bankruptcy on behalf of the Defendant Jeffrey Bayko, Sr., which was converted to a Chapter Seven.

17. Jeffrey Bayko's bankruptcy has been dismissed (the Trustee having abandoned any interest in the property) in March of 2004.

18. GMAC foreclosed on the property on March 12, 2004 and the property was sold at auction for $307,500.00 and there are surplus funds of $186,742.59.

19. Bank North Group is a holder of a mortgage from Lisa J. Bayko and Jeffrey L. Bayko to Family Bank, FSB, dated April 24, 1997 in the principal amount of $15,000 and recorded in Book 14068, page 475.

20. The only joint secured debt of the parties is the BankNorth Group mortgage.

21. The Defendant Lisa Bayko was released of any and all obligations to the Defendant United States of America, Internal Revenue Service. Exhibit No.. See releases, Exhibit No. 10.

22. The Defendant Lisa J. Bayko is entitled to one-half of the net proceeds of 7A Graham Ave., Newbury less her one-half obligation to Bank North.

23. Pursuant to the Judgment of Divorce Nisi and other orders of the Court the Defendant Lisa Bayko is entitled to take from Jeffrey Bayko's share of the proceeds:

One year's child support in advance:
Separation Agreement dated 5/24/04:              $13,000.00

Child Support Arrears, Contempt
Judgment dated September 23, 2004,
which, includes $18,000.00
Separation Agreement:                            $28,859.89

College Tuitions; Separation Agreement

And Order dated July 7, 2003           $ 4,710.90


Defendant's Credit Card Liabilities

Separation Agreement:                  $ 6,000.00


Joint Credit Card Debts

Separation Agreement                   $33,000.00


24.     The Defendant Charles Rotondi, is a holder of Attorney's Lien against Lisa Bayko dated February 11, 2003 and recorded in Book 20391, page 444. (Exhibit 12)

25.     The Defendant Christine Ann Faro, is a holder of Attorney's Lien against Lisa Bayko dated October 2, 2003 and recorded in Book 21911, page 222. (Exhibit 11)

26.     Defendant Lisa Bayko agreed to the continued representation of Attorneys Christine Ann Faro and Charles Rotondi. (Exhibit 12)

The Defendants, Lisa J. Bayko, Christine Ann Faro and Charles Rotondi, by their Counsel,

/s/ Christine Ann Faro
CHRISTINE ANN FARO
BBO # 552541
CHARLES ROTONDI
BBO #431260
79 State Street
Newburyport, MA 01950

## VERIFICATION

We, Lisa J. Bayko, Charles Rotondi and Christine Ann Faro, do hereby declare that we have read the foregoing Statement of facts in support of their Motion for Summary Judgment ~~and Opposition to the Defendants Motion for Summary Judgment~~ and know the contest thereof. The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 4th day of November 2004 in Essex County, Massachusetts.

/s/ Lisa J. Bayko        /s/ Charles Rotondi        /s/ Christine Ann Faro
LISA J. BAYKO           CHARLES ROTONDI          CHRISTINE ANN FARO

## CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 23rd day of November 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

/s/ Christine Ann Faro
CHRISTINE ANN FARO

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Eileen McAuliffe
Department of Revenue
Collections Bureau
P.O. Box 7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Michele Rooke, Esq.
Doherty, Wallace, Pillsbury and Murphy, PC
One Monarch Place, Suite 1900
Springfield, MA 2004-01855

Lydia Bottome Turanchik
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110