COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION # ESCV2004-01855

GMAC MORTGAGE CORPORATION, )
    Plaintiff )
  )
v. )
JEFFREY L. BAYKO, SR. LISA J. BAYKO )
HELEN E. BAYKO, MICHAEL J. BAYKO, )
BANKNORTH GROUP, HANS R. HAILEY, )
CHARLES D. ROTONDI, COMMONWEALTH )
OF MASSACHUSETTS DEPARTMENT OF )
REVENUE, THE UNITED STATES OF )
AMERICA, GARY EVANS, CHRISTINE ANN )
FARO, AND JOHN AQUINO, )
    Defendants, )

## VERIFIED MOTION FOR PARTIAL SUMMARY JUDGMENT

1. Defendants, Michael J. Bayko and Helen E. Bayko, hold secured interests on the proceeds of the real property located at 7A Graham Ave., Newbury, Massachusetts. GMAC Mortgage Corporation, the first mortgage holder has asked this Honorable Court to determine the priorities and order payment. Wherefore, the Defendants submit the following evidence of their claims and ask for judgment.

### July 19, 2002 Mortgage
(recorded August 12, 2002)

2. Michael J. Bayko and Helen E. Bayko seek principal in the amount of $46,360.00, interest in the amount of $6,258.60, and attorneys' fees in the amount of $12,124.66.

Principal

3. The principal amount due on the July 19, 2002 Promissory Note is $46,360.00. This is

evidenced by an acknowledged Promissory Note dated July 19, 2002 and a certified copy of Mortgage Deed, recorded at the Essex Registry of Deeds, Southern District, August 12, 2002 at 8:49 A.M at Book 19056, Page 153. **(Exhibit 1, July 19, 2002 Promissory Note) (Exhibit 2, Certified Copy of Mortgage Deed dated July 19, 2002)** Michael J. Bayko and Helen E. Bayko certify by this Verified Motion that no payments have been made on this note.

Interest

4. Interest due through October 19, 2004 is $6,258.60. This is based on the Six (6%) Percent per annum quoted in the Promissory Note. The Note does not clearly indicate whether interest is compound; therefore, the calculation is based on simple interest.) **(See Exhibit 1)**

Attorneys' Fees

5. In August of 2003, it became apparent that the former marital home would be sold either at auction or by agreement. Most of the funds advanced by Michael J. Bayko and Helen E. Bayko were used by their son to pay child support and attorneys' fees related to the divorce of Jeffrey Bayko and Lisa Bayko. In fact, the second mortgage can be precisely traced from Mr. and Mrs. Bayko's bank account to the DOR in an amount necessary to pay back child support and get Jeffrey out of jail. Nevertheless, Lisa Bayko took the position that Michael J. Bayko and Helen E. Bayko should be enjoined from enforcing their mortgages. August 13, 2003, Lisa Bayko filed an "Emergency Ex-Parte Motion to Revoke Mortgages" in the closed divorce of Lisa J. Bayko and Jeffrey L. Bayko, Sr. (Essex Probate and Family Court Docket # 01D 0875 DV1). The motion sought to invalidate Michael and Helen Bayko's mortgages without joining them or even noticing them.
The Probate and Family Court denied that motion.

6. Next, she filed a "Complaint in Equity to Set Aside Fraudulent Conveyance to Declare the Mortgages Between Jeffrey L. Bayko and Helen & Michael Bayko Null and to Enforce the Terms of a Judgment of This Court". That Complaint was followed September 3, 2003, by Lisa Bayko's thirteen page "Motion for Injunctive Relief to Enjoin Defendants Helen Bayko and Michale [sic] Bayko from Enforcing Mortgages and to Revoke Mortgages" in the Essex County Probate and Family Court (Docket # 03E 0076 GC1).

7. Ms. Bayko refused offers to close the sale and escrow the funds pending litigation, the preliminary injunction was denied, and the foreclosure sale went through.

