COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. ESCV 2004-01855

*04-cv-12448 6A*

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO, BANK<br>NORTH GROUP, HANS HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE<br>ANN FARO AND JOHN AQUINO,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT'S LISA BAYKO, CHRISTINE ANN FARO
AND CHARLES ROTONDI'S VERIFIED MOTION FOR
SUMMARY JUDGMENT AND OPPOSITION TO THE
DEFENDANT HELEN BAYKO AND MICHALE BAYKO'S
MOTION FOR SUMMARY JUDGMENT

Now come the Defendants, Lisa J. Bayko, Christine Ann Faro and Charles

Rotondi and move for summary judgment pursuant to Mass. R. Civ. P. 56(b) and as

reasons for said motion they state as follows:

1.      There is no genuine issue of material fact as a matter of law as to the

distribution of the foreclosure proceeds that Lisa J. Bayko is entitled to receive. The

Judgment of Divorce Nisi incorporated but did not merge the terms of the separation

agreement and survived as an independent contract except those provisions relating to

health insurance, alimony, child custody, support and maintenance and visitation children

which merged. The Separation Agreement made provision as to the distribution of the

proceeds from the sale of the marital home and Defendant Lisa Bayko is entitled to:

    a.    Lisa Bayko is entitled to one half of the proceeds less her one-half of the
amount due to BankNorth.

2.    The Judgment of Divorce Nisi, which incorporated the Separation Agreement,

made provisions as to amounts to be paid to Lisa Bayko out of Jeffrey Bayko's share of

the proceeds from the marital home as follows:

    a.    Child Support arrears in the amount of $28,859.89 (including the
$18,000.00 cited in the Separation Agreement dated May 24, 2002);

    b.    College tuition in the amount of $2,355.00 for the first semester 2002-
2003 (Separation Agreement dated May 24, 2002 and Order of July 2, 2003);

    c.    College tuition in the amount for $2,355.090 for second semester 2002-
2003 (Separation Agreement dated May 24, 2002 and Order of July 2, 2003);

    d.    $13,000.00 for one years child support in advance;

    e.    $9,000.00 for settlement proceeds;

    f.    $6,000.00 for the Defendant's credit card liabilities that were paid for by
the Plaintiff (Article III Section J).

3.    The separation agreement also provided that $66,000.00, $33,000.00 each, was to

be set aside from the sale of the marital home for the payment of joint marital debt and

Defendant Attorney Gary Evans was named as Escrow Agent and the Attorney to

represent both parties in working out the debt. (Separation Agreement, Article III,

Section G, addendum)

4.    The Defendants Christine Ann Faro and Charles Rotondi have secured attorneys liens and will take from Lisa Bayko's proceeds.

The Defendants Lisa Bayko, Christine Ann Faro and Charles Rotondi oppose the Defendants Helen Bayko and Michael Bayko's Motion for Partial Summary Judgment as follows:

1.    The Judgment of Divorce Nisi dated May 24, 2002,which incorporated terms of the Separation Agreement, predates the mortgages conveyed by the Defendant Jeffrey L. Bayko to the Defendants Helen Bayko and Michael Bayko.

2.    The Mortgages conveyed by the Defendant Jeffrey L. Bayko to the Defendants Helen Bayko and Michael Bayko were done contrary to the terms of the Separation Agreement which provided that neither party should "contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2).

3.    The Mortgages were drafted by the Defendant Attorney Gary Evans who was named in the parties separation agreement as the Attorney who was going to workout the parties unsecured credit card debt, which was to paid with the proceeds of the sale of the marital home.

4.      Such a conveyance was done clearly with the intent to deprive the Defendant Lisa Bayko of her rights to the marital property and rights under the terms of the separation agreement. **Aronson v. Aronson** 25 Mass. App. Ct. 164, 167 (1987), citing **Rice v. Rice**, 372 Mass. 398, 400 (1977).

WHEREFORE, the Defendants Lisa J. Bayko, Christine Ann Faro and Charles Rotondi respectfully request that this Honorable Court allow their motion for summary judgment and deny the Defendant Helen Bayko and Michael Bayko's Motion for partial summary judgment.

In support of aid motion the Defendants submit the following:

A. Verified Statement of Material Facts not in dispute pursuant to Mass. Rule of Civ. P. 56 and Superior Court Rule 9A;

B. Defendants Memorandum of Law;

C. Exhibits:

1.      Judgment of Divorce Nisi dated May 24, 2002;

2.      Separation Agreement dated May 24, 2002;

3.      Order of the Essex County Probate & Family Court (J. Cronin) dated July11, 2002;

4.      Mortgage Deed from Jeffrey L. Bayko to Michael J. Bayko and Helen Bayko dated July 19, 2002;

5.      Order of the Essex County Probate & Family Court (J. Kaegan) dated May 1, 2003;

6.      Mortgage Deed from Jeffrey L. Bayko to Michael J. Bayko and Helen Bayko dated May 25, 2003;

7.   Order of the Essex County Probate & Family Court (J. Cronin) dated July 2, 2003;

8.   Judgment of Contempt (J. DiGangi) dated September 23, 2004;

9.   Capias dated September 16, 2004;

10.  Notice of Federal Tax Lien Release to Lisa Bayko dated May 25, 2003;

11.  Notice of Attorney's Lien (Christine Ann Faro);

12.  Notice of Attorney's Lien (Charles Rotondi; and

13.  Letters dated October 31, 2004 to Charles Rotondi and Christine Ann Faro from Lisa Bayko

The Defendants, Lisa J.
Bayko, Christine Ann Faro
and Charles Rotondi, by their
Counsel,

CHRISTINE ANN FARO
BBO #
CHARLES ROTONDI
BBO#
79 State Street
Newburyport, MA 01950

## VERIFICATION

We, Lisa J. Bayko, Charles Rotondi and Christine Ann Faro, do hereby declare that we have read the foregoing Motion for Summary Judgment and Opposition to the Defendants Motion for Summary Judgment and know the contest thereof. The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 4th day of November 2004 in Essex County, Massachusetts.

LISA J. BAYKO          CHARLES ROTONDI          CHRISTINE ANN FARO

## CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 4th day of November 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the Defendant Helen and Michael Bayko's Motion for Summary Judgment pursuant to Massachusetts Rules of Civil Procedure Rule 56(b) upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid as follows:

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02114

Department of Revenue
Collections Bureau
P.O. Box7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

BankNorth Group
P.O. Box 1503
Orleans, MA 02653

Internal Revenue Service
P.O. Box 9112
Stop 20800
Boston, MA 02203

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110

_____
CHRISTINE ANN FARO