## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12448GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>　　　　　　Plaintiff<br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>BANKNORTH GROUP, HANS R. HAILEY,<br>CHARLES D. ROTONDI, COMMONWEALTH<br>OF MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE ANN<br>FARO, AND JOHN AQUINO,<br>　　　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MICHAEL J. BAYKO AND HELEN E. BAYKO'S OPPOSITION TO "DEFENDANT'S LISA BAYKO, CHRISTINE ANN FARO AND CHARLES ROTONDI'S VERIFIED MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO THE DEFENDANT HELEN BAYKO AND MICHALE [sic] BAYKO'S MOTION FOR SUMMARY JUDGMENT"

NOW COME the Defendants, Michael J. Bayko and Helen E. Bayko (hereinafter referred to as

"Michael and Helen"), holders of two mortgages, and object to what purports to be a Motion for

Summary Judgment filed in the same document as an Opposition to a prior Motion for Summary

Judgment served by the Baykos in the Essex County Superior Court action.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 1 of 8

**Procedural History**

The Interpleader Complaint here was originally filed in the Superior Court for Essex County,

Massachusetts. The Plaintiff has foreclosed on real property located at 7A Graham Avenue,

Newbury, Massachusetts and seeks to pay excess proceeds into the Court for a determination of

the rights of numerous claimants. Michael and Helen timely filed an Answer to the Interpleader

in the Essex County Superior Court.

In Massachusetts Superior Court, motions must be filed in accordance with Superior Court Rule

9A. The moving party serves all other parties with his motion. He then waits the requisite time

(20 days for Motions for Summary Judgment) for oppositions to be served on him. The Motion

is then filed, as a package, with any Oppositions.

Michael and Helen served all named parties with a Motion for Summary Judgment. (As the

Internal Revenue Service was a named party and The United States of America was not, the

Internal Revenue Service was served. The United States of America was not served until today.)

The case was removed to the District Court one day after the deadline for serving any

oppositions on Bayko's counsel (and prior to filing with the Essex Superior Court). Therefore,

Michael and Helen's Motion for Summary Judgment and Oppositions have been filed today in

the District Court.

Michael and Helen's Objection here is silent on that portion of Lisa Bayko, Christine Ann Faro

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 2 of 8

and Charles Rotondi's pleading that objects to Michael and Helen's Motion for Summary

Judgment. It is limited to responding to that portion of the pleading that purports to be a separate

Motion for Summary Judgment.

## **Argument**

1.     Attorney Christine Ann Faro, Lisa Bayko and Attorney Charles Rotondi Lack Standing to File Motion for Summary Judgment.

It appears that none of the three individuals (Attorney Christine Ann Faro, Lisa Bayko, and

Attorney Charles Rotondi) purporting to file this motion have filed an Answer or an Appearance

in either the Superior Court or this Court. Further, they have not filed any Motions to Dismiss

excusing a late Answer. Although no court has yet declared a default, their Answer to the

Complaint should have been filed with the Court and served on all named parties. Therefore,

they are not parties and have no standing to bring this action. Further, it is unclear who

represents whom from the pleadings filed here. The signature line on the Motion suggests that

Christine Ann Faro and Charles Rotondi are counsel to Christine Ann Faro, Charles Rotondi and

Lisa J. Bayko. The Certificate of Service claims that Christine Ann Faro is "attorney for

Defendants". Clearly, she does not represent all of the Defendants in this case.

2.     Failure to State A Claim Upon Which Relief May be Granted.

To the extent that the November 4, 2004 pleading labeled 'Defendant's Lisa Bayko, Christine

Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the

Defendant Helen Bayko and Michale [sic] Bayko's Motion for Summary Judgment' purports to

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 3 of 8

be a Motion for Summary Judgment, it must fail.

a.   The moving individuals seek summary judgment in a matter in which they have filed no claims, cross claims, counterclaims or answer. They have not joined as parties to this action. There is nothing on which they seek judgment.

b.   The moving individuals divide their pleading here into two sections. The first purports to be the Motion for Summary Judgment. The second an opposition to Michael and Helen's Motion for Summary Judgment. Their motion contains four numbered allegations. The first three allegations make legal and factual claims regarding a divorce. (To the extent that the allegations could be considered claims in this matter, Michael and Helen deny them and call upon the moving individuals to prove same.) The fourth paragraph claims that Christine Ann Faro and Charles Rotondi have secured attorneys liens against Lisa Bayko's proceeds. (To the extent that this could be considered a claim, Michael and Helen deny it and call upon the moving individuals to prove same.) Thus, their interest appears to rest entirely upon Lisa J. Bayko's equity.

