## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12448GAO

———————————————————— )
GMAC MORTGAGE CORPORATION, )
                         Plaintiff )
v. )
  )
JEFFREY L. BAYKO, SR., LISA J. BAYKO, )
HELEN E. BAYKO, MICHAEL J. BAYKO, )
BANKNORTH GROUP, HANS R. HAILEY, )
CHARLES D. ROTONDI, COMMONWEALTH )
OF MASSACHUSETTS DEPARTMENT OF )
REVENUE, THE UNITED STATES OF )
AMERICA, GARY EVANS, CHRISTINE ANN )
FARO, AND JOHN AQUINO, )
                         Defendants )
———————————————————— )

## MICHAEL J. BAYKO AND HELEN E. BAYKO'S
## OPPOSITION TO THE SECOND MOTION FOR SUMMARY JUDGMENT FILED BY
## LISA BAYKO, CHRISTINE ANN FARO AND CHARLES ROTONDI
## ON NOVEMBER 23, 2004
### (Docket #9)

Now come Michael Bayko and Helen Bayko and object to the second Motion for Summary

Judgment which appears to have been filed on November 23, 2004.

Michael and Helen Bayko note that in the introductory paragraph the movants claim this motion

is brought pursuant to Fed.R.Civ.Pro. Rule 56(b).  In other words, it is a motion for Summary

Judgment by a defending party.  It is not a complaint, counterclaim or crossclaim.  Lisa Bayko,

and those taking through her (Christine Ann Faro and Charles Rotondi) have each admitted that

at the time Michael and Helen Bayko recorded their mortgages against Jeffrey Bayko's interest in

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 1 of 9

7A Graham Street, Newbury, Massachusetts, title stood in the name of Lisa Bayko and Jeffrey Bayko as tenants in common.   To the extent that Lisa Bayko, or those taking through her now seek a preference or attachment against Jeffrey Bayko's interest in the property, Michael and Helen Bayko hereby object.

**General Objections**

A.     This motion is substantially the same as the first Motion for Summary Judgment served by Lisa Bayko, Christine Ann Faro and Charles Rotondi on November 4, 2004.   The original motion was titled "*Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified Motion for Summary Judgment* and Opposition to the Defendant Helen Bayko and Michale [sic] Bayko's Motion for Summary Judgment" [emphasis added].   That motion was purportedly served on the parties in accordance with Massachusetts Superior Court Rule 9A before this matter was removed to the United States District Court.  Michael Bayko and Helen Bayko timely served their Objection to the first Motion for Summary Judgment on November 22, 2004.   (This Objection was served on the moving party in accordance with Massachusetts Superior Court Rule 9A.  As the matter had just been removed to this Court, it was also filed here.)   The moving parties never filed their Motion as required by Massachusetts Superior Court Rule 9A.  Thus, the motion should be denied, with prejudice.


B.     The motion purports to be verified.  In other words, the moving parties swore, under penalty of perjury, that the facts in the motion are true and correct.  Yet the verification is, at best, defective.

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 2 of 9

i.    The verification purports to have been executed on November 4, 2004.  This is impossible as the caption correctly cites the United States District Court docket number. The case was filed in the U.S. District Court, and the docket number was issued, two weeks later, on November 18, 2004.

ii.    Charles Rotondi is purportedly one of the individuals attesting to the accuracy of this pleading under penalty of perjury.  However, it appears he did not sign the document. Rather, that it was signed for him by someone else (Christine Ann Faro?).

iii.    The verification recites "We,  Lisa J. Bayko, Charles Rotondi and Christine Ann Faro, do hereby declare that we have read the foregoing Motion for Summary Judgment and Opposition to the Defendants Motion for Summary Judgment and know the contest[sic] thereof.  The same is true to our knowledge and belief."   As this statement was executed before the Motion was even served, they could not have read the "Opposition to the Defendants Motion for Summary Judgment.  (It could not exist prior to service of the motion.)   Further, if they had read the Opposition, they have admitted, under oath, to every statement made in the opposition.

The facts alleged in the 'verified' motion cannot be taken as verified and must be striken.

