# AndoverLaw, P.C.®

451 Andover Street, Suite 185
North Andover, MA 01845
TEL (978) 794-0360
FAX (978) 794-5457

FILED
IN CLERKS OFFICE

2004 NOV 29  P

U.S. DISTRICT COURT
DISTRICT OF MASS.

November 24, 2004

Clerk of Court
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    *Formerly* GMAC Mortgage Corporation v. Bayko, et al.
       Essex Superior Court Civil Action No. ESCV 2004-01855

       *Removed To:* GMAC Mortgage Corporation v. Bayko, et al.
       Massachusetts District Court CA No. 04-12448-GAO

Dear Sir or Madam:

This Interpleader action was originally filed in Essex Superior Court.   On November 19, 2004, the U.S. Department of Justice notified all parties that it was removing the action to U.S. District Court.

Prior to the removal, I served a copy of <u>Helen and Michael Bayko's Verified Motion for Partial Summary Judgment</u> by mail.    On November 15, 2004, I re-served Attorney Michele Rooke as attorney for BankNorth.   In accordance with Superior Court Rule 9A, I was required to wait the proscribed time period for oppositions to be sent to me before filing my package with the Essex Superior Court.   I received one opposition entitled, <u>Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the Defendant Helen and Michael Bayko's Motion for Summary Judgment</u>.   Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Motion for Summary Judgment was not served in accordance with Superior Court Rule 9A; however, because it is in the same document as their opposition, I was going to file it with the Essex Superior Court with my original Motion for Summary Judgment and my opposition to their Motion for Summary Judgment.

Before my package was filed with the Essex Superior Court, the action was removed to U.S. District Court.   Therefore, I am filing the documents listed below with the U.S. District Court:

1.    Notice of Appearance;

2.    Helen and Michael Bayko's Verified Motion for Partial Summary Judgment with Certificate of Service (served on U.S. Department of Justice today);

3.    Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the Defendant Helen and Michael Bayko's Motion for Summary Judgment; and

4.    Helen and Michael Bayko's Opposition to Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment.

Thank you for your attention to this matter.

Sincerely,

Timothy D. Sullivan, Esq.
TDS:dab
Enc.
cc:

| | |
|---|---|
| Attorney David M. Rosen<br>Harmon Law Offices, P.C.<br>P.O. Box 610389<br>Newton Highlands, MA 02461-0389 | Jeffrey Bayko<br>c/o Attorney Gary Evans<br>58 Main Street<br>Topsfield, MA 01983 |
| Lisa Bayko<br>c/o Attorney Christine Faro<br>79 State Street<br>Newburyport, MA 01950 | Attorney Michele Rooke<br>Doherty, Wallace, Pillsbury & Murphy<br>One Monarch Place<br>1414 Main Street, Suite 1900<br>Springfield, MA 01144-1900 |
| Attorney Hans Hailey<br>225 Friend Street<br>Boston, MA 02114 | Attorney Charles Rotondi<br>79 State Street<br>Newburyport, MA 01950 |
| Department of Revenue<br>Collections Bureau<br>P.O. Box 55486<br>51 Sleeper Street<br>Boston, MA 02205-5486 | Attorney Barbara Healy Smith<br>Assistant United States Attorney<br>U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02110 |
| Attorney Gary Evans<br>58 Main Street<br>Topsfield, MA 01983 | Attorney Christine Faro<br>79 State Street<br>Newburyport, MA 01950 |
| Attorney John Aquino<br>Anderson & Aquino, LLP<br>260 Franklin Street<br>Boston, MA 02110 | |

**COMMONWEALTH OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

ESSEX, ss

SUPERIOR COURT DEPARTMENT 3: 34
OF THE TRIAL COURT
CIVIL ACTION # ESCV2004-01855

DISTRICT OF MASS.

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>Plaintiff<br><br>v.<br>JEFFREY L. BAYKO, SR. LISA J. BAYKO<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>BANKNORTH GROUP, HANS R. HAILEY,<br>CHARLES D. ROTONDI, COMMONWEALTH<br>OF MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE ANN<br>FARO, AND JOHN AQUINO,<br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED MOTION FOR PARTIAL SUMMARY JUDGMENT

1.  Defendants, Michael J. Bayko and Helen E. Bayko, hold secured interests on the proceeds of the real property located at 7A Graham Ave., Newbury, Massachusetts. GMAC Mortgage Corporation, the first mortgage holder has asked this Honorable Court to determine the priorities and order payment.   Wherefore, the Defendants submit the following evidence of their claims and ask for judgment.

