UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 DEC -7  P 2: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GMAC MORTGAGE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) No. 04-12448-GAO |
| JEFFREY L. BAYKO, SR., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on this day the original certified or attested to copies of the state court pleadings received from the Clerk/Magistrate of the Norfolk Superior Court, were filed with the United States District Court.

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY

BY: *Barbara Healy Smith*
Barbara Healy Smith
Assistant U. S. Attorney
U.S. Courthouse - Suite 9200
1 Courthouse Way
Boston, MA  02210
(617) 748-3282

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on
7 December 2004
*Barbara Healy Smith*
Assistant U.S. Attorney

MAS-20030312
collins

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

12/02/2004
10:53 AM

RECEIVED
U.S. ATTORNEY
04 DEC -3 PM 3: 14

FILED
CLERKS OFFICE

**ESCV2004-01855**
**GMAC Mortgage Corporation v Bayko Sr et al**

2004 DEC -7 P 2: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | | | |
|---|---|---|---|---|
| **File Date** | 10/06/2004 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 12/02/2004 | **Session** | B - Civil-CtRm 1 (Newburyport) | |
| **Origin** | 1 | **Case Type** | E99 - Miscellaneous | |
| **Lead Case** | | **Track** | X | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 01/04/2005 | **Answer** | 03/05/2005 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 04/04/2005 | **Disposition** | 05/04/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
GMAC Mortgage Corporation
Active 10/06/2004

**Private Counsel 552866**
David M Rosen
Harmon Law Offices (Mark P)
150 California Street
PO Box 610389
Newton Highlands, MA 02461-0389
Phone: 617-558-0500
Fax: 617-244-7304
Active 10/06/2004 Notify

**Defendant**
Jeffrey L Bayko Sr
Served: 11/10/2004
Served (answr pending) 11/17/2004

**Defendant**
Lisa J Bayko
Served: 10/18/2004
Served (answr pending) 10/18/2004

**Defendant**
Helen E Bayko
Served: 10/25/2004
Answered: 10/27/2004
Answered 10/27/2004

**Private Counsel 563244**
Timothy D Sullivan
451 Andover Street
Suite 185
No Andover, MA 01845
Phone: 978-794-0360
Fax: 978-794-5457
Active 10/27/2004 Notify

MAS-20030312    Case 1:04-cv-12448-GAO    Document 27    Filed 12/07/2004    Page 3 of 23
collins    Commonwealth of Massachusets    12/02/2004
ESSEX SUPERIOR COURT    10:53 AM
Case Summary
Civil Docket

## ESCV2004-01855
## GMAC Mortgage Corporation v Bayko Sr et al

**Defendant**
Michael J Bayko
Served: 10/25/2004
Answered: 10/27/2004
Answered 10/27/2004

*** See Attorney Information Above ***

**Defendant**
Banknorth Group
Served: 10/27/2004
Answered: 11/12/2004
Answered 11/12/2004

**Private Counsel 643632**
Michele A Rooke
Doherty Wallace Pillsbury & Murphy
1414 Main Street
1 Monarch Place 19th floor
Springfield, MA 01144-1002
Phone: 413-733-3111
Fax: 413-734-3910
Active 11/15/2004 Notify

**Defendant**
Hans R Hailey
Served: 11/12/2004
Answered: 11/17/2004
Answered 11/17/2004

**Private Counsel 216820**
Hans R Hailey
Hailey Law Offices (Hans R)
11 Beacon Street
Suite 1120
Boston, MA 02108
Phone: 617-723-4010
Fax: 617-742-5489
Active 11/22/2004 Notify

**Defendant**
Charles D Rotondi
Served: 10/18/2004
Served (answr pending) 10/18/2004

**Defendant**
Commonwealth of Massachusetts Department of
Revenue
Answered: 11/01/2004
Answered 11/01/2004

**Private Counsel 435260**
Eileen Ryan McAuliffe
Mass Revenue Dept
100 Cambridge Street
PO Box 9565
Boston, MA 02114-9565
Phone: 617-626-3217
Fax: 617-626-3245
Active 11/01/2004 Notify

MAS-20030312

collins

Case 1:04-cv-12448-GAO    Document 27    Filed 12/07/2004    Page 4 of 23

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

12/02/2004
10:53 AM

## ESCV2004-01855
## GMAC Mortgage Corporation v Bayko Sr et al

**Defendant**
The United State of America
Served: 10/27/2004
Served (answr pending) 11/17/2004

Private Counsel 552726
Barbara Healy Smith
US Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
Phone: 617-748-3263
Active 12/02/2004 Notify

**Defendant**
Gary  Evans
Service pending 10/06/2004

**Defendant**
Christine Ann  Faro
Served: 10/18/2004
Served (answr pending) 10/18/2004

**Defendant**
John  Aquino
Served: 11/03/2004
Served (answr pending) 11/08/2004

**Defendant/counterclaim**
GMAC Mortgage Corporation
Active 11/17/2004

**Plaintiff/counterclaim**
Hans R  Hailey
Active 11/17/2004

**ENTRIES**

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

# ESCV2004-01855
## GMAC Mortgage Corporation v Bayko Sr et al

| Date | Paper | Text |
|------|-------|------|
| 10/06/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/06/2004 | | Origin 1, Type E99, Track X. |
| 10/27/2004 | 2.0 | Answer of Helen E. Bayko and Michael J. Bayko: Filed |
| 10/27/2004 | 3.0 | SERVICE RETURNED: Helen E Bayko(Defendant) by attorney Timothy Sullivan. |
| 10/27/2004 | | SERVICE RETURNED: Michael J Bayko(Defendant) by attorney Timothy Sullivan. |
| 10/28/2004 | 4.0 | SERVICE RETURNED (summons): Lisa J Bayko, service made on October 18, 2004 accepted by Atty David M. Rosen |
| 10/28/2004 | 5.0 | SERVICE RETURNED (summons): Christine Ann Faro, service made on October 18, 2004 accepted by Atty David M. Rosen |
| 10/28/2004 | 6.0 | SERVICE RETURNED (summons): Charles D. Rotondi  service made on October 18, 2004 accepted by Atty David M. Rosen |
| 11/01/2004 | 7.0 | ANSWER:  Commonwealth of Massachusetts Department of Revenue(Defendant) |
| 11/01/2004 | 8.0 | Atty Eileen Ryan McAuliffe's notice of appearance for Commonwealth of Massachusetts Department of Revenue |
| 11/03/2004 | 9.0 | SERVICE RETURNED:  Banknorth Group(Defendant) |
| 11/08/2004 | 10.0 | SERVICE RETURNED: John Aquino(Defendant) by delivery in hand on 11/3/04 |
| 11/12/2004 | 11.0 | ANSWER:  Banknorth Group(Defendant) |
| 11/17/2004 | 12.0 | SERVICE RETURNED with certified mail return receipt:  The United State of America(Defendant) by certified mail on 10/27/04 |
| 11/17/2004 | 13.0 | SERVICE RETURNED: Hans R Hailey(Defendant) in hand to A. Tolu, Legal Assistant & agent in charge. |
| 11/17/2004 | 14.0 | SERVICE RETURNED: Jeffrey L Bayko Sr(Defendant) by leaving at last and usual. |
| 11/17/2004 | 15.0 | ANSWER: Hans R Hailey(Defendant)and countercalim |
| 12/02/2004 | 16.0 | Notice for Removal to the United States District Court filed by The United State of America, filed 12/1/04 |
| 12/02/2004 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

COMMONWEALTH OF MASSACHUSETTS

FILED
CLERKS OFFICE

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

---

GMAC MORTGAGE CORPORATION,

Plaintiff,

v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO,
BANKNORTH GROUP, HANS R. HAILEY,
CHARLES D. ROTONDI,
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, THE
UNITED STATES OF AMERICA, GARY
EVANS, CHRISTINE ANN FARO, AND
JOHN AQUINO,

Defendants.

