IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 04-12448-GAO |
| | ) |
| JEFFREY L. BAYKO, SR., LISA J. | ) |
| BAYKO, HELEN E. BAYKO, MICHAEL J. | ) |
| BAYKO, BANKNORTH GROUP, | ) |
| HANS HAILEY, CHARLES ROTONDI, | ) |
| COMMONWEALTH OF | ) |
| MASSACHUSETTS DEPARTMENT | ) |
| OF REVENUE, UNITED STATES OF | ) |
| AMERICA, GARY EVANS, | ) |
| CHRISTINE ANN FARO and JOHN | ) |
| AQUINO, | ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM OF THE UNITED STATES IN RESPONSE TO THREE MOTIONS
FOR SUMMARY JUDGMENT, BY WHICH THE UNITED STATES: *(A)* CONCURS,
IN PART, IN THE MOTION OF BANKNORTH; (*B*) PARTIALLY OPPOSES
THE MOTION OF LISA J. BAYKO; and *(C)* PARTIALLY OPPOSES
THE MOTION OF HELEN AND MICHAEL BAYKO</u>

The United States of America, by this consolidated memorandum, responds to the three pending motions for summary judgment.

This action in interpleader concerns the distribution of the surplus fund generated by the foreclosure and sale of real property formerly owned by Jeffrey L. and Lisa J. Bayko. The property, located at 7A Graham Avenue, Newbury, Massachusetts, was owned by Jeffrey and Lisa, then husband and wife, and was subject to a first mortgage given in favor of the plaintiff, GMAC Mortgage Co.

The sale of the property by GMAC on March 12, 2004 generated a surplus in the amount of $186,742.59. GMAC then interpled that sum in an action commenced in the

Superior Court in Essex County, naming as defendants Jeffrey and Lisa, now divorced, who each have an interest in one half of the surplus, and their creditors of record who might have a claim to those funds, including the United States, which holds federal tax liens that attach to all property and rights to property of Jeffrey, including his one-half interest in the surplus.  Because the United States was named as a defendant in an action of interpleader with respect to property on which the United States has or claims a federal tax lien, the United States removed the action from the Superior Court to this Court.

BankNorth, the creditor holding the most senior lien on the realty, after GMAC, at the time of the foreclosure, has moved for summary judgment seeking to be paid the outstanding amount of its loan from the fund.  The United States, recognizing that BankNorth's lien is prior to the federal tax lien against Jeffrey's interest in the property, does not oppose BankNorth's claim that it is entitled to be paid first; however, inasmuch as Jeffrey and Lisa are jointly and severally liable to BankNorth and the claim of the United States is against Jeffrey only, the United States argues below that it is appropriate to invoke the equitable doctrine of marshaling so that BankNorth's claim is paid, in its entirety, from Lisa's share.

The United States does not contest Lisa's claim to one-half of the fund, to which she is entitled subject to the prior claims of her joint and several and separate creditors; however, the United States opposes Lisa's claim to priority over the federal tax lien in Jeffrey's one-half interest, as her claims against Jeffrey are not protected against the prior tax lien.

Jeffrey's parents, Helen and Michael Bayko, assert a claim against Jeffrey allegedly secured by a mortgage on the property. The mortgage is secured by Jeffrey's portion of the proceeds only as it was given only by Jeffrey Bayko and it was conveyed after property ownership was converted to a tenancy in common. The United States opposes distribution to Helen and Michael Bayko from Jeffrey Bayko's share because the *bona fides* of the loan transaction are not sufficiently established. The United States is submitting, contemporaneously with this memorandum, its declaration in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, in support of its argument to allow further discovery concerning the claim of Helen and Michael Bayko prior to allowing any distribution to them which would diminish the recovery of the United States from Jeffrey Bayko's share of the fund. See Exhibit A.

## I. STATEMENT OF FACTS

On information and belief, in May, 1993, Jeffrey and Lisa Bayko acquired the property located at 7A Graham Ave., Newbury, Massachusetts as tenants by the entirety. GMAC Mortgage Corp. was the holder by assignment of a mortgage dated May 20, 1993, and recorded with the Essex County Registry of Deeds at Book 11897, Page 525, securing the real estate located at 7A Graham Ave., Newbury, Massachusetts. See Complaint, ¶ 13. BankNorth is the holder of a second mortgage dated April 18, 1997, and recorded on April 24, 1997, with the Essex County Registry of Deeds at Book 14068, Page 475 in the original amount of $15,000.00. See Exhibit A to Defendant BankNorth's motion for summary judgment.