8. In the intervening months, numerous motions were filed and several hearings held before the Probate and Family Court. Finally, the Probate and Family Court acted on Michael J. and Helen E. Bayko's Motion to Dismiss (originally served on September 8, **2003** and repeatedly reasserted). On September 15, **2004**, the Probate and Family Court dismissed the equity complaint.

9. During the course of more than a year of litigation, Defendants, Michael J. Bayko and Helen E. Bayko, incurred and paid attorney's fees and costs in the amount of $10,124.66. This does not include attorneys' fees and costs related to this Interpleader action. If the Interpleader is uncontested, fees and costs for drafting and filing an Answer and Motion for Summary Judgment and for appearing at a hearing to determine the various anticipated claims are estimated to be an additional $2,000.00.

May 9, 2003 Note
(recorded July 8, 2003)

Principal

10. The principal amount due on the May 9, 2003 Promissory Note is $6,300.00. This is evidenced by an acknowledged Promissory Note dated May 9, 2003 and a certified copy of Mortgage Deed, Recorded at the Essex Registry of Deeds, Southern District, July 8, 2003 at 8:13 A.M in Book 21193 at page 386 **(Exhibit 3, May 9, 2003 Promissory Note) (Exhibit 4, Certified Copy of Mortgage Deed)** Michael J. Bayko and Helen E. Bayko certify by this Verified Motion that no payments have been made on this note.

Interest

11. Interest due through October 9, 2004 is $535.50. This is based on the Six (6%) Percent per annum quoted in the Promissory Note. The note does not clearly indicate whether interest is compound; therefore, the calculation is based on simple interest. **(See Exhibit 1)**

WHEREFORE, Defendants, Michael J. Bayko and Helen E. Bayko, respectfully request that this Court grant them Judgment on their mortgages and distribute funds owed to them and secured by their mortgages.

Specifically, Michael J. Bayko and Helen E. Bayko seek $71,578.76 plus interest from the date

of this pleading and their attorney's fees and costs for this phase of the collection process:

    a.    $46,360.00 being the principal on their July 19, 2002 Note and Mortgage. (Recorded August 12, 2002.)

    b.    Interest to the date of payment as provided in their July 19, 2002 Note and Mortgage. (Interest to date is currently $6,258.60.)

    c.    Attorneys' fees and costs as provided in their July 19, 2002 Note and Mortgage. (Attorneys' fees and costs paid to date, before including the costs related to this Interpleader Action are: $10,124.66. These fees are related to litigation brought by Defendant Lisa Bayko beginning in August of 2003 all of which were ultimately dismissed or otherwise disposed of in September of 2004 by the Probate and Family Court.)

    d.    $6,300 being the principal on their May 9, 2003 promissory note and mortgage recorded July 8, 2003.

    e.    Interest from the date of the Note to the date of final payment. (Interest to date is currently $535.50.)

    f.    Attorneys' fees and costs for responding to this Interpleader ($2,000 estimate included).

Respectfully submitted,
Michael J. Bayko and Helen E. Bayko
by their attorney,

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO No. 563244

Dated: October 26, 2004

## VERIFICATION

We, Michael J. Bayko and Helen E. Bayko, do hereby declare that we have read the foregoing Motion and know the contents thereof. The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing s true and correct and that this declaration was executed on this _26_ day of October, 2004 in Essex County, Massachusetts.

_____           _____
Michael J. Bayko                                                    Helen E. Bayko

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 26th day of October, 2004, I served a the foregoing Verified Motion for Partial Summary Judgment, by mail a copy first class mail, postage prepaid to: Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Jeffrey L. Bayko, Sr. c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Lisa Bayko c/o Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Banknorth Group, P.O. Box 1503, Orleans, MA 02653; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204; United States of America, Internal Revenue Service, P.O. Box 9112, Stop 20800, Boston, MA 02203; Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Attorney Christine Faro, 79 State Street, Newburyport, MA 01950; and Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.