Nowhere, within the four corners of their Motion for Summary Judgment, do Lisa J. Bayko, Charles Rotondi, and Christine Ann Faro make a claim for the proceeds of the foreclosure sale or state the basis of their claim.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 4 of 8

In support of their Motion for Summary Judgment, Lisa Bayko, Christine Ann Faro and Charles Rotondi offer a 'Verified Statement of Facts'. The facts alleged in this statement relate mostly to a divorce between Jeffrey Bayko and Lisa Bayko.    Michael and Helen have never been parties to that action. Most of the facts alleged are irrelevant to this Interpleader. (Nevertheless, to the extent that they may be considered a claim in this action, Michael and Helen deny them and call upon the moving individuals to prove them.)

However, Michael and Helen wish to specifically address Paragraph 13. "On September 23, 2004, the Probate & Family Court (J. DiGangi) found Defendant Jeffrey Bayko in contempt for having conveyed the two mortgages and found the mortgages to be invalid."    This decision does not bind Michael and Helen as they were not parties to the divorce action. Further, they did not have notice of the hearing at which the decision was made. In fact, the decision was made by a Circuit Judge covering for the Trial Judge. The Trial Judge (Judge John Cronin) had previously, sua sponte, in response to an ex-parte motion, dismissed the action to determine of the validity of the mortgages under the divorce docket. He found that the mortgages (fraudulent transfer claims) should be handled in an equity action.    After the equity action was opened, the Trial Judge granted Michael and Helen's motion and dismissed the mortgage claim determining that the Probate and Family Court lacked subject matter jurisdiction.    That dismissal included an order that the Interpleader be filed in the Superior Court (a court with jurisdiction). Thus, the Circuit Judge, acting in a Contempt hearing against Jeffrey Bayko, either ex-parte, or at least without notice to the mortgage holders, unwittingly reversed the Trial Judge, ignored the Trial

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 5 of 8

Judge's finding that he lacked jurisdiction and purported to invalidate the mortgages.    A copy of the Motion for Reconsideration is attached hereto as Exhibit 1. (For evidentiary purposes, the Probate Court pleadings, other than Judge DiGangi's order, which are exhibits to the Motion for Reconsideration are certified copies.).

Finally, these individuals have filed "Defendants', Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Memorandum of Law in Support of its Motion for Summary Judgment and Opposition to the Defendants Michael and Helen Bayko's Motion for Summary Judgement". Michael and Helen ask that the Court strike that document as irrelevant. The document includes an additional, unattested Statement of Facts and an Argument section. The Argument section attempts to make claims against property interests held by other parties. These claims appear for the first and only time in a supplemental filing supporting the Motion for Summary Judgment. There is no proper pleading which requires an answer. There is no crossclaim or counterclaim. There is not even any claim in the Motion for Summary Judgment itself. The claims are unsupported by the evidence and factually inaccurate.

The first claim is that Jeffrey Bayko violated his divorce agreement when he encumbered his share of the property. Even if true, that claim is not linked to the priority of mortgages recorded by a bonafide purchaser for value. (For example, one who advanced money, used by Jeffrey to pay his child support, in exchange for a note secured by Jeffrey's equity in the property).    The second is that the mortgages are invalid as fraudulent. In short, that Jeffrey committed fraud

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 6 of 8

when he encumbered the property allegedly against his settlement agreement.    It is unclear who Jeffrey is alleged to commit fraud against.  It is also not relevant to the claims of the creditors as there is no allegation that Michael or Helen committed fraud.

## Conclusion

The individuals filing this motion are not yet parties; therefore, a motion for summary judgement is inappropriate.  No claims have been made by these individuals in the form of a complaint, counterclaim, cross claim or answer.  The Motion for Summary Judgment, when extracted from the multipurpose pleading, makes no claims.  Yet, it appears that these three individuals, with apparently conflicting interests, wish to use unsupported and irrelevant 'facts' and allegations scattered throughout the various interconnected pleadings to influence the court to make a disposition of the property different than that which would be based on record title.
The motion should be dismissed with prejudice.

## Request for Oral Argument

Michael and Helen Bayko respectfully request a hearing on their Motion for Summary Judgment, Opposition filed this date with the U.S. District Court along with Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the Defendant Helen and Michael Bayko's Motion for Summary Judgment; and Helen and Michael Bayko's Opposition to Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 7 of 8

Respectfully submitted,
Michael J. Bayko and Helen E. Bayko
by their attorney,

Date:   November 24, 2004

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this _24_ day of November 2004, I served a copy of the enclosed Helen and Michael Bayko's Opposition to Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment; and Request for Hearing, by mailing a copy of the same, first class mail, postage prepaid to: Jeffrey Bayko, Sr., c/o Attorney Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983; Attorney Christine Ann Faro, 79 State Street, Newburyport, MA 01950, individually and as attorney for Lisa Bayko; Attorney Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983, individually; Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Attorney Michele A. Rooke, Doherty, Wallace, Pillsbury and Murphy, P.C., One Monarch Place, Suite 1900, Springfield, MA 011449-1900 attorney for Banknorth Group; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204; Assistant US Attorney Barbara Healy Smith, U.S. Department of Justice, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110; and Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 8 of 8