C.    Similarly, the Motion for Summary Judgment is supported by a "Verified Statement of Facts".  The verification there suffers from the same defects alleged in paragraph 2 above, except that it appears that someone crossed out the portion of the sworn statement which stated that they had read the "Opposition to the Defendants Motion for Summary Judgment".   As the "Verified

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 3 of 9

Statement of Facts" is clearly not verified, it must be stricken.


D.      Lisa Bayko, Charles Rotondi and Christine Ann Faro have finally filed an Answer to the

Interpleader.  However, they have filed no claims, crossclaims or counterclaims in this matter.

Yet it appears that they seek to attach proceeds which they have admitted were not part of the

interest their client has in the property.    Charles Rotondi and Christine Ann Faro are attorneys.

The last sentence of their Answer to this Interpleader states "The defendant[s] Christine Ann

Faro and Charles Rotondi will take out of Lisa Bayko's share."

They have further defined Lisa Bayko's share.   In paragraph 5 of "Defendant's Lisa Bayko,

Christine Ann Faro and Charles Rotundi's Verified State of Facts in Support of Their Motion for

Summary Judgment" here they correctly state: *Upon the entry of Divorce Nisi, by operation of*

*law the tenancy of the marital home at 7A Graham Ave., Newbury, MA was converted from a*

*Tenancy by [t]he Entirety to a Tenancy in Common, each party having a one-half interest in the*

*property with no rights of survivorship."*

To the extent that they seek to take Jeffrey Bayko's property, Michael and Helen Bayko object.

Lisa Bayko, and those taking through her, cannot take Jeffrey Bayko's proceeds in preference to

secured creditors.


E.      It appears that none of the Exhibits offered by Lisa Bayko, Christine Ann Faro, and

Charles Rotondi are originals, certified copies or otherwise proven.  Michael and Helen Bayko

object individually to Exhibits 1-13 on the basis of the Best Evidence Rule.

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 4 of 9

F.      Exhibits 1, 2, 3, 7 and 9 appear to be pleadings and other papers from the divorce file in the matter of Jeffrey Bayko v. Lisa Bayko.  Michael and Helen Bayko object to their admission on the grounds of relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule 44.

**Specific Objections to "Facts" Alleged in the Verified Motion for Summary Judgment**

1.      Paragraph #1 is primarily a recitation of unproven facts regarding the divorce of Lisa J. Bayko and her husband Jeffrey Bayko.   As they have never been parties to the divorce and have no personal knowledge of the facts, Michael Bayko and Helen Bayko deny them and ask the Lisa Bayko, Christine Ann Faro and Charles Rotondi (hereinafter "Lisa") prove same.  More important, the facts have no relevance at all to issue of record title and claims against the proceeds of the sale of the real estate.

2.      Similarly, Paragraph #2 is a recitation of the unproven facts in the matter of the divorce of Lisa J. Bayko and Jeffrey Bayko.  Not being parties to Separation Agreement or having personal knowledge of the Separation Agreement Michael and Helen Bayko deny them and ask that Lisa prove same.   (The copy of the Separation Agreement offered as Exhibit 2 has numerous handwritten changes.  It is not clear from the photocopy who made them or when.)  Further, the Settlement Agreement is not relevant to the issue of record title and claims against the proceeds of the sale of real estate.   To the extent that the Separation Agreement itself is offered as evidence, Michael and Helen Bayko object that it is not an original copy, or certified copy of a court record and should not be admitted on the basis of the Best Evidence Rule and

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 5 of 9

Fed.R.Civ.Pro. Rule 44.

3.      Paragraph #3 cites an alleged Court Order from May 5, 2003.  Then in parens cites an

Order purportedly dated May 2, 2003.  Neither an Order dated May 5, 2003 or an Order dated

May 2, 2003 is offered in evidence.  The Best Evidence Rule requires that a certified copy of the

Court Order (or some showing as to why it is unavailable) be submitted. *See Fed.R.Civ.Pro. Rule*

*44*.