<u>July 19, 2002 Mortgage</u>
(recorded August 12, 2002)

2.  Michael J. Bayko and Helen E. Bayko seek principal in the amount of $46,360.00, interest in the amount of $6,258.60, and attorneys' fees in the amount of $12,124.66.

<u>Principal</u>

3.  The principal amount due on the July 19, 2002 Promissory Note is $46,360.00.  This is

evidenced by an acknowledged Promissory Note dated July 19, 2002 and a certified copy of Mortgage Deed, recorded at the Essex Registry of Deeds, Southern District, August 12, 2002 at 8:49 A.M at Book 19056, Page 153. **(Exhibit 1, July 19, 2002 Promissory Note) (Exhibit 2, Certified Copy of Mortgage Deed dated July 19, 2002)** Michael J. Bayko and Helen E. Bayko certify by this Verified Motion that no payments have been made on this note.

Interest

4.      Interest due through October 19, 2004 is $6,258.60. This is based on the Six (6%) Percent per annum quoted in the Promissory Note. The Note does not clearly indicate whether interest is compound; therefore, the calculation is based on simple interest.) **(See Exhibit 1)**

Attorneys' Fees

5.      In August of 2003, it became apparent that the former marital home would be sold either at auction or by agreement. Most of the funds advanced by Michael J. Bayko and Helen E. Bayko were used by their son to pay child support and attorneys' fees related to the divorce of Jeffrey Bayko and Lisa Bayko. In fact, the second mortgage can be precisely traced from Mr. and Mrs. Bayko's bank account to the DOR in an amount necessary to pay back child support and get Jeffrey out of jail. Nevertheless, Lisa Bayko took the position that Michael J. Bayko and Helen E. Bayko should be enjoined from enforcing their mortgages. August 13, 2003, Lisa Bayko filed an "Emergency Ex-Parte Motion to Revoke Mortgages" in the closed divorce of Lisa J. Bayko and Jeffrey L. Bayko, Sr. (Essex Probate and Family Court Docket # 01D 0875 DV1). The motion sought to invalidate Michael and Helen Bayko's mortgages without joining them or even noticing them.
The Probate and Family Court denied that motion.

6.      Next, she filed a "Complaint in Equity to Set Aside Fraudulent Conveyance to Declare the Mortgages Between Jeffrey L. Bayko and Helen & Michael Bayko Null and to Enforce the Terms of a Judgment of This Court". That Complaint was followed September 3, 2003, by Lisa Bayko's thirteen page "Motion for Injunctive Relief to Enjoin Defendants Helen Bayko and Michale [sic] Bayko from Enforcing Mortgages and to Revoke Mortgages" in the Essex County Probate and Family Court (Docket # 03E 0076 GC1).

7.      Ms. Bayko refused offers to close the sale and escrow the funds pending litigation, the preliminary injunction was denied, and the foreclosure sale went through.

8.   In the intervening months, numerous motions were filed and several hearings held before the Probate and Family Court. Finally, the Probate and Family Court acted on Michael J. and Helen E. Bayko's Motion to Dismiss (originally served on September 8, **2003** and repeatedly reasserted). On September 15, **2004**, the Probate and Family Court dismissed the equity complaint.

9.   During the course of more than a year of litigation, Defendants, Michael J. Bayko and Helen E. Bayko, incurred and paid attorney's fees and costs in the amount of $10,124.66. This does not include attorneys' fees and costs related to this Interpleader action. If the Interpleader is uncontested, fees and costs for drafting and filing an Answer and Motion for Summary Judgment and for appearing at a hearing to determine the various anticipated claims are estimated to be an additional $2,000.00.

May 9, 2003 Note
(recorded July 8, 2003)

Principal

10.   The principal amount due on the May 9, 2003 Promissory Note is $6,300.00. This is evidenced by an acknowledged Promissory Note dated May 9, 2003 and a certified copy of Mortgage Deed, Recorded at the Essex Registry of Deeds, Southern District, July 8, 2003 at 8:13 A.M in Book 21193 at page 386 **(Exhibit 3, May 9, 2003 Promissory Note) (Exhibit 4, Certified Copy of Mortgage Deed)** Michael J. Bayko and Helen E. Bayko certify by this Verified Motion that no payments have been made on this note.