---

A TRUE COPY

DEPUTY ASST. CLERK

## COMPLAINT IN INTERPLEADER
### (Mortgage Foreclosure Surplus Proceeds)

## INTRODUCTION

This action is being brought after a foreclosure sale on a property located at 7A

Graham Avenue, Newbury, MA. GMAC Mortgage Corporation, the foreclosing

mortgagee, (hereinafter referred to as "GMAC") is currently holding surplus

funds that it would like to pay into Court. GMAC further requests that it be

discharged from any further obligation involving this matter.

In the above action, GMAC Mortgage Corporation respectfully represents:

## PARTIES

1.    The Plaintiff, GMAC, is a corporation having its usual place of business at 500

Enterprise Road, Suite 150, Horsham, PA 19044.

2.    The Defendant, Jeffrey L. Bayko, Sr., is upon information and belief, an
individual c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983.

3.    The Defendant, Lisa J. Bayko, is upon information and belief, an individual c/o
Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950.

4.    The Defendants, Helen E. Bayko and Michael J. Bayko, are upon information and
belief, individuals c/o Attorney Timothy Sullivan, 451 Andover Street, Suite 185,
North Andover, MA 01845.

5.    The Defendant, Banknorth Group, is upon information and belief, a financial
institution with a last known address of P.O. Box 1503, Orleans, MA, 02653.

6.    The Defendant, Hans R. Hailey, is upon information and belief, an individual with
a last known address of 225 Friend Street, Boston, MA 02114.

7.    The Defendant, Charles D. Rotondi, is upon information and belief, an individual
with a last known address of 79 State Street, Newburyport, MA 01950.

8.    The Defendant, Commonwealth of Massachusetts Department of Revenue, is
upon information and belief, a state agency with a usual business address of
Collections Bureau, P.O. Box 7021, Boston, MA 02204.

9.    The Defendant, The United State of America, is upon information and belief, a
federal agency with a usual business address of the Internal Revenue Services,
P.O. Box 9112, Stop 20800, Boston, MA 02203.

10.    The Defendant, Gary Evans, is upon information and belief, an individual with a
last known address of 58 Main Street, Topsfield, MA 01983.

11.    The Defendant, Christine Ann Faro, is upon information and belief, an individual
with a last known address of 79 State Street, Newburyport, MA 01950.



2

12.    The Defendant, John Aquino, is upon information and belief, an individual with a last known address of Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

## FACTS

13.    The Plaintiff, GMAC, was the holder by assignment of a first mortgage given by Jeffrey L. Bayko and Lisa J. Bayko to The Family Mutual Savings Bank, dated May 20, 1993 and recorded with the Essex County (Southern District) Registry of Deeds at Book 11897, Page 525, securing the real estate located at 14A Graham Avenue, Newbury, MA  01951 ("the property").

14.    On March 12, 2004, GMAC foreclosed on the mortgaged property by public auction.

15.    The mortgaged property was sold to a third party for $307,500.00.

16.    After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, accrued interest and late charges in the aggregate sum of $102,757.41, there is a surplus now held by the Plaintiff in the amount of $186,742.59.  See Exhibit "A" attached hereto.

17.    The following persons and entities appear of record to be all of the persons or entities having an interest in said funds held by GMAC, to wit:

      (a)    The Defendant, Jeffrey L. Bayko, Sr., is the former holder of the equity of redemption.

      (b)    The Defendant, Lisa J. Bayko, is the former holder of the equity of redemption.

(c)     The Defendant, Banknorth Group, is the holder of a Mortgage dated April 24, 1997 and recorded April 24, 1997 in the Essex County Registry of Deeds at Book 14068, Page 475 in the original principal amount of $15,000.00.

(d)     The Defendants, Michael J. Bayko and Helen E. Bayko, are the holders of a third mortgage dated July 19, 2002, and recorded August 12, 2002 in the Essex County Registry of Deeds at Book 21193, Page 386 in the original principal balance of $6,300.00.

(e)     The Defendant, Hans R. Hailey, is the holder of an Attorney's Lien dated February 6, 2003 and recorded February 10, 2003 in the Essex County Registry of Deeds at Book 20139, Page 71.

(f)     The Defendant, Charles D. Rotondi, is the holder of an Attorney's Lien dated February 11, 2003 and recorded March 20, 2003 in the Essex County Registry of Deeds at Book 20391, Page 444.

(g)     The Defendant, Commonwealth of Massachusetts Department of Revenue, is the holder of a state tax lien dated and recorded on April 4, 2003 in the Essex County Registry of Deeds at Book 20521, Page 207 in the original amount of $8,463.64.

(h)     The Defendant, The United States of America, is the holder of a federal tax lien dated May 1, 2003 and recorded on June 3, 2003 in the Essex County Registry of Deeds at Book 20949, Page 90 in the original amount of $47,196.80.  Upon information and belief, the IRS holds numerous other liens against Jeffrey L. Bayko.

(i)     The Defendant, Gary Evans, is supposed to receive $66,000.00 to be held in escrow pursuant to the terms of a Separation Agreement dated and recorded May 24, 2002 in the Essex County Registry of Deeds at Book 21764, Page 59.

(j)     The Defendant, Christine Ann Faro, is the holder of an Attorney's Lien dated and recorded October 2, 2003 in the Essex County Registry of Deeds at Book 21911, Page 222.

(k)     The Defendant, John Aquino is a Chapter 7 Trustee who has abandoned his interest in the real estate.

**WHEREFORE**, the Plaintiff, GMAC Mortgage Corporation, prays that:

1.    The said Defendants be ordered to appear and present their claims, if any, to the surplus funds;

2.    That the Plaintiff be allowed its costs, expenses and attorney's fees in this Interpleader Action;

3.    That the Plaintiff be permitted to pay all surplus funds held by it in the amount of $186,742.59, less its fees and costs incurred in this Interpleader Action, into this Court;

4.    That the rights of the Defendants herein named be determined by this Court as to the surplus funds paid into the Court;

5.    That this action be discontinued and dismissed as to the Plaintiff, it being merely a stakeholder and having no interest in said funds; and

6.    For such other and further relief as this Court deems just and proper.

5

**GMAC MORTGAGE CORPORATION,**
By its Attorney,

David M. Rosen, Esquire
BBO#: 552866
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
(617) 558-0500

Dated: 10/4/07

## EXHIBIT "A"

SUCCESSFUL BID:                              $307,500.00

FUNDS OWED TO                                $120,757.41
GMAC MORTGAGE CORP.:

SURPLUS FUNDS:                               $186,742.59

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | ː ͻͻ5 | County: Essex |

**PLAINTIFF(S)**
GMAC Mortgage Corporation

**DEFENDANT(S)** Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Comm. of MA DOR, The USA, Gary Evans, Christine Ann Faro and John Aquino

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
David M. Rosen, Harmon Law Offices, P.C.
150 California Street, Newton, MA 02458
(617) 558-0500
Board of Bar Overseers number: 552866

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E99 | Interpleader | ( X ) | ( ) Yes  – ( X ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .

Subtotal $. . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $. . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . .
F. Other documented items of damages (describe)

$186,742.59. . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . .
TOTAL $186,742.59. . . . .

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff is currently holding surplus funds that it would like to pay into Court. GMAC further requests that it be discharged from any further obligatin involving this matter.

TOTAL $.186,742.59. . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 10/5/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-01855-B**

RE:    **GMAC Mortgage Corporation v Bayko Sr et al**

TO:David M Rosen, Esquire
    Harmon Law Offices (Mark P)
    150 California Street
    PO Box 610389
    Newton Highlands, MA 02461-0389



## TRACKING ORDER - X TRACK

      You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| **STAGES OF LITIGATION** | **DEADLINE** |
| --- | --- |
| Service of process made and return filed with the Court | 01/04/2005 |
| Response to the complaint filed (also see MRCP 12) | 03/05/2005 |
| Firm trial date set | 04/04/2005 |
| Case disposed | 05/04/2005 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session **B** sitting in **CtRm 1 (Newburyport)** at Essex Superior Court.