Jeffrey Bayko and Lisa Bayko divorced on May 24, 2002.  See Exhibit 1 attached to Defendant Lisa Bayko's Motion for Summary Judgment.  Upon entry of the Judgment of Divorce Nisi, the tenancy of the marital home was converted from a tenancy by the entirety to a tenancy in common by operation of law.  As a result, each party had a one-half interest in the property with no rights of survivorship.

The Internal Revenue Service assessed federal income tax liabilities against Jeffrey L. Bayko for the tax years 2000 and 2001 on September 23, 2002.  See Exhibit B.  On June 3, 2003, the Internal Revenue Service recorded a Notice of Federal Tax Lien against the taxpayer, Jeffrey L. Bayko, with the Essex County Registry of Deeds at Book 20949, Page 90, with respect to the 2000 and 2001 federal income tax years in the amount of $47,196.80.  See Exhibit B.

On or about July 19, 2002, Jeffrey Bayko conveyed a mortgage to Michael and Helen Bayko in the amount of $46,360.00.  This mortgage was filed with the Essex County Registry of Deeds at Book 19056, Page 153 on August 12, 2002.  See Exhibit 2 to Defendants Michael and Helen Baykos' motion for summary judgment.  On or about May 25, 2003, Jeffrey Bayko conveyed a mortgage to Michael and Helen Bayko in the amount of $6,300.00.  This mortgage was filed with the Essex County Registry of Deeds at Book 21193, Page 386 on July 8, 2003.  See Exhibit 4 to Defendants Michael and Helen Baykos' motion for summary judgment.

On March 12, 2004, GMAC foreclosed on the marital residence and the property was sold for $307,000.00.  After payment of GMAC's first mortgage, there remains surplus funds in the amount of $186,742.59.  See Complaint.

## II.  DISCUSSION

### A.  MOTION FOR SUMMARY JUDGMENT OF BANKNORTH

*The United States Acknowledges That the BankNorth Mortgage Has Priority
Over the Federal Tax Lien With Respect to Jeffrey Bayko's Interest
In the Property, But the United States Contends That, Pursuant To
the Equitable Doctrine of Marshaling, BankNorth Should Receive Full
Payment of Its Interest From Lisa Bayko's One-Half Share of the Proceeds*

The United States asserts an interest in the proceeds at issue in this proceeding by virtue of federal tax liens which have arisen against Jeffrey Bayko.  Because these tax liabilities are owed by only Mr. Bayko, the tax liens attach only to Jeffrey Bayko's one-half interest in the property, and do not attach to Lisa Bayko's one-half interest.  The United States acknowledges that BankNorth holds a superior claim to these proceeds by virtue of its mortgage recorded on April 24, 1997.  Thus, with respect to Jeffrey Bayko's one-half interest in this property, BankNorth's mortgage is entitled to priority over the federal tax lien.

However, the United States asserts that the monies owed to BankNorth pursuant to its mortgage should be paid from Lisa Bayko's one-half share pursuant to the equitable doctrine of marshaling.  The equitable doctrine of marshaling rests on the principle that "a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort only to one of the funds."  Meyer v. United States, 375 U.S. 233, 236 (1963).

Three elements are required as prerequisites to marshaling: (1) a common debtor; (2) two separate funds, one of which is a common fund available to both creditors and one of which is available only to the senior creditor; and (3) no detriment

or prejudice to the senior creditor if he is required to pursue the fund to which he alone can look. See In re T.H.B. Corp., 85 B.R. 192, 196 (Bankr. D. Mass. 1988); In re Robert E. Derecktor of Rhode Island, 150 B.R. 296, 299 (1993); Exchange Bank v. South Carolina Nat'l Bank (In re Dig It, Inc.), 129 B.R. 65, 67 (Bankr. D. S.C. 1991); Peoples Bank v. The Computer Room, Inc. (In re The Computer Room), 24 B.R. 732, 734 (Bankr. N.D. Ala. 1982).