4.      The first Paragraph # 4 alleges facts purportedly extracted from a Court Order.  They are

irrelevant.  Further they should be stricken for failure to meet the Best Evidence Rule and

Fed.R.Civ.Pro. Rule 44.

5.      The first Paragraph # 5 alleges facts purportedly extracted from a Court Order.  They are

irrelevant.  Further, they should be stricken for failure to meet the Best Evidence Rule and

Fed.R.Civ.Pro. Rule 44.

6.      The second Paragraph #4 alleges facts purportedly extracted from a Court Order.  They

should be stricken for failure to meet the Best Evidence Rule and Fed.R.Civ.Pro. Rule 44.  Even

if the facts alleged are true they are irrelevant.  It is axiomatic that an agreement is only binding

on the parties to the agreement or, in certain limited cases, those with actual knowledge of the

terms of the agreement.  Michael and Helen Bayko were not parties and had no actual knowledge

of the terms of the agreement.

7.      Michael Bayko and Helen Bayko object to this statement in the second Paragraph 5(a) as

it is unclear what mortgages are referred to, on the Best Evidence Rule and for failure to offer an

admissible copy of the Settlement Agreement.  They admit that Jeffrey Bayko's attorney drafted

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 6 of 9

the mortgages securing their interest in the loans that they made to Jeffrey Bayko.

8.      Michael Bayko and Helen Bayko deny that they intended to deprive Lisa Bayko of anything. They merely wanted to secure the loans they made to their son which loans allowed him to pay child support to Lisa Bayko and get out of jail.

9.      The third Paragraph #5 alleges that "there are no other liens against Lisa Bayko's interest". While that is certainly a matter for this Court to decide, it is in direct conflict with the Lisa Bayko's, Christine Ann Faro's and Charles Rotondi's Verified Statement of Facts in support of this very motion. In paragraphs 19 and 20 of that document they allege that Bank North Group is the holder of a mortgage from Lisa Bayko dated April 24, 1997.

A separate response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified State of Facts in Support of Their Motion for Summary Judgement" is filed herewith and incorporated herein.

## Summary

Michael Bayko and Helen Bayko object to this second Motion for Summary Judgment to the extent that it seeks to attach Jeffrey Bayko's interest in the real estate in preference to their mortgages. Lisa Bayko and the attorneys that she owes money to admit that the real estate was held as tenants in common from May 24, 2002. They make no claim that the record title gives them any preference over Michael and Helen Bayko's mortgages. They also have no claims or judgments outstanding in any court against Michael Bayko or Helen Bayko.

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 7 of 9

Wherefore, Michael and Helen Bayko ask this Court to deny this motion to the extent that it seeks any interest that Jeffrey Bayko had in the real property.

## Request for Oral Argument

Michael and Helen Bayko respectfully request a hearing on Michael and Helen Bayko's Motion for Summary Judgment; Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004 filed this date with the U.S. District Court; along with Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment; and Opposition to the Defendant Helen and Michael Bayko's Motion for Summary Judgment; and Helen and Michael Bayko's Opposition to Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment.

Respectfully submitted,                                          Date:   December 8, 2004
Michael J. Bayko and Helen E. Bayko
by their attorney,

/s/ Timothy D. Sullivan
_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 8 of 9

**CERTIFICATE OF SERVICE**

I, Timothy D. Sullivan, Esq. do hereby certify that on this 8th day of December 2004, I served a copy of the enclosed <u>Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004</u>; and <u>Request for Hearing</u>, by mailing a copy of the same, first class mail, postage prepaid to: Jeffrey Bayko, Sr., c/o Attorney Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983; Attorney Christine Ann Faro, 79 State Street, Newburyport, MA 01950, individually and as attorney for Lisa Bayko; Attorney  Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983, individually;  Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Attorney Michele A. Rooke, Doherty, Wallace, Pillsbury and Murphy, P.C., One Monarch Place, Suite 1900, Springfield, MA 011449-1900 attorney for Banknorth Group; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204; Assistant US Attorney Barbara Healy Smith, U.S. Department of Justice, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110; and Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