Interest

11.   Interest due through October 9, 2004 is $535.50. This is based on the Six (6%) Percent per annum quoted in the Promissory Note. The note does not clearly indicate whether interest is compound; therefore, the calculation is based on simple interest. **(See Exhibit 1)**

WHEREFORE, Defendants, Michael J. Bayko and Helen E. Bayko, respectfully request that this Court grant them Judgment on their mortgages and distribute funds owed to them and secured by their mortgages.

Specifically, Michael J. Bayko and Helen E. Bayko seek $71,578.76 plus interest from the date

of this pleading and their attorney's fees and costs for this phase of the collection process:

a.    $46,360.00 being the principal on their July 19, 2002 Note and Mortgage. (Recorded August 12, 2002.)

b.    Interest to the date of payment as provided in their July 19, 2002 Note and Mortgage. (Interest to date is currently $6,258.60.)

c.    Attorneys' fees and costs as provided in their July 19, 2002 Note and Mortgage. (Attorneys' fees and costs paid to date, before including the costs related to this Interpleader Action are: $10,124.66. These fees are related to litigation brought by Defendant Lisa Bayko beginning in August of 2003 all of which were ultimately dismissed or otherwise disposed of in September of 2004 by the Probate and Family Court.)

d.    $6,300 being the principal on their May 9, 2003 promissory note and mortgage recorded July 8, 2003.

e.    Interest from the date of the Note to the date of final payment. (Interest to date is currently $535.50.)

f.    Attorneys' fees and costs for responding to this Interpleader ($2,000 estimate included).


Respectfully submitted,                          Dated: October 26, 2004
Michael J. Bayko and Helen E. Bayko
by their attorney,


Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO No. 563244

## VERIFICATION

We, Michael J. Bayko and Helen E. Bayko, do hereby declare that we have read the foregoing Motion and know the contents thereof.  The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing s true and correct and that this declaration was executed on this _26_ day of October, 2004 in Essex County, Massachusetts.

_____          _____
Michael J. Bayko                                      Helen E. Bayko

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 26th day of October, 2004, I served a the foregoing Verified Motion for Partial Summary Judgment, by mail a copy first class mail, postage prepaid to: Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Jeffrey L. Bayko, Sr. c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Lisa Bayko c/o Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Banknorth Group, P.O. Box 1503, Orleans, MA 02653; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204; United States of America, Internal Revenue Service, P.O. Box 9112, Stop 20800, Boston, MA 02203; Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Attorney Christine Faro, 79 State Street, Newburyport, MA 01950; and Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS CLERK'S OFFICE

2004 NOV 29 P 3: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GMAC MORTGAGE COMPANY, <br> Plaintiff <br><br> V. <br><br> JEFFREY L. BAYKO, SR., LISA J. <br> BAYKO, MICHAEL J. BAYKO, BANK <br> NORTH GROUP, HANS HAILEY, <br> CHARLES D. ROTONDI, <br> COMMONWEALTH OF <br> MASSACHUSETTS DEPARTMENT OF <br> REVENUE, THE UNITED STATES OF <br> AMERICA, GARY EVANS, CHRISTINE <br> ANN FARO AND JOHN AQUINO, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL ACTION NO. 04-12448 AO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

NOTICE OF APPEARANCES FOR
LISA BAYKO, CHARLES ROTONDI AND CHRISTINE ANN FARO

Please enter the appearance of Christine Ann Faro and Charles Rotondi, 79 State
Street, Newburyport, MA 01950 as attorneys for Lisa Bayko, Charles Rotondi and
Christine Ann Faro in the above-referenced proceeding.

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants,
hereby certify that on this 23rd day of November 2004,
I served a copy of the Defendant's Lisa J. Bayko,
Christine Ann Faro's and Charles Rotondi's Notice of
Appearance upon the parties of record by
serving a copy of the same upon their counsel of record
by first class mail, postage prepaid.