**Dated: 10/08/2004**

                                  **Thomas H. Driscoll Jr.**
                                    **Clerk of the Courts**

                         **BY: JoDee Doyle - Sheila Gaudette**
                                     **Assistant Clerk**

**Location: CtRm 1 (Newburyport)**
**Telephone: (978) 462-4474**

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic
cvdtracx_2.wpd 502669 inidoc01 exarhose

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. ESCV2004-01855

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>            Plaintiff<br>v.<br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>BANKNORTH GROUP, HANS R. HAILEY,<br>CHARLES D. ROTONDI, COMMONWEALTH<br>OF MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE ANN<br>FARO, AND JOHN AQUINO,<br>            Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF HELEN E. BAYKO AND MICHAEL J. BAYKO

### Introduction

Helen E. Bayko and Michael J. Bayko are the elderly parents of Jeffrey L. Bayko, Sr. During the pendency of Jeffrey's divorce and in the period following the conclusion of Jeffrey's divorce proceedings, Jeffrey borrowed Forty-Six Thousand, Three Hundred, Sixty ($46,360.00) Dollars from his parents signing a Note which allowed interest at 6%. The Note also allowed "all reasonable costs and expenses, including but not limited to reasonable attorney's fees in connection with collecting any amount due hereunder". The Note was secured by a Mortgage Deed against Jeffrey's interest in 7A Graham Avenue, Newbury, executed on July 19, 2002 and recorded at the Essex South Registry of Deeds on August 12, 2002. Later, on May 2, 2003, Jeffrey L. Bayko, Sr. borrowed an additional Six Thousand, Three Hundred ($6,300.00) Dollars, an amount necessary to secure his release from jail, which was paid to the Department of Revenue for back child support. This loan was also memorialized in a duly executed promissory Note and mortgage. The second Bayko mortgage was recorded on July 8, 2003.

As noted in the pleadings below, it appears that the Plaintiff inadvertently confused the two mortgages citing the date of the first Bayko mortgage along with the book, page and amount of

the second Bayko mortgage.

## **Parties**

1.    The Plaintiff, GMAC is a corporation having its usual place of business at 500 Enterprise
Road, Suite 150 Horsham, PA 19044.

Answer

1.    Admit.

2.    The Defendant, Jeffrey L. Bayko, Sr., is upon information and belief, an individual c/o
Attorney Gary Evans, 58 Mains Street, Topsfield, MA 01983.

Answer

2.    Helen and Michael Bayko admit that Jeffrey L. Bayko, Sr. is an individual.  However,
they do not know whether service has been accepted or an appearance has been filed by
Attorney Gary Evans and therefore they deny his address and call upon Plaintiff to prove
same.

3.    The Defendant, Lisa J. Bayko, is upon information and belief, an individual c/o Attorney
Charles D. Rotondi, 89 State Street, Newburyport, MA 01950.

Answer

3.    Helen and Michael Bayko admit that Lisa J. Bayko is an individual.  However, they do
not know whether service has been accepted or an appearance has been filed by Attorney
Charles Rotondi and therefore they deny her address and call upon Plaintiff to prove
same.

4.    The Defendants, Helen E. Bayko and Michael J. Bayko, are upon information and belief,
individuals, c/o Attorney Timothy D. Sullivan, 451 Andover Street Suite 185, North
Andover, MA 01845.

Answer

4.    Admit.

5.    The Defendant, Banknorth Group, is upon information and belief, a financial institution
with a last known address of P.O. Box 1503, Orleans, MA 02653.

Answer

5.      Admit.

6.      The Defendant, Hans R. Hailey, is upon information and belief, an individual with a last known address of 225 Friend Street, Boston, MA 02114.

Answer

6.      Admit.

7.      The Defendant, Charles D. Rotondi, is upon information and belief, an individual with a last known address of 79 State Street, Newburyport, MA 01950.

Answer

7.      Admit.

8.      The Defendant, Commonwealth of Massachusetts Department of Revenue, is upon information and belief, a state agency with a usual business address of Collections Bureau, P.O. Box 7021, Boston, MA 02204.

Answer

8.      Admit.

9.      The Defendant, The United States of America, is upon information and belief, a federal agency with a usual business address of the Internal Revenue Services, P.O. Box 9112, Stop 20800, Boston, MA 02203.

Answer

9.      Helen and Michael Bayko admit that the Internal Revenue Service is an agency of The United States of America.

10.     The Defendant, Gary Evans, is upon information and belief, an individual with a last known address of 58 Main Street, Topsfield, MA 01983.

Answer

10.     Admit.

11.    The Defendant, Christine Ann Faro, is upon information and belief, an individual with a last known address of 79 State Street, Newburyport, MA 01950.

Answer

11.    Admit.

12.    The Defendant, John Aquino, is upon information and belief, an individual with a last known address of Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

Answer

12.    Admit.

## Facts

13.    The Plaintiff, GMAC, was holder by assignment of a first mortgage given by Jeffrey L. Bayko and Lisa J. Bayko to The Family Mutual Savings Bank, dated May 20, 1993 and recorded with the Essex County (Southern District) Registry of Deeds at Book 11897, Page 525, securing the real estate located at 14A Graham Avenue, Newbury, MA 01951 ("the property").

Answer

13.    Helen and Michael Bayko admit that GMAC was the holder by assignment of a first mortgage given by Jeffrey L. Bayko and Lisa J. Bayko to The Family Mutual Savings Bank, dated May 20, 1993 and recorded with the Essex County (Southern District) Registry of Deeds at Book 11897, Page 525.   They deny that the mortgage was secured by real estate located at 14A Graham Avenue, Newbury, MA 01951, as it was secured by real estate located at 7A Graham Avenue, Newbury, MA.

14.    On March 12, 2004, GMAC foreclosed on the mortgaged property by public auction.

Answer

14.    Admit.

15.    The mortgaged property was sold to a third party for $307,500.00.

Answer

15.    Admit.

16.    After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, accrued interest and late charges in the aggregate sum of $102,757.41, there is a surplus now held by the Plaintiff in the amount of $186,742.59.

Answer

16.    Admit.

17.    The following persons and entities appear of record to be all of the persons or entities having and interests in said funds held by GMAC, to wit:

Answer

Denied. Michael J. Bayko and Helen E. Bayko hold two Notes secured by two mortgages.

The first of the two Bayko mortgages was recorded August 12, 2002 at the Southern Essex Registry of Deeds at Book 19056, Page 153 in the amount of $46,360.00, plus interest, plus attorneys' fees and costs. The second Bayko mortgage was recorded July 8, 2003 in the amount of $6,300.00 plus interest, plus attorneys' fees and costs at the Southern Essex Registry of Deeds at Book 21193, Page 386.

(a)    The Defendant, Jeffrey L. Bayko, Sr. is the former holder of the equity of redemption.

Answer

Denied. Jeffrey L. Bayko, Sr. held an undivided one half interest in the property subject to the valid mortgages and liens of record. Any redemption rights he held were limited to his interest.

(b)    The Defendant, Lisa J. Bayko, is the former holder of the equity of redemption.

Answer

Denied. Lisa J. Bayko held an undivided one half interest in the property subject to the valid mortgages and liens of record. Any redemption rights she held were limited to her interest.

(c)    The Defendant, Banknorth Group, is the holder of a Mortgage dated April 24, 1997 and recorded April 24, 1997 in the Essex County Registry of Deeds at Book 14068, Page 475 in the original principal amount of $15,000.00.

Answer

>Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Banknorth Group, to prove same.

(d)    The Defendants Michael J. Bayko and Helen E. Bayko, are the holders of a third mortgage dated July 19, 2002, and recorded August 12, 2002 in the Essex County Registry of Deeds at Book 21193, Page 386 in the original principal balance of $6,300.00.

Answer

>Michael J. Bayko and Helen E. Bayko admit that they are holders of a mortgage dated July 19, 2002 and recorded August 12, 2002. However, they aver that mortgage is in the amount of Forty-Six Thousand, Three Hundred, Sixty ($46,360.00) Dollars plus interest, attorneys' fees and costs. It is recorded at the Essex South Registry of Deeds at Book 19056, Page 153.

>Michael J. Bayko and Helen E. Bayko also state that they are holders of a mortgage recorded at Book 21193 at Page 386 at the Essex South Registry of Deeds in the original amount of Six Thousand, Three Hundred ($6,300.00) Dollars, plus interest, attorneys' fees and costs. It was dated May 28, 2003, recorded on July 8, 2003 at Essex South Registry of Deeds at Book 21193, Page 386.