In this case, all three elements are satisfied. First, there is a common debtor (Jeffrey Bayko). Second, there are two separate funds, one of which is a common fund available to both creditors (Jeffrey Bayko's one-half interest), and one of which is available only to the senior creditor (Lisa Bayko's one-half interest). Finally, there is no detriment or prejudice to the senior creditor if it is required to pursue the fund to which it alone can look. BankNorth can collect its full share of the monies owed to it from Lisa Bayko's share of the proceeds; it faces no detriment or prejudice if it does so. Marshaling assets in this case benefits all creditors of Jeffrey Bayko, not just the United States, and should be ordered by this Court.[1]

### B.  MOTION FOR SUMMARY JUDGMENT OF LISA BAYKO

*The United States' Federal Tax Lien Has Priority Over Defendant*
*Lisa Bayko's Asserted Interest in Jeffrey Bayko's Portion of the Proceeds*

Lisa Bayko asserts priority over Jeffrey Bayko's one-half interest in the surplus fund by virtue of a settlement agreement entered into between Jeffrey and Lisa Bayko

---

[1] If, however, this Court disagrees with the United States that marshaling is warranted in this matter, then payment to BankNorth must be made divided equally from the proceeds owed to Jeffrey and Lisa Bayko, and this liability is entitled to priority over all other creditors of Jeffrey Bayko.

during the pendency of their divorce. This settlement agreement provided for the payment of child support, a defective motorcycle claim, and unpaid college tuition from Jeffrey Bayko's one-half interest in the surplus proceeds from the sale of the marital home to Lisa Bayko.[2]  Ms. Bayko further contends that portions of the settlement agreement were merged into the judgment of divorce nisi issued to Jeffrey and Lisa Bayko in this matter, and portions survived as an independent contract, giving her priority over the United States.  However, these interests are insufficient as a matter of law to defeat the federal tax lien.

Under 26 U.S.C. § 6321, when an assessment is made, and upon notice and demand for payment, a lien arises in favor of the United States against all of the taxpayer's property and rights to property.  The liens in this matter attached to Jeffrey Bayko's one-half interest in the subject property on the dates the assessments were made.  As a result, the lien arising under Section 6321 is afforded priority over all other unperfected liens or claims asserted against the taxpayer's property.  See 26 U.S.C. § 6323(a).

However, Section 6323(a) of the Internal Revenue Code provides that an IRS lien is ineffective against certain parties, including a "purchaser, holder of a security interest, mechanic's lien or judgment lien creditor," until the notice of the lien has been properly filed by the government.  26 U.S.C. § 6323(a).  See also United States v. Pioneer American Ins. Co., 374 U.S. 84, 88 (1963).  In this case, Lisa Bayko asserts

---

[2] The United States reiterates again that it makes no claim against Lisa Bayko's one-half interest in the surplus fund, it asserts solely that the United States is entitled to priority over Lisa Bayko with respect to Jeffrey Bayko's one-half interest in the surplus fund.

that the Judgment of Divorce Nisi and the Separation Agreement operate to defeat the United States' interest in this matter. However, because Lisa Bayko does not qualify as a "judgment lien creditor," she is not protected by the provisions of 26 U.S.C. § 6323(a).[3]

Treasury Regulations define a "judgment lien creditor" as a "person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money." 26 C.F.R. § 301.6323(h)-1(g). The regulations further provide that a judgment lien must be perfected and that perfection does not occur until "the property subject to the lien, and the amount of the lien are established." Id. See also United States v. New Britain, 347 U.S. 81, 84 (1954). In the case of real property, the regulations state:

> If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing.

26 C.F.R. § 301.6323(h)-1(g). Ms. Bayko fails to qualify as a judgment lien creditor because her interest was not perfected under Massachusetts law.

Under Massachusetts law, in order to perfect a judgment lien against real property, the creditor must file an execution with the Registry of Deeds where the real property is located. "A Massachusetts judgment alone is not sufficient to create a

---

[3] Ms. Bayko makes no allegations in her motion that she is a purchaser, a holder of a security interest, or a mechanic's lien creditor under 26 U.S.C. § 6323(a). As a result, the only provision through which Ms. Bayko might be successful in defeating the federal tax lien is if she can establish herself as a judgment lien creditor prior to the recording of the Notice of Federal Tax Lien on June 3, 2003.

perfected and choate lien." Smith Barney, Harris, Upham & Co., Inc. v. Connolly, 887 F.Supp. 337, 345 (D.Mass. 1994). Because Ms. Bayko never obtained an execution to record with the Registry of Deeds, she does not have a perfected claim under Massachusetts law, and thus is not a judgment lien creditor under Section 6323 of the Internal Revenue Code. As a result, she cannot defeat the priority of the federal tax liens, and the United States must be paid pursuant to its federal tax liens prior to any distribution to Lisa Bayko from Jeffrey Bayko's share of the surplus proceeds.