/s/ Timothy D. Sullivan

_____
Timothy D. Sullivan, Esq.

Michael J. Bayko and Helen E. Bayko's Opposition to the Second Motion for Summary Judgment Filed By
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi on November 23, 2004
Page 9 of 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12448GAO

_____
                                                                              )
GMAC MORTGAGE CORPORATION,                         )
                                   Plaintiff                          )
v.                                                                            )
                                                                              )
JEFFREY L. BAYKO, SR., LISA J. BAYKO,            )
HELEN E. BAYKO, MICHAEL J. BAYKO,                )
BANKNORTH GROUP, HANS R. HAILEY,                )
CHARLES D. ROTONDI, COMMONWEALTH             )
OF MASSACHUSETTS DEPARTMENT OF                  )
REVENUE, THE UNITED STATES OF                         )
AMERICA, GARY EVANS, CHRISTINE ANN             )
FARO, AND JOHN AQUINO,                                     )
                                   Defendants                     )
_____)

<u>MICHAEL AND HELEN BAYKO'S **RESPONSE TO** "DEFENDANT'S LISA J. BAYKO,
CHRISTINE ANN FARO AND CHARLES ROTONDI'S **MEMORANDUM OF LAW** IN
SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT"</u>
(Docket #10)

Michael and Helen Bayko ask that the 'Memorandum of Law' submitted by Lisa J. Bayko,

Christine Ann Faro, and Charles Rotondi be stricken as irrelevant.

**<u>Statement of Facts Section</u>**

The Statement of Facts section is unverified.  Michael and Helen Bayko have extensively

answered 'verified' statements alleging facts which are inadmissible or in many cases,

inaccurate.

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Memorandum of
Law in Support of Their Second Motion for Summary Judgment
Page 1 of 5

As the document here purports to be a Memorandum of Law, the facts alleged are not independently relevant.

**Monies Owed to the Defendant Lisa Bayko Section**

Michael and Helen Bayko agree with the admission here that "Once the parties became divorced, by operation of law the property title was transferred from Tenants by the Entirety to Tenants in Common. Each party has a one half interest."

They object to the rest of this section as unsupported and unproven allegations of fact. They question whether the statements of fact are so inaccurate as to constitute fraud on the Court. For example, the statement that 'The Plaintiff' (presumably intended to refer to Lisa Bayko) has not received child support payments since April 4, 2003 seems in direct conflict with the fact that Michael and Helen Bayko paid the Department of Revenue $6,300.00 in May of 2003 to satisfy back child support owed by Jeffrey Bayko and get him out of jail. It is unclear how many Separation Agreements exist. But, there are Separation Agreement from three different dates alleged here and at least one more date alleged in the "Verified Statement of Facts".

**Argument Section**

There appear to be three statements or assertions made in this section.

a.      That Lisa Bayko should be allowed to take from her husband's share before other lien

holders.

This statement presupposes that she is a lienholder.  Yet, she has filed no claim alleging that she

holds a lien against Jeffrey Bayko's interest and has provided no evidence that any such lien has

ever been recorded.

b.      She appears to be arguing this Court has jurisdiction to enforce the 'Separation

Agreement'. The authority cited is a Massachusetts case whose holding is limited to determining

that the Massachusetts Probate and Family Court has jurisdiction to enforce a separation

agreement entered into in a divorce proceeding before that Court.

As there are no claims before this Court seeking to enforce any separation agreement, Michael

and Helen Bayko respectfully request that this Court allow them to address the matter if, and

when, such claim is made.

c.      The memorandum of law purports to discuss law which allows a creditor to set aside

conveyances made without 'fair consideration' in certain situations.  As there is no allegation of

any fraudulent transfer before this court, and as there has been no evidence offered that Michael

and Helen Bayko's advances to their son to pay his child support obligations do not constitute

fair consideration, the memorandum of law is irrelevant.

d.      There is a suggestion that Judge DiGangi's September 23, 2004 Order finding Jeffrey