Respectfully submitted
The Defendants, Lisa
Bayko, Charles Rtonodi &
Christine Ann Faro by their
Counsel

CHRISTINE ANN FARO
BBO # 552541
CHARLES RONTODI
BBO #431260
79 State Street
Newburyport, Ma 01950
(978) 462-4833

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Eileen McAuliffe
Department of Revenue
Collections Bureau
P.O. Box7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Michele Rooke, Esq.
Doherty, Wallace, Pillsbury and
Murphy, PC
One Monarch Place, Suite 1900
Springfield, MA 2004-01855

Lydia Bottome Turanchik
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO, BANK<br>NORTH GROUP, HANS HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE<br>ANN FARO AND JOHN AQUINO,<br>Defendant | CIVIL ACTION NO. 04-12448 AO |

DEFENDANTS' LISA BAYKO, CHRISTINE ANN FARO
AND CHARLES ROTONDI'S VERIFIED MOTION FOR
SUMMARY JUDGMENT

Now come the Defendants, Lisa J. Bayko, Christine Ann Faro and Charles

Rotondi and move for summary judgment pursuant to Fed. R. Civ. P. 56(b) and as

reasons for said motion they state as follows:

1.      There is no genuine issue of material fact as a matter of law as to the distribution

of the foreclosure proceeds that Lisa J. Bayko is entitled to receive.  The Judgment of

Divorce Nisi incorporated but did not merge the terms of the separation agreement and

survived as an independent contract except those provisions relating to health insurance,

alimony, child custody, support and maintenance and visitation children which merged.

The Separation Agreement made provision as to the distribution of the proceeds from the sale of the marital home, as follows:

> "The balance of the proceeds shall be divided equally between the Husband and the Wife, but only after the is paid the following from said proceeds:

> a.    The entire amount for delinquent child support payments owed through the date of this Agreement is adopted by the Essex County Probate & Fmily Court. The delinquent child support through April 26, 2002 is $13,200.00.

> b.    The sum of $9,000.00 shall be paid to Wife, which represents one-half of the proceeds of a settlement that Husband received from Nault Honda in Windham, New Hampshire, in a defective motorcycle claim.

> c.    The sum of $13,000.00 shall be deducted from Husband's one-half sahre and shall represent one year's advanced payment of child support.

2.    The separation agreement also provided that $66,000.00, $33,000.00 each, was to be set aside from the sale of the marital home for the payment of joint marital debt and Defendant Attorney Gary Evans was named as Escrow Agent and the Attorney to represent both parties in working out the debt. (Separation Agreement, Article III, Section G, addendum)

3.     On May 5, 2003, the Court ordered that, "when the marital home was sold, the Defendants [Jeffrey L. Bayko's] share of net proceeds shall be held in escrow..." (Order of the Essex County probate & Family Court, J. Kaegan, dated May 2, 2003).

4.     By order of the Court dated July 2, 2003, the Defendant Jeffrey Bayko's outstanding obligations as to unpaid college tuitions were to, currently $2,355.00 for the first semester 2002-2003 and $2,355.090 for second semester 2002-2003 were to be out of the monies held in escrow. (Order of the Essex County probate & Family Court, J. Cronin, dated July 2, 2003).

5.     On September 24, 2004, the Court (J. DiGangi) found Jeffrey L. Bayko in contempt for non-payment of child support in the amount of $28,859.89, which includes the $13,000 arrears as stated in the separation agreement and in contempt for the conveyance of the mortgages to Helen Bayko and Michael Bayko.  A Capias was issued for Jeffrey L. Bayko.

4.     The Judgment of Divorce Nisi dated May 24, 2002,which incorporated terms of the Separation Agreement, predates the mortgages conveyed by the Defendant Jeffrey L. Bayko to the Defendants Helen Bayko and Michael and said conveyances were done contrary to the terms of the Separation Agreement which provided that neither party should "contract nor incur any expenses, debts, charges or liabilities in the name or upon the credit of the other not for which the other or the other's legal representative, property or estate will or may become liable." (Separation Agreement, Article III, Section J, Paragraph 2).

a.    The Mortgages were drafted by the Defendant Attorney Gary Evans who

was named in the parties separation agreement as the Attorney who was going to

workout the parties unsecured credit card debt, which was to paid with the

proceeds of the sale of the marital home.

b.    Such a conveyance was done clearly with the intent to deprive the

Defendant Lisa Bayko of her rights to the marital property and rights under the

terms of the separation agreement. **Aronson v. Aronson** 25 Mass. App. Ct. 164,

167 (1987), citing **Rice v. Rice**, 372 Mass. 398, 400 (1977).

5.    There are no other liens against Lisa Bayko's interest. The IRS has released Lisa

Bayko of any and all tax obligations and said liens are against Jeffery Bayko's interest

only. Attorneys Christine Ann Faro and Charles Rotondi will take form Lisa Bayko's

share of proceeds.