>To the extent that the Plaintiff alleges that their July 19, 2002 mortgage is a third mortgage the allegation is denied.

(e)    The Defendant, Hans R. Hailey, is the holder of an Attorney's Lien dated February 6, 2003 and recorded February 10, 2003 in the Essex County Registry of Deeds at Book 20139, Page 711.

Answer

>Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Hans R. Hailey, to prove same.

(f)    The Defendant Charles D. Rotondi, is the holder of an Attorney's Lien dated February 11, 2003 and recorded March 20, 2003 in the Essex County Registry of Deeds at Book 20391, Page 444.

Answer

>Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Charles D. Rotondi, to prove same.

(g)     The Defendant, Commonwealth of Massachusetts Department of Revenue, is the holder of a state tax lien dated and recorded on April 4, 2003 in the Essex County Registry of Deeds at Book 20251, Page 207 in the original amount of $8,463.64.

Answer

>Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Department of Revenue, to prove same.

(h)     The Defendant, The United States of America, is the holder of federal tax lien dated May 1, 2003 and recorded on June 3, 2003 in the Essex County Registry of Deeds at Book 20949, Page 90 in the original amount of $47,196.80. Upon information and belief, the IRS holds numerous other liens against Jeffrey L. Bayko.

Answer

>Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Internal Revenue Service, to prove same.

(i)     The Defendant, Gary Evans, is supposed to receive $66,000.00 to be held in escrow pursuant to the terms of a Separation Agreement dated and recorded May 24, 2002 in the Essex County Registry of Deeds at Book 21764, Page 59.

Answer

>Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Gary Evans, to prove same.

(j)     The Defendant, Christine Ann Faro, is the holder of an Attorney's Lien dated and recorded October 2, 2003 in the Essex County Registry of Deeds at Book 21911, Page 222.

Answer

> Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant Christine Ann Faro, to prove same.

(k)    The Defendant, John Aquino is a Chapter 7 Trustee who has abandoned his interest in the real estate.

Answer

> Michael J. Bayko and Helen E. Bayko deny the above allegation and call upon the Plaintiff, or Defendant John Aquino, to prove same. Defendant's Michael J. and Helen E. Bayko further state that their claims are not barred by the bankruptcy proceedings.

WHEREFORE, the Defendants Michael J. Bayko and Helen E. Bayko claim that their debt is secured and respectfully request that this Honorable Court Order that they be paid the amount of their outstanding mortgages with interest, attorneys' fees and costs as provided therein. (The notes and mortgages and supporting affidavits will be attached to a motion for summary judgement.)

Specifically, Michael J. Bayko and Helen E. Bayko seek $69,578.76 plus interest from the date of this pleading and their attorney's fees and costs for this phase of the collection process.

1.    $46,360.00 being the principal on their July 19, 2002 Note and Mortgage recorded August 12, 2002 at Essex County South Registry of Deeds Book 19056, 153.

2.    Interest to the date of payment as provided in their July 19, 2002 Note and Mortgage. Interest to date is currently $6,258.60.

3.    Attorneys' fees and costs as provided in their July 19, 2002 Note and Mortgage. Attorneys' fees and costs paid to date, before including the costs related to this Interpleader Action are: $10,124.66. These fees are related to litigation brought by Defendant Lisa Bayko beginning in August of 2003 all of which were ultimately dismissed or otherwise disposed of in September of 2004 by the Probate and Family Court.

4.    $6,300 being the principal on their May 9, 2003 promissory Note and Mortgage recorded July 8, 2003 at Essex County South Registry of Deeds Book 21193, Page 386.

5.    Interest from the date of the Note to the date of final payment. Interest to date is currently $535.50.

6.    Attorneys' fees and costs for responding to this Interpleader.

Respectfully submitted,                          Date:    October 25, 2004
Michael J. Bayko and Helen E. Bayko
by their attorney,

_____
Timothy D. Sullivan, Esq.
AndoverLaw, P.C.
451 Andover Street, Suite 185
North Andover, MA 01845
(978) 794-0360
BBO# 563244

## CERTIFICATE OF SERVICE

I, Timothy D. Sullivan, Esq. do hereby certify that on this 25th day of October, 2004, I served a
the foregoing Answer of Helen E. Bayko and Michael J. Bayko, by mail a copy first class mail,
postage prepaid to: Attorney David M. Rosen, Harmon Law Offices, P.C., P.O. Box 610389,
Newton Highlands, MA 02461-0389, attorney for GMAC Mortgage Corporation; Jeffrey L.
Bayko, Sr. c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Lisa Bayko c/o
Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Banknorth Group, P.O.
Box 1503, Orleans, MA 02653; Attorney Hans Hailey, 225 Friend Street, Boston, MA 02114;
Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA 01950; Commonwealth of
Massachusetts Department of Revenue, Collections Bureau, P.O. Box 7021, Boston, MA 02204;
United States of America, Internal Revenue Service, P.O. Box 9112, Stop 20800, Boston, MA
02203; Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983; Attorney Christine Faro, 79
State Street, Newburyport, MA 01950; and Attorney John Aquino, Anderson & Aquino, LLP,
260 Franklin Street, Boston, MA 02110.

_____
Timothy D. Sullivan, Esq.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                   SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT
                                             CIVIL ACTION NO. ESCV2004-01855

---

GMAC MORTGAGE CORPORATION,

      Plaintiff,

    v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO,
BANKNORTH GROUP, HANS R. HAILEY,
CHARLES D. ROTONDI,
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, THE
UNITED STATES OF AMERICA, GARY
EVANS, CHRISTINE ANN FARO, AND
JOHN AQUINO,

      Defendants.

---

## ACCEPTANCE OF SERVICE
### FOR HELEN E. BAYKO AND MICHAEL J. BAYKO

The undersigned hereby accepts service of the Summons, Complaint, Civil Action

Cover Sheet and Tracking Order – X Track for Helen E. Bayko and Michael J. Bayko in

the above-referenced action.

 

Attorney Timothy Sullivan
451 Andover Street, Suite 185
North Andover, MA  01845

Dated:  October 21, 2004



(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved*: - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

<div style="float:left; writing-mode:vertical">NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.</div>

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

......................................................................................................... , Plaintiff(s)

v.

Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The UNited States of America, Gary Evans, Christine Ann Faro, and John Aquino

....................................................................... Defendant(s)

## SUMMONS

To the above named Defendant:   Helen E. Bayko, c/o Attorney Timothy Sullivan, 451 Andover Street, Suite 185, North Andover, MA 01845

You are hereby summoned and required to serve upon  David M. Rosen, Harmon Law Offices, P.C.

plaintiff's attorney, whose address is  150 California Street, Newton, MA 02458  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 21st day of   October   , in the year of our Lord two thousand   four

Thomas H. Driscoll Jr.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT  -  MOTOR VEHICLE TORT  - CONTRACT  -  EQUITABLE RELIEF  -  OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

...................................................................................................., Plaintiff(s)

*v.*

Jeffrey L. Bayko, Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The United States of America, Gary Evans, Christine Ann Faro and John Aquino, Defendant(s)

## SUMMONS

To the above named Defendant: Michael J. Bayko, c/o Attorney Timothy Sullivan, 451 Andover Street, Suite 185, North Andover, MA 01845

You are hereby summoned and required to serve upon David M. Rosen, Harmon Law Offices, P.C.,

plaintiff's attorney, whose address is 150 California Street, Newton, MA 02458 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 21st day of October , in the year of our Lord two thousand four

Thomas H. Driscoll Jr.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. ESCV2004-01855

GMAC MORTGAGE CORPORATION,

Plaintiff,

v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO,
BANKNORTH GROUP, HANS R. HAILEY,
CHARLES D. ROTONDI,
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, THE
UNITED STATES OF AMERICA, GARY
EVANS, CHRISTINE ANN FARO, AND
JOHN AQUINO,

Defendants.

## ACCEPTANCE OF SERVICE
### FOR LISA J. BAYKO

The undersigned hereby accepts service of the Summons, Complaint, Civil Action

Cover Sheet and Tracking Order – X Track for Lisa J. Bayko in the above-referenced

action.