C.  MOTION FOR SUMMARY JUDGMENT OF HELEN AND MICHAEL BAYKO

*Michael and Helen Bayko Have Not Established That the Mortgage Transactions Were Bona Fide Loan Transactions, and the United States Requests That Discovery Be Allowed Pursuant to Rule 59(f) of the Federal Rules of Civil Procedure*

Defendants Michael and Helen Bayko assert that the two mortgages conveyed to them and secured by the property previously owned by Jeffrey and Lisa Bayko have priority over all other claimants in this matter, and they seek payment accordingly.[4] However, these mortgages were apparently given in violation of a separation agreement wherein Mr. Bayko agreed not to incur any additional debt, the mortgages were determined by the probate court to be invalid, and Jeffrey Bayko was held in contempt of court for conveying the two mortgages to his parents. Furthermore, the

---

[4] The motion for summary judgment contains no legal discussion or argument, nor any factual support for the theory that this mortgage is entitled to priority over anything. It does not address the BankNorth mortgage, which would have clear priority to these mortgages, nor does it address the interests of the IRS, the Massachusetts Department of Revenue, the four attorneys' liens, or the interests of Lisa Bayko in these proceeds. The United States' memorandum does not address any of these other interests, but the same considerations would apply to them as to the United States, there is simply insufficient information to make a determination as to the validity and priority of these mortgages with respect to the other claimants.

conveyances from Jeffrey Bayko to Helen and Michael Bayko were transfers to insiders as defined under federal and Massachusetts law, and the United States needs additional time to investigate the possibility that these transfers constitute fraudulent conveyances with respect to the United States as a creditor in this action.

As a result, the United States requests, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and the attached affidavit, that this motion for summary judgment be denied and that discovery be authorized in this matter to determine whether the conveyances of these two mortgages were lawful and entitled to priority over the United States.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to Each Defendant's Motion for Summary Judgment has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 20th day of December, 2004:

Christine Ann Faro
Charles Rotondi
79 State Street
Newburyport, MA 01950

Michele A. Rooke
Doherty, Wallace, Pillsbury & Murphy
1414 Main Street, Suite 1900
Springfield, MA 01144

Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

David Rosen
Harmon Law Offices
P.O. Box 610389
Newton Highlands, MA 02461

Gary Evans
8 Prospect Street
Georgetown, MA 01833

Hans Hailey
225 Friend Street
Boston, MA 02114

John Aquino
Anderson & Aquino
260 Franklin Street
Boston, MA 02110

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY L. BAYKO, SR., LISA J. )<br>BAYKO, HELEN E. BAYKO, MICHAEL J. )<br>BAYKO, BANKNORTH GROUP, )<br>HANS HAILEY, CHARLES ROTONDI, )<br>COMMONWEALTH OF )<br>MASSACHUSETTS DEPARTMENT )<br>OF REVENUE, UNITED STATES OF )<br>AMERICA, GARY EVANS, )<br>CHRISTINE ANN FARO and JOHN )<br>AQUINO, )<br>)<br>Defendants. ) | Civil No. 04-12448-GAO |

## AFFIDAVIT OF LYDIA BOTTOME TURANCHIK

I, Lydia Bottome Turanchik, declare:

1. I am a trial attorney with the United States Department of Justice, Tax Division.

2. I am the trial attorney assigned to defend the interests of the United States in the above-captioned proceeding.

3. I have reviewed the motions for summary judgment filed by BankNorth, Helen and Michael Bayko, and Lisa Bayko in this action, including the supporting memoranda of law and attached exhibits.

4. Based on my review of these documents, I have determined that the United States is in need of additional discovery to determine whether the mortgages conveyed by Jeffrey Bayko to his parents, Michael and Helen



Bayko, are valid with respect to the United States, or any other creditor, for that matter.