Bayko in contempt invalidates Michael and Helen Bayko's mortgages. Clearly, Judge DiGangi's Order could be read to imply that. However, Michael and Helen Bayko were never before Judge DiGangi and were never parties to the divorce. In fact, the Probate and Family Court, sua sponte, had previously declined to determine the validity of the mortgages in the divorce action, had considered the validity of the mortgages in an equity (fraudulent transfer) action, denied a motion by Lisa Bayko to join the equity action with the divorce, and had issued a dismissal of the equity action finding it had no jurisdiction over this claim between these parties. All of these facts have been previously argued in Michael and Helen Bayko's response to Lisa Bayko's first Motion for Summary Judgment. Certified copies of the relevant orders have been made exhibits in that response. Finally, Judge DiGangi has been asked to reconsider his decision. A copy of that motion is also filed with Michael and Helen Bayko's response to Lisa Bayko's first Motion for Summary Judgement.

In the unlikely event that Judge DiGangi does not reverse that portion of his decision appearing to revoke the mortgages, Michael and Helen Bayko argue that his decision is not binding on this Court. It is axiomatic that for res judicata to apply against Michael and Helen Bayko, they must have been parties or in privity with parties to the original divorce action. *Federated Department Stores, Inc. V. Moitrie, 452 U.S.394 (1981).* They were parties or in privity with a party to the original divorce. They loaned their son money which allowed him to pay child support and stay out or get out of jail. They secured their loans with mortgages on his interest in the only asset that he had.

## Summary

As the Memorandum of Law here does not discuss law related to any claim before this Court it

should be stricken.


Respectfully submitted,                                     Date:   December 8, 2004
Michael J. Bayko and Helen E. Bayko
by their attorney,

/s/ Timothy D. Sullivan
_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

### CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 8th day of December 2004, I served a copy of
the enclosed Michael and Helen Bayko's Response to "Defendant's Lisa J. Bayko, Christine Ann Faro,
and Charles Rotondi's Memorandum of Law in Support of their Second Motion for Summary Judgment
by mailing a copy of the same, first class mail, postage prepaid to: Jeffrey Bayko, Sr., c/o Attorney Gary
Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983; Attorney Christine Ann Faro,
79 State Street, Newburyport, MA 01950, individually and as attorney for Lisa Bayko; Attorney  Gary
Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983, individually;  Attorney David
M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney
for GMAC Mortgage Corporation; Attorney Michele A. Rooke, Doherty, Wallace, Pillsbury and
Murphy, P.C., One Monarch Place, Suite 1900, Springfield, MA 011449-1900 attorney for Banknorth
Group; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79
State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue,
Collections Bureau, P.O. Box 7021, Boston, MA 02204; Assistant US Attorney Barbara Healy Smith,
U.S. Department of Justice, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110; and
Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

                                                          /s/ Timothy D. Sullivan
                                                          _____
                                                          Timothy D. Sullivan, Esq.

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Memorandum of
Law in Support of Their Second Motion for Summary Judgment
Page 5 of 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12448GAO

_____
                                            )
GMAC MORTGAGE CORPORATION,                  )
                     Plaintiff              )
v.                                          )
                                            )
JEFFREY L. BAYKO, SR., LISA J. BAYKO,       )
HELEN E. BAYKO, MICHAEL J. BAYKO,           )
BANKNORTH GROUP, HANS R. HAILEY,            )
CHARLES D. ROTONDI, COMMONWEALTH            )
OF MASSACHUSETTS DEPARTMENT OF              )
REVENUE, THE UNITED STATES OF               )
AMERICA, GARY EVANS, CHRISTINE ANN          )
FARO, AND JOHN AQUINO,                      )
                     Defendants             )
_____)


<u>MICHAEL AND HELEN BAYKO'S **RESPONSE TO** "DEFENDANT'S LISA BAYKO, CHRISTINE ANN FARO AND CHARLES ROTONDI'S **VERIFIED STATEMENT OF FACTS** IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT"</u>
(Docket #11)

The "Verified Statement of Facts" should be stricken in its entirety. It is not properly verified, the exhibits which purport to support the facts are neither originals nor properly attested copies.

Most of the 'facts' are irrelevant to this proceeding. They merely allegations of matters which relate to the divorce of Lisa Bayko and Jeffrey Bayko. Their divorce is not before this Court.