**WHEREFORE**, the Defendants Lisa J. Bayko, Christine Ann Faro and Charles

Rotondi respectfully request that this Honorable Court allow their motion for partial

summary judgment.

In support of aid motion the Defendants submit the following:

A.  Defendants Memorandum of Law;

B.  Verified Statement of Facts

C. Exhibits:

1.      Judgment of Divorce Nisi dated May 24, 2002;

2.      Separation Agreement dated May 24, 2002;

3.      Order of the Essex County Probate & Family Court (J. Cronin) dated July 11, 2002;

4.      Mortgage Deed from Jeffrey L. Bayko to Michael J. Bayko and Helen Bayko dated July 19, 2002;

5.      Order of the Essex County Probate & Family Court (J. Kaegan) dated May 1, 2003;

6.      Mortgage Deed from Jeffrey L. Bayko to Michael J. Bayko and Helen Bayko dated May 25, 2003;

7.      Order of the Essex County Probate & Family Court (J. Cronin) dated July 2, 2003;

8.      Judgment of Contempt (J. DiGangi) dated September 23, 2004;

9.      Capias dated September 16, 2004;

10.     Notice of Federal Tax Lien Release to Lisa Bayko dated May 25, 2003;

11.     Notice of Attorney's Lien (Christine Ann Faro);

12.     Notice of Attorney's Lien (Charles Rotondi; and

13.     Letters dated October 31, 2004 to Charles Rotondi and Christine Ann Faro from Lisa Bayko

The Defendants, Lisa J.
Bayko, Christine Ann Faro
and Charles Rotondi, by their
Counsel,


CHRISTINE ANN FARO
BBO # 552541
CHARLES ROTONDI
BBO#431260
79 State Street
Newburyport, MA 01950


## VERIFICATION

We, Lisa J. Bayko, Charles Rotondi and Christine Ann Faro, do hereby declare that we have read the foregoing Motion for Summary Judgment and Opposition to the Defendants Motion for Summary Judgment and know the contest thereof. The same is true to our knowledge and belief.

We declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 4th day of November 2004 in Essex County, Massachusetts.


LISA J. BAYKO          CHARLES ROTONDI          CHRISTINE ANN FARO


## CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 23rd day of November 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Motion for Summary Judgment upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.


CHRISTINE ANN FARO

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144


Eileen McAuliffe
Department of Revenue
Collections Bureau
P.O. Box7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Michele Rooke, Esq.
Doherty, Wallace, Pillsbury and
Murphy, PC
One Monarch Place, Suite 1900
Springfield, MA 2004-01855

Lydia Bottome Turanchik
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044


Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12448GAO

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>Plaintiff<br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>BANKNORTH GROUP, HANS R. HAILEY,<br>CHARLES D. ROTONDI, COMMONWEALTH<br>OF MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE ANN<br>FARO, AND JOHN AQUINO,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MICHAEL J. BAYKO AND HELEN E. BAYKO'S OPPOSITION TO
## "DEFENDANT'S LISA BAYKO, CHRISTINE ANN FARO AND CHARLES ROTONDI'S VERIFIED MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO THE DEFENDANT HELEN BAYKO AND MICHALE [sic] BAYKO'S MOTION FOR SUMMARY JUDGMENT"

NOW COME the Defendants, Michael J. Bayko and Helen E. Bayko (hereinafter referred to as

"Michael and Helen"), holders of two mortgages, and object to what purports to be a Motion for

Summary Judgment filed in the same document as an Opposition to a prior Motion for Summary

Judgment served by the Baykos in the Essex County Superior Court action.

**Procedural History**

The Interpleader Complaint here was originally filed in the Superior Court for Essex County, Massachusetts. The Plaintiff has foreclosed on real property located at 7A Graham Avenue, Newbury, Massachusetts and seeks to pay excess proceeds into the Court for a determination of the rights of numerous claimants. Michael and Helen timely filed an Answer to the Interpleader in the Essex County Superior Court.

In Massachusetts Superior Court, motions must be filed in accordance with Superior Court Rule 9A. The moving party serves all other parties with his motion. He then waits the requisite time (20 days for Motions for Summary Judgment) for oppositions to be served on him. The Motion is then filed, as a package, with any Oppositions.