Attorney Charles D. Rotondi
79 State Street
Newburyport, MA 01950

Dated: October /8, 2004

Attorney Christine A. Faro
79 State Street
Newburyport, MA 01950

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT   - MOTOR VEHICLE TORT  - CONTRACT  - EQUITABLE RELIEF  - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

..........GMAC Mortgage Corporation .................................................................. , Plaintiff(s)

v.

..Jeffrey.L..Bayko,.Sr.,.Lisa.J..Bayko,.Helen.E..Bayko,.Michael.J. , Defendant(s)
Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of
Massachusetts Department of Revenue, the United States of America, Gary Evans,
Christine Ann Faro and John Aquino

## SUMMONS

To the above named Defendant: Lisa J. Bayko, c/o Attorney Charles D. Rotondi, 79 State Street, Newburyport, MA
01950

You are hereby summoned and required to serve upon _David M. Rosen, Harmon Law Offices, P.C._ ,

plaintiff's attorney, whose address is _150 California Street, Newton, MA  02458_ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_Essex Superior Court_ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the  21st
day of  October , in the year of our Lord two thousand  four

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

*5*

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.
                **SUPERIOR COURT DEPARTMENT**
                **OF THE TRIAL COURT**
                **CIVIL ACTION NO. ESCV2004-01855**

---

**GMAC MORTGAGE CORPORATION,**

              **Plaintiff,**

     **v.**

**JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO,
BANKNORTH GROUP, HANS R. HAILEY,
CHARLES D. ROTONDI,
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, THE
UNITED STATES OF AMERICA, GARY
EVANS, CHRISTINE ANN FARO, AND
JOHN AQUINO,**

           **Defendants.**

---

## ACCEPTANCE OF SERVICE
## FOR CHRISTINE ANN FARO

The undersigned hereby accepts service of the Summons, Complaint, Civil Action

Cover Sheet and Tracking Order – X Track for Christine Ann Faro in the above-

referenced action.

                    Attorney Christine Ann Faro
                    79 State Street
                    Newburyport, MA  01950

Dated:  October /8 , 2004

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. ESCV2004-01855

GMAC MORTGAGE CORPORATION,

Plaintiff,

v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO,
BANKNORTH GROUP, HANS R. HAILEY,
CHARLES D. ROTONDI,
COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF REVENUE, THE
UNITED STATES OF AMERICA, GARY
EVANS, CHRISTINE ANN FARO, AND
JOHN AQUINO,

Defendants.

## ACCEPTANCE OF SERVICE
## FOR CHARLES D. ROTONDI

The undersigned hereby accepts service of the Summons, Complaint, Civil Action

Cover Sheet and Tracking Order – X Track for Charles D. Rotondi in the above-

referenced action.

_____
Attorney Charles D. Rotondi
79 State Street
Newburyport, MA  01950

Dated:  October 18, 2004

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

.........................................................................................................................................., Plaintiff(s)

v.

Jeffrey L. Bayko, Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The United States of America, Gary Evans, Christine Ann Faro and John Aquino

, Defendant(s)

## SUMMONS

To the above named Defendant:  Charles D. Rotondi, 79 State Street, Newburyport, MA  01950

You are hereby summoned and required to serve upon  David M. Rosen, Harmon Law Offices, P.C. ,

plaintiff's attorney, whose address is  150 California Street, Newton, MA 02458  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V DelVECCHIO, Esquire, at Salem, the  21st
day of  October  , in the year of our Lord two thousand  four

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and also file the the original in the Clerk's Office.*

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

**SUPERIOR COURT**
**CIVIL ACTION NO. ESCV2004-01855-B**

|  |  |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>**Plaintiff**<br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>BANKNORTH GROUP, HANS R. HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF MASSACHUSETTS<br>DEPARTMENT OF REVENUE, THE<br>UNITED STATES OF AMERICA, GARY EVANS,<br>CHRISTINE ANN FARO, AND JOHN AQUINO,<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

The Massachusetts Commissioner of Revenue ("Commissioner") answers the Complaint of the plaintiff as follows:

Paragraph 1: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 1 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 2: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 2 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 3: The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 3 and calls upon the plaintiff to prove the same to the extent relevant.

Paragraph 4: The Commissioner has insufficient facts to admit or deny the allegations

contained in paragraph 4 and calls upon the plaintiff to prove the same to the extent

relevant.

Paragraph 5: The Commissioner has insufficient facts to admit or deny the allegations

contained in paragraph 5 and calls upon the plaintiff to prove the same to the extent

relevant.

Paragraph 6: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 6 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 7: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 7 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 8: Admitted

Paragraph 9: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 9 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 10: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 10 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 11: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 11 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 12: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 12 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 13: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 13 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 14: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 14 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 15: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 15 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 16: The Commissioner has insufficient facts to admit or deny the allegations
contained in paragraph 16 and calls upon the plaintiff to prove the same to the extent
relevant.

Paragraph 17 (a) through 17 (f): The Commissioner has insufficient facts to admit or
deny the allegations contained in paragraph 17 (a) through 17 (f) and calls upon the
plaintiff to prove the same to the extent relevant.

Paragraph 17 (g): The Commissioner admits that he has an interest in this action by

virtue of a Notice of Massachusetts Tax Lien recorded against Jeffrey L. Bayko on April 4, 2003 in the Essex County Registry of Deeds, a copy of which is attached hereto.

Paragraph 17 (h) through ((k): The Commissioner has insufficient facts to admit or deny the allegations contained in paragraph 17 (h) through 17 (k) and calls upon the plaintiff to prove the same to the extent relevant.

WHEREFORE, the Commissioner prays that the Court:

1. ensure the priority of interests of the parties to this action;

2. ensure that the distribution be done in accordance with the priorities established by the Court;

3. ensure that no attorneys fees or costs be awarded to be the plaintiff which would adversely affect the interest of the Commonwealth and;

4. determine such other relief as if deems appropriate.

ALAN LEBOVIDGE
COMMISSIONER OF REVENUE
By his attorney,

Eileen Ryan McAuliffe
Counsel for the Commissioner
BBO No. 435260
Department of Revenue
Litigation Bureau. 7th Floor
P.O. Box 9565
100 Cambridge Street
Boston, Massachusetts 02114-9565
(617) 626-3217

Dated: October 28, 2004

182245/ERM



COMMONWEALTH OF MASSACHUSETTS
**DEPARTMENT OF REVENUE**

Lien Number:           0441 1000 1613
Taxpayer ID Number:    031 467 969
Spouse's ID Number:    011 469 817

## *NOTICE OF MASSACHUSETTS TAX LIEN*

2003040400086 Bk:20521 Pg:207
04/04/2003 08:53:00 NML Pg 1/1

JEFFREY L. BAYKO
7A Graham Ave
Newbury, Ma
        19511

PLACE OF FILING
Registry of Deeds:      ESSEX COUNTY/SALEM, MA
Secretary of State:     BOSTON, MA

Pursuant to the provisions of Section 50 of Chapter 62c of the General Laws, notice is hereby given that there have been assessed against the following-named taxpayer taxes (including interest and penalties) which remain unpaid, and that the amount of said taxes is a lien in favor of the Commonwealth of Massachusetts upon all property and rights to property belonging to said taxpayer.

| Tax Type | Period End Date | Assessment Date | Assessment Amounts | Statutory Additions | Balance Due |
|----------|-----------------|-----------------|--------------------|--------------------|-------------|
| INCOME   | 12/31/00        | 08/18/02        | $5,313.48          | $2,779.91          | $8,093.39   |
|          | 12/31/01        | 08/16/02        | $449.00            | $66.25             | $370.25     |
|          |                 |                 |                    | TOTAL:             | $8,463.64   |

MDOR-Collections Bureau
P. O. Box 7021
~~Boston, MA 02204~~

Tax Examiner:  Stacey Oneil

Deputy Commissioner

## CERTIFICATE OF SERVICE

I, Eileen Ryan McAuliffe, certify that I have served a copy of the within Answer by first-class mail, postage prepaid, upon:

David M. Rosen, Esquire
Harmon Law Office (Mark P)
150 California Street
Newton Highlands, MA 02461-0389

_____
Eileen Ryan McAuliffe

**Dated:  October 28, 2004**
182245/ERM

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. ESCV2004-01855-B

| | |
|---|---|
| GMAC MORTGAGE CORPORATION,<br>                    Plaintiff<br><br>v.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO,<br>HELEN E. BAYKO, MICHAEL J. BAYKO,<br>BANKNORTH GROUP, HANS R. HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF MASSACHUSETTS<br>DEPARTMENT OF REVENUE, THE<br>UNITED STATES OF AMERICA, GARY EVANS,<br>CHRISTINE ANN FARO, AND JOHN AQUINO,<br>                    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### APPEARANCE

Please enter on the docket my appearance as attorney for the Commissioner of Revenue,

a Defendant in the above-entitled action.