5. Specifically, Lisa Bayko asserts in her motion for summary judgment that these mortgages have been deemed invalid by the Essex County Probate Court as a result of Jeffrey Bayko's failure to comply with the terms of the Separation Agreement wherein he agreed not to incur additional debt. If this is correct, and if this determination stands up under scrutiny, then the mortgages do not defeat the federal tax lien, and the United States is entitled to priority over the claims of Jeffrey Bayko's parents.

6. In addition, the United States needs additional time to investigate whether these mortgages are fraudulent conveyances as to the creditors of Jeffrey Bayko.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Lydia Bottome Turanchik*
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
United States Department of Justice

## UNITED STATES DISTRICT COURT

## DISTRICT OF – MASSACHUSETTS

GMAC Mortgage Corporation

vs.

Jeffrey L. Bayko, Sr. et al.   Civil Action, File No. 1:04-cv-12448-GAO

### AFFIDAVIT OF DEBT

John D. Carroll, being duly sworn, deposes and says:

1. That he is an Advisor in the Collection Technical Services Group, Internal Revenue Service, 380 Westminster Street, Providence, Rhode Island, and has knowledge of the outstanding tax liabilities of Jeffrey L. Bayko and is authorized to make this affidavit.

2. That the debtor, Jeffrey L. Bayko, is liable for unpaid Federal Income Tax for the tax years 12/31/2000 and 12/31/2001 in the amount of $57,961.19.

| Tax | Year | Date Assessed | Assessed Balance $ | Accrued Interest and Penalty $ | Balance Due 12/31/2004 $ |
|---|---|---|---|---|---|
| 1040 | 2000 | 09/23/2002 | 46,092.35 | 10,402.42 | 56,494.77 |
| 1040 | 2001 | 09/23/2002 | 1,124.45 | 341.97 | 1,466.42 |

3. That a Notice of Federal Tax Lien was recorded 06/03/2003 in the Southern Essex County Registry of Deeds.

4. That additional interest will accrue after December 31, 2004, at the rate specified by Internal Revenue Code Sections 6621 and 6622.

*John D. Carroll*
John D. Carroll, Advisor
Technical Services
Badge 05-02132

Subscribed and sworn before me this 14th of Decemebr 2004.

_____, Notary Public
My commission expires: 1/16/2006

GOVERNMENT EXHIBIT B

```
                                    COURT RECORDING DATA
-----------------------------------+-------------------------------------
   INTERNAL REVENUE SERVICE        | Lien Recorded    : 06/03/2003 - 17:17PM
 FACSIMILE FEDERAL TAX LIEN DOCUMENT| Recording Number :
                                   | UCC Number       :
                                   | Liber            : 20949
                                   | Page             : 90
-----------------------------------+-------------------------------------
Area: SMALL BUSINESS/SELF EMPLOYED #1 | IRS Serial Number: 40323104
Lien Unit Phone: (617) 316-2575    |
-----------------------------------+-------------------------------------
             This Lien Has Been Filed in Accordance with
             Internal Revenue Regulation 301.6323(f)-1.
-------------------------------------------------------------------------
Name of Taxpayer :
   JEFFREY L BAYKO


-------------------------------------------------------------------------
Residence :
   7A GRAHAM AVE
   NEWBURY, MA 01951
-------------------------------------------------------------------------
  With respect to each assessment below, unless notice of lien
  is refiled by the date in column(e), this notice shall constitute
  the certificate of release of lien as defined in IRC 6325(a).
------+------------+-----------+-----------+----------------+-------------
 Form |   Period   | ID Number |  Assessed | Refile Deadline| Unpaid Balance
  (a) |    (b)     |    (c)    |    (d)    |      (e)       |     (f)
------+------------+-----------+-----------+----------------+-------------
 1040 | 12/31/2000 |    7969   | 09/23/2002|   10/23/2012   |    46072.35
 1040 | 12/31/2001 |    7969   | 09/23/2002|   10/23/2012   |     1124.45
```

```
-------------------------------------------------------------------------
Filed at:  Registry of Deeds
           Southern Essex County          Total  |  $      47196.80
           Salem, MA 01970                       |
-------------------------------------------------------------------------
This notice was prepared and executed at BOSTON, MA
on this, the 01st day of May, 2003.
-------------------------------------------------------------------------
Authorizing Official:              | Title:
   MICHAEL HOMSEY                  |   REVENUE OFFICER       21-07-2730
-------------------------------------------------------------------------
```