Nor have Lisa Bayko, Christine Ann Faro, or Charles Rotondi brought any cognizable claim in the Interpleader matter against Jeffrey Bayko's interest as a tenant-in-common.

The 'Verified Statement of Facts' is not an Affidavit and not properly verified. The document purports to include a "Verification", under penalty of perjury, that the facts in the motion are true and correct. Yet the verification is, at best, defective.

    i.    The verification purports to have been executed on November 4, 2004. This is impossible as the caption correctly cites the United States District Court docket number. The case was filed in the U.S. District Court, and the docket number was issued, two weeks later, on November 18, 2004.

    ii.    Charles Rotondi is purportedly one of the individuals attesting to the accuracy of this pleading under penalty of perjury. However, it appears he did not sign the document. Rather, that it was signed for him by someone else (Christine Ann Faro?).

**Specific Objections to Numbered Paragraphs in "Verified Statement of Facts"**

1.    Paragraph 1 purports to enter into evidence 'facts' derived from the record in the matter of a divorce of Lisa Bayko and Jeffrey Bayko. Michael and Helen Bayko have never been parties to the divorce action. They object to the admission of 'facts' derived from the Probate and Family Court record on the grounds of relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule 44.

They further note that the 'facts' alleged are not necessarily supported by the photocopies offered. For example,

-Lisa Bayko states that she was divorced on May 24, 2002.  The photocopy of a

"Judgment of Divorce Nisi" suggests that the Nisi period began that day, final judgment

to occur ninety days later.

- The photocopy of a "Separation Agreement" offered contains numerous handwritten

changes.  None of these changes have been initialed or otherwise acknowledged by the

parties to be charged.

- A photocopy of a handwritten addendum to the "Separation Agreement" incorporates by

reference a Financial Statement.  Yet the Financial Statement is not offered as part of the

record.

- Paragraph 1 seeks to incorporate "Exhibit 3".  Exhibit 3, is a photocopy of an unsigned

handwritten page.  The "Order" is unsigned and there isn't even an allegation as to who

issued the "Order".


2.     Paragraph 2 purports to enter into evidence 'facts' derived from the record in the matter

of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties

to the divorce action.  They object to the admission of 'facts' derived from the Probate and

Family Court record on the grounds of relevancy and for failure to be authenticated in accordance

with Fed.R.Civ.Pro. Rule 44.


3.     Paragraph 3  purports to enter into evidence 'facts' regarding personal knowledge of an

attorney (Gary Evans) where the attorney appears from the photocopies submitted not to have

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified
Statement of Fact in Support of Their Second Motion for Summary Judgment"
Page 3 of 11

been the attorney of record during the execution of the purported "Separation Agreement".   The

statement is nothing more than a bald allegation.  Neither Lisa Bayko, nor the parties taking

through her, may testify to the personal 'full knowledge' of Atty. Evans.

Michael and Helen Bayko have never been parties to the divorce action.  They object to the

admission of 'facts' derived from the Probate and Family Court record on the grounds of

relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule 44.


4.      Paragraph 4 is not a statement of fact, but, a legal conclusion.  Paragraph 4  purports to

enter into evidence 'facts' derived from the record in the matter of a divorce of Lisa Bayko and

Jeffrey Bayko.  Michael and Helen Bayko have never been parties to the divorce action.  They

object to the admission of 'facts' derived from the Probate and Family Court record on the

grounds of relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule

44.


5.      Michael and Helen Bayko admit the facts alleged in paragraph 5.


6.      Michael and Helen Bayko admit that on July 19, 2002 Jeffrey Bayko encumbered his

interest, as a tenant in common and that mortgage was recorded at the Southern Essex County

Registry of Deeds.  It appears that a photocopy of the mortgage deed, marked up by unknown

individuals, appears as Lisa Bayko's Exhibit 4 not Exhibit 3.  The note which this mortgage deed

secured does not appear here.  (The original has been filed with the Court in support of Michael

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified
Statement of Fact in Support of Their Second Motion for Summary Judgment"
Page 4 of 11

and Helen Bayko's motion for summary judgment.)  Exhibit 3 is clearly not the mortgage
referred to in this paragraph.