Michael and Helen served all named parties with a Motion for Summary Judgment. (As the Internal Revenue Service was a named party and The United States of America was not, the Internal Revenue Service was served. The United States of America was not served until today.) The case was removed to the District Court one day after the deadline for serving any oppositions on Bayko's counsel (and prior to filing with the Essex Superior Court). Therefore, Michael and Helen's Motion for Summary Judgment and Oppositions have been filed today in the District Court.

Michael and Helen's Objection here is silent on that portion of Lisa Bayko, Christine Ann Faro

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 2 of 8

and Charles Rotondi's pleading that objects to Michael and Helen's Motion for Summary

Judgment. It is limited to responding to that portion of the pleading that purports to be a separate

Motion for Summary Judgment.

## **Argument**

1.    Attorney Christine Ann Faro, Lisa Bayko and Attorney Charles Rotondi Lack Standing to File Motion for Summary Judgment.

It appears that none of the three individuals (Attorney Christine Ann Faro, Lisa Bayko, and

Attorney Charles Rotondi) purporting to file this motion have filed an Answer or an Appearance

in either the Superior Court or this Court. Further, they have not filed any Motions to Dismiss

excusing a late Answer. Although no court has yet declared a default, their Answer to the

Complaint should have been filed with the Court and served on all named parties. Therefore,

they are not parties and have no standing to bring this action. Further, it is unclear who

represents whom from the pleadings filed here. The signature line on the Motion suggests that

Christine Ann Faro and Charles Rotondi are counsel to Christine Ann Faro, Charles Rotondi and

Lisa J. Bayko. The Certificate of Service claims that Christine Ann Faro is "attorney for

Defendants". Clearly, she does not represent all of the Defendants in this case.

2.    Failure to State A Claim Upon Which Relief May be Granted.

To the extent that the November 4, 2004 pleading labeled 'Defendant's Lisa Bayko, Christine

Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the

Defendant Helen Bayko and Michale [sic] Bayko's Motion for Summary Judgment' purports to

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 3 of 8

be a Motion for Summary Judgment,  it must fail.

    a.    The moving individuals seek summary judgment in a matter in which they have filed no claims, cross claims, counterclaims or answer.  They have not joined as parties to this action. There is nothing on which they seek judgment.

    b.    The moving individuals divide their pleading here into two sections.  The first purports to be the Motion for Summary Judgment.  The second an opposition to Michael and Helen's Motion for Summary Judgment.  Their motion contains four numbered allegations.  The first three allegations make legal and factual claims regarding a divorce.  (To the extent that the allegations could be considered claims in this  matter, Michael and Helen deny them and call upon the moving individuals to prove same.)  The fourth paragraph claims that Christine Ann Faro and Charles Rotondi have secured attorneys liens against Lisa Bayko's proceeds. (To the extent that this could be considered a claim, Michael and Helen deny it and call upon the moving individuals to prove same.)  Thus, their interest appears to rest entirely upon Lisa J. Bayko's equity.

Nowhere, within the four corners of their Motion for Summary Judgment, do Lisa J. Bayko, Charles Rotondi, and Christine Ann Faro make a claim for the proceeds of the foreclosure sale or state the basis of their claim.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 4 of 8

In support of their Motion for Summary Judgment, Lisa Bayko, Christine Ann Faro and Charles Rotondi offer a 'Verified Statement of Facts'.  The facts alleged in this statement relate mostly to a divorce between Jeffrey Bayko and Lisa Bayko.    Michael and Helen have never been parties to that action. Most of the facts alleged are irrelevant to this Interpleader. (Nevertheless, to the extent that they may be considered a claim in this action, Michael and Helen deny them and call upon the moving individuals to prove them.)

However, Michael and Helen wish to specifically address Paragraph 13.  "On September 23, 2004, the Probate & Family Court (J. DiGangi) found Defendant Jeffrey Bayko in contempt for having conveyed the two mortgages and found the mortgages to be invalid."   This decision does not bind Michael and Helen as they were not parties to the divorce action.  Further, they did not have notice of the hearing at which the decision was made.  In fact, the decision was made by a Circuit Judge covering for the Trial Judge.  The Trial Judge (Judge John Cronin) had previously, sua sponte, in response to an ex-parte motion, dismissed the action to determine of the validity of the mortgages under the divorce docket.  He found that the mortgages (fraudulent transfer claims) should be handled in an equity action.  After the equity action was opened, the Trial Judge granted Michael and Helen's motion and dismissed the mortgage claim determining that the Probate and Family Court lacked subject matter jurisdiction.  That dismissal included an order that the Interpleader be filed in the Superior Court (a court with jurisdiction).  Thus, the Circuit Judge, acting in a Contempt hearing against Jeffrey Bayko, either ex-parte, or at least without notice to the mortgage holders, unwittingly reversed the Trial Judge, ignored the Trial