ALAN LEBOVIDGE,
COMMISSIONER OF REVENUE

By his attorney,

Eileen Ryan McAuliffe (BBO# 435260)
Counsel to the Commissioner
Massachusetts Department of Revenue
Litigation Bureau - P.O. Box 9565
100 Cambridge Street
Boston, MA 02114-9565
Phone (617) 626-3217

Dated: October 28, 2004

ERM/mtm//#182175

## CERTIFICATE OF SERVICE

I, Eileen Ryan McAuliffe, certify that I have served a copy of the within Appearance by first-class mail, postage prepaid, upon:

David M. Rosen, Esquire
Harmon Law Office (Mark P)
150 California Street
Newton Highlands, MA 02461-0389

Eileen Ryan McAuliffe

**Dated:  October 28, 2004**

9

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
                                                                                            SUPERIOR COURT
                                                                                            CIVIL ACTION
                                                                                            No. 04-01855-B

GMAC Mortgage Corporation
............................................................................................, Plaintiff(s)

v.

Jeffrey L. Bayko, Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The United States of America, Gary Evans, Christine Ann Faro and John Aquino, Defendant(s)

## SUMMONS

To the above named Defendant: Banknorth Group, P.O. Box 1503, Orleans, MA 02653

You are hereby summoned and required to serve upon __David M. Rosen, Harmon Law Offices, P.C.__

plaintiff's attorney, whose address is _____150 California Street, Newton, MA 02458_____. an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

__Essex Superior Court_____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the  21st
day of  October                             , in the year of our Lord two thousand  four

*Thomas H. Driscoll Jr.*

_____
                                                                                        Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT  You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

**Barnstable County Sheriff's Office**

I hereby certify and return that on **October 27, 2004 at 2:20 PM** I served a true and attested copy of Summons, Complaint and Civil Action Cover Sheet, in hand to Nancy McHorney agent able to accept civil process for the within named Defendant, Banknorth Group, at the last and usual business address to wit: 307 Main Street, Hyannis, MA 02601.

Fee:        $46.40

Brad Parker, Deputy Sheriff
PO Box 614, Centerville, MA  02632

Dated:              , 20      .

N.B.    TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

                    , 20      .

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

Plaintiff(s)

v.

Jeffrey L. Bayko, Banknorth Group, et al.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

*10*

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

............................................................................................., Plaintiff(s)

*v.*

Jeffrey L. Bayko, Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth, Defendant(s) of Massachusetts Department of Revenue, The United States of America, Gary Evans, Christine Ann Faro and John Aquino

## SUMMONS

To the above named Defendant:    John Aquino, 260 Franklin Street, Boston, MA  02110

You are hereby summoned and required to serve upon  David M. Rosen, Harmon Law Offices, P.C.  ,

plaintiff's attorney, whose address is  150 California Street, Newton, MA 02458  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the  21st

day of  October  , in the year of our Lord two thousand  four

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

*NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.*

COMMONWEALTH OF
MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855B

GMAC Mortgage Corporation

Plaintiff(s)

Jeffrey L. Bayko, John Aquino, et al.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

20

THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN

N.B.   TO PROCESS SERVER:-

Dated:                                      , 20



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

November 4, 2004

I hereby certify and return that on 11/3/2004 at 3:00PM I served a true and
attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this
action in the following manner: To wit, by delivering in hand to John Aquino at ,
260 Franklin Street,  Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel
($13.12), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $49.12

Deputy Sheriff John Cotter

_____
*Deputy Sheriff*

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

ESSEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. ESCV2004-01855

GMAC MORTGAGE CORPORATION,       )
  Plaintiff,                             )
                                           )
                                           )
vs.                                        )
                                           )
                                           )
JEFFREY L. BAYKO, SR., LISA J.             )
BAYKO, HELEN E. BAYKO,                     )
MICHAEL J. BAYKO, BANKNORTH               )    **ANSWER OF DEFENDANT,**
GROUP, HANS R. HAILEY, CHARLES            )    **BANKNORTH, N.A., AND**
D. ROTONDI, COMMONWEALTH OF               )    **DEMAND FOR JURY TRIAL**
MASSACHUSETTS DEPARTMENT                   )
OF REVENUE, THE UNITED STATES             )
OF AMERICA, GARY EVANS,                    )
CHRISTINE ANN FARO, AND JOHN              )
AQUINO,                                    )
  Defendants.                            )

## COMPLAINT IN INTERPLEADER
(Mortgage Foreclosure Surplus Proceeds)

### PARTIES

1.   The Defendant admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.   The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3.   The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.   The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.   The Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint. The Defendant further states that it is incorrectly named as Banknorth Group. The correct name of the Defendant is Banknorth, N.A.

6.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

## FACTS

13.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.    (a)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(a) of the Plaintiff's Complaint.

       (b)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(a) of the Plaintiff's Complaint.

       (c)    The Defendant admits the allegations contained in Paragraph 17(c) of the Plaintiff's Complaint.  The Defendant claims to be entitled to the current amount owed of $16,156.25.

       (d)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(d) of the Plaintiff's Complaint.

(e)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(e) of the Plaintiff's Complaint.

(f)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(f) of the Plaintiff's Complaint.

(g)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(g) of the Plaintiff's Complaint.

(h)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(h) of the Plaintiff's Complaint.

(i)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(i) of the Plaintiff's Complaint.

(j)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(j) of the Plaintiff's Complaint.

(k)    The Defendant is without knowledge or sufficient information to form a belief as to the allegations contained in Paragraph 17(k) of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Defendant reserves its right to file a motion for declaratory judgment, pursuant to Mass.R.Civ.P. Rule 57 and G.L. c. 231A.

## SECOND AFFIRMATIVE DEFENSE

The Defendant claims priority over all other claims listed in the Complaint.

WHEREFORE, the Defendant, Banknorth, N.A., requests judgment as follows:

1.    That the amount of the surplus obtained by the Plaintiff from its foreclosure sale be determined;

2.    That the Plaintiff be allowed to pay said surplus into the Court;

3.    That the Court determine the respective rights of the Defendants to said surplus; and

4.    For such other and further relief as this Court may deem just and proper.

3    246140-1

**THE DEFENDANT, BANKNORTH, N.A., DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ISSUES.**

The Defendant,
**BANKNORTH, N.A.,**
By its attorney,

Dated: November 1, 2004

Michele A. Rooke
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street, Suite 1900
Springfield, MA  01144-1900
Tel: (413) 733-3111
Fax: (413) 734-3910
BBO No.: 643632

# CERTIFICATE OF SERVICE

I, Michele A. Rooke, hereby certify that I served a copy of the foregoing document on the parties to the case by mailing a copy of the same postage prepaid to:

David M. Rosen, Esquire
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA  02461-0389

Commonwealth of Massachusetts
Department of Revenue
Collections Bureau
P.O. Box 7021
Boston, MA  02204

Jeffrey L. Bayko, Sr.
c/o Attorney Gary Evans
58 Main Street
Topsfield, MA  01983

The United States of America
Internal Revenue Services
P.O. Box 9112
Stop 20800
Boston, MA  02203

Lisa J. Bayko
c/o Attorney Charles D. Rotondi
79 State Street
Newburyport, MA  01950

Gary Evans
58 Main Street
Topsfield, MA  01983

Helen E. Bayko
c/o Attorney Timothy Sullivan
451 Andover Street, Suite 185
North Andover, MA  01845

Christine Ann Faro
79 State Street
Newburyport, MA  01950

Michael J. Bayko
c/o Attorney Timothy Sullivan
451 Andover Street, Suite 185
North Andover, MA  01845

John Aquino
Anderson & Aquino, LLP
260 Franklin Street
Boston, MA  02110

Hans R. Hailey
225 Friend Street
Boston, MA  02114

Attorney Charles D. Rotoudi
79 State Street
Newburyport, MA  01950

Dated: November _____, 2004

_____
Michele A. Rooke

# CERTIFICATION

Pursuant to the provisions of Supreme Judicial Court Rule 1:18, Uniform Rules of Dispute Resolution, Rule 5, I hereby certify that I have provided my client with information about Court-related dispute resolution services, and have discussed with my client the advantages and disadvantages of various methods of dispute resolution, and that my client has acknowledged an understanding of that information.