7.      It seems highly unlikely that the 'affiants' here have personal knowledge regarding the
facts alleged in paragraph 7.  Michael Bayko and Helen Bayko object on the basis that they were
not present when the mortgage deed was signed and could not have personal knowledge.
Michael Bayko and Helen Bayko admit that Atty. Gary Evans notarized a mortgage deed on July
19, 2002.  They further admit that he notarized a note on that day.   It is unclear what Lisa Bayko
claims is the 'mortgage' as she distinguishes the mortgage deed.  It is also unclear who drafted
the 'mortgage' or mortgage deed.


8.      Paragraph 8 purports to enter into evidence 'facts' derived from the record in the matter
of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties
to the divorce action.  They object to the admission of 'facts' derived from the Probate and
Family Court record on the grounds of relevancy and for failure to be authenticated in accordance
with Fed.R.Civ.Pro. Rule 44.   (They further note that Lisa Bayko fails to state whether there
were further Orders of the Court and suggest that there have been several further orders.)


9.      Paragraph 9 purports to enter into evidence 'facts' derived from record title.   They object
to the admission of the purported 'mortgage' for failure to have it  authenticated in accordance
with Fed.R.Civ.Pro. Rule 44.

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified
Statement of Fact in Support of Their Second Motion for Summary Judgment"
Page 5 of 11

Again responding to each of the mistakes and misrepresentations in the pleading is overwhelming.  Michael and Helen Bayko admit that loaned Jeffrey Bayko sixty-three hundred dollars in May of 2003 which they paid directly to the Department of Revenue (for back child support) on Jeffrey Bayko's behalf to secure his release from jail.  They further admit that they secured that loan with an additional note and mortgage in May of 2003.  They deny any other allegations.  The principal amount cited is wrong.  The Note was executed May 9, 2003.  It appears from the face of  the mortgage deed that it was acknowledged more than once, although the dates appear illegible.

10.     It is unclear how the 'affiants' have personal knowledge of what Atty. Gary Evans did on May 25, 2003.  In any case, it is irrelevant whether he 'drafted a mortgage, mortgage deed and notarized same' unless these documents are related to this case.  There is no showing of any such relationshi unless they refer to specific documents in this case.

11.     Michael and Helen Bayko question how an Order dated May 1, 2003 could correctly predict a stipulation of the parties on July 2, 2003.

Paragraph 11 purports to enter into evidence 'facts' derived from the record in the matter of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties to the divorce action.  They object to the admission of 'facts' derived from the Probate and Family Court record on the grounds of relevancy and for failure to be authenticated in accordance with

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified
Statement of Fact in Support of Their Second Motion for Summary Judgment"
Page 6 of 11

Fed.R.Civ.Pro. Rule 44.


12.    Paragraph 12 purports to enter into evidence 'facts' derived from the record in the matter of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties to the divorce action.  They object to the admission of 'facts' derived from the Probate and Family Court record on the grounds of relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule 44.


As the allegations here purport to effect the validity of their mortgages, Michael and Helen Bayko remind the Court that they more fully briefed this matter in their response to the first motion for Summary Judgment by Lisa Bayko, Christine Ann Faro and Charles Rotondi.  They were never parties to the divorce, they were never given notice or an opportunity to be heard on the matter of the purported revocation of their mortgages, and a motion for reconsideration has been filed with Judge DiGangi.


13.    Paragraph 11 purports to enter into evidence 'facts' derived from the record in the matter of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties to the divorce action.  They object to the admission of 'facts' derived from the Probate and Family Court record on the grounds of relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule 44.

14.    Paragraph 11 purports to enter into evidence 'facts' derived from the record in the matter of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties to the divorce action.  They object to the admission of 'facts' derived from the Probate and Family Court record on the grounds of relevancy and for failure to be authenticated in accordance with Fed.R.Civ.Pro. Rule 44.