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 5 of 8

Judge's finding that he lacked jurisdiction and purported to invalidate the mortgages.    A copy of

the Motion for Reconsideration is attached hereto as <u>Exhibit 1</u>. (For evidentiary purposes, the

Probate Court pleadings, other than Judge DiGangi's order, which are exhibits to the Motion for

Reconsideration are certified copies.).

Finally, these individuals have filed "Defendants', Lisa J. Bayko, Christine Ann Faro and

Charles Rotondi's Memorandum of Law in Support of its Motion for Summary Judgment and

Opposition to the Defendants Michael and Helen Bayko's Motion for Summary Judgement".

Michael and Helen ask that the Court strike that document as irrelevant. The document includes

an additional, unattested Statement of Facts and an Argument section. The Argument section

attempts to make claims against property interests held by other parties. These claims appear for

the first and only time in a supplemental filing supporting the Motion for Summary Judgment.

There is no proper pleading which requires an answer. There is no crossclaim or counterclaim.

There is not even any claim in the Motion for Summary Judgment itself. The claims are

unsupported by the evidence and factually inaccurate.

The first claim is that Jeffrey Bayko violated his divorce agreement when he encumbered his

share of the property. Even if true, that claim is not linked to the priority of mortgages recorded

by a bonafide purchaser for value. (For example, one who advanced money, used by Jeffrey to

pay his child support, in exchange for a note secured by Jeffrey's equity in the property).    The

second is that the mortgages are invalid as fraudulent. In short, that Jeffrey committed fraud

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 6 of 8

when he encumbered the property allegedly against his settlement agreement.   It is unclear who Jeffrey is alleged to commit fraud against.  It is also not relevant to the claims of the creditors as there is no allegation that Michael or Helen committed fraud.

## Conclusion

The individuals filing this motion are not yet parties; therefore, a motion for summary judgement is inappropriate.  No claims have been made by these individuals in the form of a complaint, counterclaim, cross claim or answer.  The Motion for Summary Judgment, when extracted from the multipurpose pleading, makes no claims.  Yet, it appears that these three individuals, with apparently conflicting interests, wish to use unsupported and irrelevant 'facts' and allegations scattered throughout the various interconnected pleadings to influence the court to make a disposition of the property different than that which would be based on record title.
The motion should be dismissed with prejudice.

## Request for Oral Argument

Michael and Helen Bayko respectfully request a hearing on their Motion for Summary Judgment, Opposition filed this date with the U.S. District Court along with Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment and Opposition to the Defendant Helen and Michael Bayko's Motion for Summary Judgment; and Helen and Michael Bayko's Opposition to Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 7 of 8

Respectfully submitted,
Michael J. Bayko and Helen E. Bayko
by their attorney,

Date:   November 24, 2004

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 24 day of November 2004, I served a copy of the enclosed  Helen and Michael Bayko's Opposition to Defendant's Lisa J. Bayko, Christine Ann Faro, and Charles Rotondi's Verified Motion for Summary Judgment; and Request for Hearing, by mailing a copy of the same, first class mail, postage prepaid to: Jeffrey Bayko, Sr., c/o Attorney Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983; Attorney Christine Ann Faro, 79 State Street, Newburyport, MA 01950, individually and as attorney for Lisa Bayko; Attorney  Gary Evans, Evans, Evans and Bingham, 58 Main Street, Topsfield, MA 01983, individually;  Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389, Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Attorney Michele A. Rooke, Doherty, Wallace, Pillsbury and Murphy, P.C., One Monarch Place, Suite 1900, Springfield, MA 011449-1900 attorney for Banknorth Group; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114; Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204; Assistant US Attorney Barbara Healy Smith, U.S. Department of Justice, U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02110; and Attorney John Aquino, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.

Michael J. Bayko and Helen E. Bayko's Opposition to
Lisa J. Bayko, Christine Ann Faro and Charles Rotondi's Motion for Summary Judgment
Page 8 of 8