Dated: November ___, 2004

_____
Michele A. Rooke, Esquire

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

ESSEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.  ESCV2004-01855

GMAC MORTGAGE CORPORATION,
  Plaintiff,              )
                              )

vs.

JEFFREY L. BAYKO, SR., LISA J.
BAYKO, HELEN E. BAYKO,
MICHAEL J. BAYKO, BANKNORTH
GROUP, HANS R. HAILEY, CHARLES
D. ROTONDI, COMMONWEALTH OF
MASSACHUSETTS DEPARTMENT
OF REVENUE, THE UNITED STATES
OF AMERICA, GARY EVANS,
CHRISTINE ANN FARO, AND JOHN
AQUINO,
  Defendants.

**NOTICE OF APPEARANCE**

TO THE CLERK OF THE ABOVE-NAMED COURT:  Please enter my appearance for

the Defendant, Banknorth, N.A., in the above-entitled matter.

The Defendant,
**BANKNORTH N.A.,**
By its attorney,

Dated: November 1, 2004

Michele A. Rooke
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place
1414 Main Street, Suite 1900
Springfield, MA  01144-1900
Tel:  (413) 733-3111
Fax:  (413) 734-3910
BBO No.: 643632

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

.................................................................................................................................................., Plaintiff(s)

v.

Jeffrey L. Bayko, Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The United States of America, Gary Evans, Christine Ann Faro and John Aquino, Defendant(s)

## SUMMONS

To the above named Defendant: United States of America, P.O. Box 9112, Stop 20800, Boston, MA 02203

You are hereby summoned and required to serve upon David M. Rosen, Harmon Law Offices, P.C.

plaintiff's attorney, whose address is 150 California Street, Newton, MA 02458 . an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 21st day of October . in the year of our Lord two thousand four

Thomas H. Driscoll Jr.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NEWTON, MASSACHUSETTS 02458

MAILING ADDRESS:
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389

TEL (617) 558-0500
FAX (617) 244-7304

SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND

DAVID M. ROSEN
(617) 558-8457
(617) 244-7304 Facsimile
drosen@harmonlaw.com

November 15, 2004

Civil Clerk's Office
Essex Superior Court
Superior Court House
34 Federal Street
Salem, MA 01970

**Re:    GMAC Mortgage Corporation v. Jeffrey L Bayko, Sr., et al.**
**Essex Superior Court C.A. No. 04-01855-B**

Dear Sir/Madam:

Pursuant to 28 U.S.C. 2410 (b), enclosed for filing please find the original summonses of the United States of America with the return receipts ("green cards") in connection with the above-referenced case.

Thank you for your assistance in this matter.

Sincerely yours,
HARMON LAW OFFICES, P.C.

David M. Rosen
Enclosure

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

......................................................................................, Plaintiff(s)

v.

Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Common-wealth of Massachusetts Department of Revenue, The United States of America, Cary Evans, Christine Ann Faro and John Aquino .......... Defendant(s)

## SUMMONS

To the above named Defendant:    The United States of America –U.S. Department of Justice

You are hereby summoned and required to serve upon David M. Rosen, Harmon Law Offices, P.C.

_____,

plaintiff's attorney, whose address is 150 California St., Newton, MA 02458 _____ , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the twenty-fifth day of    October    , in the year of our Lord two thousand four

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

2. Article Number

7160 3901 9848 7211 5806

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)* ____ Yes

1. Article Addressed to:

US Department of Justice
United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

RE 200301-0740

PS Form 3811, July 2001                    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)     B. Date of Delivery

C. Signature

X _____     ☐ Agent
                                ☐ Addressee

D. Is delivery address different from item 1?     ☐ Yes
   If YES, enter delivery address below:           ☐ No

Reference Information

XXX

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT — MOTOR VEHICLE TORT
CONTRACT - EQUITABLE RELIEF - OTHER.)

*13*

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

............................................................................................ , Plaintiff(s)

v.

Jeffrey L. Bayko, Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The United States of America, Gary Evans, Christine Ann Faro and John Aquino , Defendant(s)

## SUMMONS

To the above named Defendant:  Hans R. Hailey, 225 Friend Street, Boston, MA 02114

You are hereby summoned and required to serve upon  David M. Rosen, Harmon Law Offices, P.C.,

plaintiff's attorney, whose address is  150 California Street, Newton, MA 02458  , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the  21st

day of  October  , in the year of our Lord two thousand  four

*Thomas H. Driscoll Jr.*

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

November 17, 2004
I hereby certify and return that on 11/17/2004 at 1:45PM I served a true and
attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this
action in the following manner: To wit, by leaving at the last and usual abode
of Hans R. Hailey at 29 Friend Street, Unit 410, Boston, MA. And by mailing by
first class mail a copy to the above address. Fees: Service 30.00, Travel 1.00,
Basic Service Fee (LH) 30.00, Postage and Handling 1.00, Attest/Copies 5.00
Total Charges 24.11

Deputy Sheriff  Pierce Waltuwed, Jr.                    _____
                                                        *Deputy Sheriff*

Dated: _____ , 20 ____    _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

        ┌─────────────────────────────────┐
        │                                 │
        │                    , 20         │
        │                                 │
        └─────────────────────────────────┘

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                              CIVIL ACTION
                                              No. 04-01855-B

GMAC Mortgage Corporation
                                Plaintiff(s)

                v.

Jeffrey L. Bayko, Hans R. Hailey, et al.
                                Defendant(s)

SUMMONS
(Mass R Civ P 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

................................................................................................................................, Plaintiff(s)

v.

Jeffrey L. Bayko, Sr., Lisa J. Bayko, Helen E. Bayko, Michael J. Bayko, Banknorth Group, Hans R. Hailey, Charles D. Rotondi, Commonwealth of Massachusetts Department of Revenue, The United States of America, Gary Evars, Christine Ann Faro and John Aquino ................, Defendant(s)

## SUMMONS

To the above named Defendant: Jeffrey L. Bayko,     61 Story Avenue, Newburyport, MA  01950

You are hereby summoned and required to serve upon David M. Rosen, Harmon Law Offices, P.C. ,

plaintiff's attorney, whose address is 150 California Street, Newton, MA  02458 . an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Essex Superior Court either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the  21st
day of October . in the year of our Lord two thousand  four

Thomas H. Driscoll Jr.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

**Essex County Sheriff's Department** • PO Box 2019 • Salem, MA 01970 • 978-750-1900  ext. 3590

*Essex, ss.*

November 15, 2004

I hereby certify and return that on 11/10/2004 at 11:45 am I served a true and attested copy of the summons, civil action cover sheet and complaint in this action in the following manner: To wit, by leaving at the **last and usual place of abode of** JEFFREY L. BAYKO, 61 Story Avenue Newburyport, MA 01950, and by mailing 1st class to the above address on 11/12/2004. Basic Service Fee ($20.00), Conveyance ($4.50), Travel ($12.80), Postage and Handling ($3.00), Copies ($10.00) Total Charges $50.30

Deputy Sheriff Robert Andrews

*Deputy Sheriff*

THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

. 20    .

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01855-B

GMAC Mortgage Corporation

Plaintiff(s)

v.

Jeffrey L. Bayko, et al.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

**ESSEX, SS.**

**SUPERIOR COURT**
**NO.** ESCV2004-01855

**GMAC MORTGAGE CORPORATION,**
   Plaintiff

v.