15.    This paragraph is so poorly worded as to make it impossible to answer.  Michael and Helen Bayko admit that GMAC foreclosed on 7A Graham Ave., Newbury, Massachusetts on or about March 12, 2004 as alleged in GMAC's Complaint for Interpleader.  They call upon the 'affiants' to clarify any other statement they may seek to make in this paragraph.

16.    Admit.

17.    The 'affiants' here make two different statements.

  i.    The bankruptcy was dismissed in March of 2004.

  ii.    The trustee abandoned any interest in the property in March of 2004.

Michael and Helen Bayko have acknowledged that the foreclosure happened on March 12, 2004.  However, as to the allegations here, they do not have personal knowledge and object as the best evidence rule would require the admission of the records proving those statements.

18.    Admit the allegation in Paragraph 18 regarding the sale and surplus.

19.    The statement in Paragraph 19 is inaccurate and objectionable under the best evidence

rule.  Record title, as repeatedly pled elsewhere in this case, shows that a Mortgage dated April

18, 1997 (not April 24, 1997) is recorded at the Essex South Registry of Deeds at Book 14068,

Page 475.   The document speaks for itself, however it reads a "maximum principal credit limit

of $15, 000".


20.    The statement in Paragraph 20 is simply a misrepresentation.  Michael and Helen Bayko

refer the Court generally to the facts cited by GMAC in the original Complaint for Interpleader.


21.    Michael and Helen Bayko have no personal knowledge of the facts alleged in paragraph

21.  They object to the statement on the basis of the best evidence rule.  They object to Exhibit 10

on the grounds that it is not authenticated in accordance with Fed.R.Civ.Pro. Rule 44.


22.    Michael and Helen Bayko object to Paragraph 22 as a conclusion of law unsupported by

the facts.  This purpose of this Interpleader action is to allow this Court to determine who is

entitled to what.


23.    Paragraph 23 purports to enter into evidence 'facts' derived from the record in the matter

of a divorce of Lisa Bayko and Jeffrey Bayko.  Michael and Helen Bayko have never been parties

to the divorce action.  They object to the admission of 'facts' derived from the Probate and

Family Court record on the grounds of relevancy and for failure to be authenticated in accordance

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified
Statement of Fact in Support of Their Second Motion for Summary Judgment"
Page 9 of 11

with Fed.R.Civ.Pro. Rule 44.

Further they note that Lisa Bayko's makes claims here in accordance with a Separation

Agreement purported dated May 25, 2004.  This alleged agreement is dated well after Michael

and Helen Bayko secured their claims.

24.     Rule 44 of the Federal Rules of Civil Procedure requires Atty. Rotondi to prove his claim

with an admissible copy of his purported lien.

25.     Rule 44 of the Federal Rules of Civil Procedure requires Atty. Faro to prove her claim

with an admissible copy of his purported lien.

26.     Michael and Helen Bayko neither admit or deny the fact alleged in paragraph 26.

Respectfully submitted,                          Date:   December 8, 2004
Michael J. Bayko and Helen E. Bayko
by their attorney,

/s/ Timothy D. Sullivan
_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

Michael and Helen Bayko's Response to "Defendant's Lisa Bayko, Christine Ann Faro and Charles Rotondi's Verified
Statement of Fact in Support of Their Second Motion for Summary Judgment"
Page 10 of 11

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 8th day of December 2004, I served a copy of the enclosed  Helen and Michael Bayko's Response to "Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Statement of Facts in Support of their Second Motion for Summary Judgment"; by mailing a copy of the same, first class mail, postage prepaid to: Jeffrey Bayko, Sr., c/o Attorney Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983; Attorney Christine Ann Faro, 79 State Street, Newburyport, MA 01950, individually and as attorney for Lisa Bayko; Attorney  Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983, individually;  Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Attorney Michele A. Rooke, Doherty, Wallace, Pillsbury and Murphy, P.C., One Monarch Place, Suite 1900, Springfield, MA 011449-1900 attorney for Banknorth Group ; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204; Assistant US Attorney Barbara Healy Smith, U.S. Department of Justice, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110; and Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

/s/Timothy D. Sullivan

_____

Timothy D. Sullivan, Esq.