**JEFFREY L. BAYKO, SR., et al**
   Defendants

## ANSWER and COUNTERCLAIM OF HANS R. HAILEY

### ANSWER

**PARTIES**:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

**FACTS:**

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. (a) Admitted.

  (b) Admitted.

  (c) Admitted.

  (d) Admitted.

  (e) Admitted.

  (f) Admitted.

  (g) Hailey is without sufficient knowledge to admit or deny the allegations of this subparagraph and therefore denies the allegations.

  (h) Hailey is without sufficient knowledge to admit or deny the allegations of this subparagraph and therefore denies the allegations.

  (i) Hailey admits that the Separation Agreement provided that Gary Evans was to

have received $66,000 to be held in escrow but Hailey is without sufficient knowledge to admit or deny the remaining allegations of this subparagraph and therefore denies the allegations.

(j)  Hailey is without sufficient knowledge to admit or deny the allegations of this subparagraph and therefore denies the allegations.

(k)  Admitted.

**WHEREFORE**, Hailey prays for the allowance of each request for relief prayed for by GMAC Mortgage Corporation.

## COUNTERCLAIM

18.  Hailey represented Jeffrey L. Bayko, Sr. in his divorce from Lisa Bayko in Essex Probate Court No. 01D 0875.

19.  Pursuant to a written fee agreement, Bayko was to pay legal fees.  Also pursuant to the fee agreement: (a) interest accrued on outstanding balances owed for legal fees and (b) Bayko assigned any and all funds and property due to him or received by him arising out of the divorce to pay outstanding legal fees.

20.  Bayko failed to pay legal fees fully and there now remains due and owing $30,250.80 to Hailey.

21.  Hailey is the holder of an Attorney's Lien dated February 6, 2003, wich was recorded

- 3 -

in the Essex Registry of Deeds in Book 20139, Page 71.

22. Hailey is entitled to $30,250.80 of the funds held in escrow by GMAC Mortgage Corporation.

**WHEREFORE**, Hailey prays for an order that $30,250.80 with interest be paid from the funds held in escrow in payment of the lien held by Hailey, together with such other and further relief as may be appropriate and just.

Dated: November 15, 2004

Respectfully submitted,

Hans R. Hailey
Law Offices of Hans R. Hailey
225 Friend Street, 5th Floor
Boston, Massachusetts  02114
Tel.: (617) 723-4010
BBO # 216820

## CERTIFICATE OF SERVICE

I, Hans R. Hailey, hereby certify that I served the foregoing document on this day by mailing a copy of to each of the parties listed in the accompanying certificate of service.

Dated:  November 15, 2004

Hans R. Hailey

## CERTIFICATE OF SERVICE

I, Hans R. Hailey, hereby certify that I served the foregoing document this day by mailing a copy of same to each of the following:

1. David M. Rosen, Esquire, Harmon Law Office, P.C. 150 California Street, Newton, MA 02458;
2. Jeffrey L. Bayko, Sr., c/o Attorney Gary Evans, 58 Main Street, Topsfield, MA 01983;
3. Lisa J. Bayko, c/o Attorney Charles D. Rotondi, State Street, Newburyport, MA 01950;
4. Helen E. Bayko and Michael J. Bayko, c/o Attorney Timothy Sullivan, 451 Andover Street, Suite 185, North Andover, MA 01845;
5. Banknorth Group: P.O. Box 1503, Orleans, MA, 02653;
6. Charles D. Rotondi, Esquire, 79 State Street, Newburyport, MA 01950;
7. Commonwealth of Massachusetts Department of Revenue, Collection Bureau, P.O. Box 7021, Boston, MA 02204;
8. United States of America, Internal Revenue Services, P.O. Box 9112, Stop 20800, Boston, MA 02203;
9. Gary Evans, Esquire, 58 Main Street, Topsfield, MA 01983;
10. Christine Ann Faro, Esquire, 79 State Street, Newburyport, MA 01950;
11. John Aquino, Esquire, Anderson & Aquino, LLP, 260 Franklin Street, Boston, MA 02110.

Dated: November 15, 2004

Hans R. Hailey
Hans R. Hailey



COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

ESSEX, ss.

| | | |
|---|---|---|
| GMAC MORTGAGE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Essex County Superior Court |
| | ) | Civil Action No. 2004-01855-B |
| JEFFREY L. BAYKO, SR., LISA J. BAYKO, | ) | |
| HELEN E. BAYKO, MICHAEL J. BAYKO, | ) | |
| BANKNORTH GROUP, HANS R. HAILEY, | ) | |
| CHARLES R. ROTONDI, | ) | |
| COMMONWEALTH OF MASSACHUSETTS | ) | |
| DEPARTMENT OF REVENUE, UNITED | ) | |
| STATES OF AMERICA, GARY EVANS, | ) | |
| CHRISTINE ANN FARO, and JOHN AQUINO, | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, on November _1̲8̲_, 2004, a Notice of Removal of the

above-titled action was filed with the Clerk of the United States District Court for the District of

Massachusetts. The new civil action number is _̲ ̲-̲v̲ ̲-̲ ̲/̲ ̲2̲4̲4̲ ̲ ̲ ̲ ̲/̲l̲ ̲_. The Notice was filed by

the United States of America.–

PLEASE TAKE FURTHER NOTICE that, as provided by 28 U.S.C. § 1446(d), the

Essex County Superior Court "shall proceed no further unless and until the case is

remanded."

A copy of the Notice of Removal, without attachments, is annexed to this Notice. This Notice is furnished and shall be filed as provided by 28 U.S.C. § 1446(d).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

GMAC MORTGAGE CORP.,                          )
                                             )
                Plaintiff,                   )              Civil No. _____
                                             )
        v.                                   )
                                             )
JEFFREY L. BAYKO, SR., LISA J. BAYKO,        )
HELEN E. BAYKO, MICHAEL J. BAYKO,            )
BANKNORTH GROUP, HANS R. HAILEY,             )
CHARLES R. RONTONDI,                         )
COMMONWEALTH OF MASSACHUSETTS                )
DEPARTMENT OF REVENUE, UNITED                )
STATES OF AMERICA, GARY EVANS,               )
CHRISTINE ANN FARO, and JOHN AQUINO,         )
                                             )
                Defendants.                  )



NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

        The defendant United States of America, by its attorney, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, respectfully states as follows:

        1. The United States of America has been named as a defendant to the civil action that is

now pending in the Superior Court Department, Essex County, for the Commonwealth of

Massachusetts, entitled GMAC Mortgage Corp. v. Jeffrey L. Bayko, Sr., et. al., Case No. 2004-

01855-B.

        2. This action is removable to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. § § 1441, 1442 and/or 1444.

        3. No prior removal of this action has been attempted.

- 2 -

4. The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the

United States has thirty days from the date of service to remove to federal court.

5. Copies of all pleadings received by the defendant United States in this proceeding are

attached hereto.

Respectfully submitted,

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

_19th November 2004_

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

_Lydia Bottome Turanchik_
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

_Barbara Healy Smith_
BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

Service List

David Rosen
Harmon Law Offices
P.O. Box 610389
Newton Highlands, Massachusetts 02461

Jeffrey L. Bayko, Sr.
c/o Gary Evans, Esq.
58 Main Street
Topsfield, Massachusetts 01983

Lisa J. Bayko
c/o Charles Rotondi, Esq.
79 State Street
Newburyport, Massachusetts 01950

Helen E. Bayko
Michael J. Bayko
c/o Timothy Sullivan, Esq.
451 Andover Street
Suite 185
North Andover, Massachusetts 01845

BankNorth Group
Post Office Box 1503
Orleans, Massachusetts 02653

Charles Rotondi, Esq.
79 State Street
Newburyport, Massachusetts 01950

Hans R. Hailey
225 Friend Street
Boston, Massachusetts 02114

Gary Evans, Esq.
58 Main Street
Topsfield, Massachusetts 01983

Commonwealth of Massachusetts
Department of Revenue
Collections Bureau
Post Office Box 7021
Boston, Massachusetts 02204

Christine Ann Faro
79 State Street
Newburyport, Massachusetts 01950

John Aquino, Esq.
Anderson & Aquino, LLP
260 Franklin Street
Boston, Massachusetts 02110