IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J. BAYKO, MICHAEL J. BAYKO, BANK NORTH GROUP, HANS HAILEY, CHARLES D. ROTONDI, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, THE UNITED STATES OF AMERICA, GARY EVANS, CHRISTINE ANN FARO AND JOHN AQUINO,<br>Defendant | CIVIL ACTION NO. 04-12448 AO |

## LISA BAYKO, CHARLES ROTONDI AND CHRISTINE ANN FARO'S OPPOSITION TO THE DEFENDANTS HELEN BAYKO AND MICHAEL BAYKO'S MOTION FOR SUMMARY JUDGMENT

### ARGUMENT

G.M.A.C. Mortgage Corporation filed a complaint in Interpleader with the Essex County Superior Court for the Commonwealth of Massachusetts requesting that it deposit the surplus proceeds of a foreclosure sale with the Court and that the Court determine the distribution of said proceeds. The Internal Revenue Service removed this matter to the United States District Court for the District of Massachusetts.

The foreclosed property at 7A Graham Ave., Newbury, MA was one belonging to a Jeffrey L. Bayko, Sr. and Lisa J. Bayko. The property was foreclosed on March 12,

2004 for $307.500.00. After payment of the first mortgage held by the plaintiff G.M.A.C., there remains a surplus of $186,742.59.

It is undisputed that BankNorth holds a second secured mortgage in the approximate amount of $15,000.00 in the names of Jeffrey L. Bayko, Sr. and Lisa J. Bayko. This is an obligation to be shared by both of the parties.

It is undisputed that Jeffrey Bayko and Lisa Bayko were divorced on May 21, 2002. Pursuant to the judgment of divorce the property was to be sold, the proceeds were to be split between the parties and Lisa Bayko was entitled to take out of Jeffrey L. Bayko, Sr.'s share of the proceeds unpaid child support, uninsured medical expenses, etc. as itemized in the separation agreement. By operation of law, the property once held as tenancy by the entirety was converted to a Tenancy in Common upon the judgment of divorce.

It is undisputed that the only liens against Lisa Bayko's share of the proceeds are the Attorney Liens of Attorneys Charles Rotondi and Christine Ann Faro.

It is undisputed that there are several liens against Jeffrey L. Bayko's share of proceeds including two mortgages held by Helen Bayko and Michael Bayko (Lisa Bayko disputes the validity of the mortgages as they are contrary to the terms of the separation agreement), the Internal Revenue Service and the Massachusetts Department of Revenue.

What is being disputed is whether pursuant to the judgment of divorce nisi Lisa Bayko should be allowed to take out of Jeffrey L. Bayko's share of the proceeds prior to the Defendants Internal Revenue Service, Helen Bayko and Michael Bayko. The Internal Revenue Service liens are against Jeffrey L. Bayko, Sr. only as Lisa J. Bayko has been exonerated and given innocent spousal immunity. With regards to the mortgages held by

Helen Bayko and Michael Bayko, the Essex County Probate & Family Court (J. DiGangi) has held Jeffrey L. Bayko, Sr. in contempt for the conveyance of said mortgages on September 23, 2004; this was an issue that was not previously determined by Justice Cronin. See Judgment attached hereto as Exhibit A. On December 2, 2004, the Essex County Probate & Family Court (J. DiGangi) denied the Defendants Helen Bayko and Michael Bayko's Motion for Reconsideration with regards to the Contempt Judgment. See Order attached hereto as Exhibit B. The Defendants Helen Bayko and Michael Bayko failed to inform this Court of the order in its opposition and response filed with this Court on or about December 8, 2004.

It is the Defendant Lisa J. Bayko's position the Judgment of Divorce Nisi, which incorporates the terms of the Separation Agreement, predates any of the aforementioned liens. The Judgment of the Essex County Probate & Family Court dated May 21, 2002 should be enforced and to do otherwise would be to sabotage an enforceable order and the rights of Lisa Bayko.

Wherefore, the Defendants Helen Bayko and Michael Bayko's Motion for Summary Judgment should be denied.

CERTIFICATE OF SERVICE

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 27th day of December 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Reply upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

Respectfully submitted
The Defendants, Lisa Bayko, Charles Rotondi & Christine Ann Faro by their Counsel

CHRISTINE ANN FARO
BBO # 552541
CHARLES ROTONDI
BBO #431260
79 State Street
Newburyport, MA 01950
(978) 462-4833

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA 02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Eileen McAuliffe
Department of Revenue
Collections Bureau
P.O. Box 7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA 01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA 01833

Michele Rooke, Esq.
Doherty, Wallace, Pillsbury and Murphy, PC
One Monarch Place, Suite 1900
Springfield, MA 2004-01855

Lydia Bottome Turanchik
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110

## Commonwealth of Massachusetts
## The Trial Court
## Probate and Family Court Department

__Essex__ Division

Docket No. __01D0875-DV1__

### Order — ~~Judgment~~ on Complaint for Civil/~~Criminal~~ Contempt

filed on __August 23, 2003__

__Lisa Bayko__, Plaintiff

v.

__Jeffrey Bayko__, Defendant

I. After hearing, it is adjudged that the defendant is:

☐ NOT GUILTY of Contempt of this Court.

☒ GUILTY of Contempt of this Court for having willfully:

☒ A. neglected and refused to pay child support/~~alimony~~, the arrearage of which is fixed at __$28,859.89__.

☐ B. ~~neglected and refused to pay health insurance premiums for the plaintiff and/or minor child(ren)~~

☐ C. neglected and refused to pay medical bills in the amount of $_____

☐ D. neglected and refused to allow the plaintiff visitation with the minor child(ren) on _____

☐ E. neglected and refused to report to the Probation Department regarding his/her job seeking efforts.

☐ F. ~~neglected and refused to pay the attorney fees owed to plaintiff's attorney in the amount of $_____~~

☒ G. 1. For conveying mortgages to Helen Bayko and Michael Bayko on 7-19-02 ($46,360.00; Book 19056, Page153) and 5-25-03 ($6,300.00; Book 21193, Page 386) against Jeffrey Bayko's interest in the marital home at 7A Graham Avenue, Newbury, MA in violation of Article III, Section J, Paragraph 2 of the Separation Agreement dated 5-24-02; and said mortgages are invalid.
2. Failure to pay college tuitions in the amount of $2,755.52 (order of July 2002).

(OVER)

II. It is ordered that:

[x] A. the defendant pay $ 250.00 weekly/monthly ($~~of which shall be applied against the arrearage~~). in child support.

[ ] B. ~~the defendant pay $_____ $_____ weekly/monthly towards the arrearage of~~

[ ] C. the parties shall comply with the stipulation dated_____ which is incorporated and merged into this order/judgment.

[ ] D. the defendant shall report in person to the Probation Department of this Court each week with evidence of having sought employment from at least _____ employers. The defendant shall provide the Probation Department with the name, address, and telephone number of the employers and a copy of his/her job application or other proof of having actually applied for work. VIOLATION OF THIS PARAGRAPH SHALL BE DEEMED CRIMINAL CONTEMPT OF COURT AND MAY SUBJECT THE DEFENDANT TO A JAIL SENTENCE OF UP TO SIX MONTHS.

[x] E. the defendant shall pay attorney fees in the amount of $ 4,950.00 and the cost of service of process which was necessary on this complaint, to wit, $ 75.00 for a total of $5,025.00 on or before November 1, 2004.

[ ] F. _____

III. It is further ordered that:

[x] A. the defendant be committed to jail for 150 days _____ days or until he/she shall purge him/herself of said contempt by payment of $ 33,809.89 _____ OR until further order of the Court OR until he/she be otherwise discharged by due course of law.

[XX] B. this sentence be suspended until November 1, 2004

[XX] C. this matter is continued to November 1, 2004 unless sooner apprehended.

[XX] Except as provided herein, all prior orders of this Court are ratified and confirmed.

Date September 23, 2004

_____
Justice of the Probate and Family Court

Case 1:04-cv-12448-GAO    Document 33    Filed 12/22/2004    Page 7 of 8

FILED NOV 16 2004

ESSEX, SS

COMMONWEALTH OF MASSACHUSETTS

PROBATE & FAMILY COURT
DOCKET NO. 01D 0875 DV1

LISA BAYKO, )
      Plaintiff )
)
v. )
)
JEFFREY BAYKO, )
      Defendant )
)

Dec 2, ss, Probate & Family Court
        20 0 Y
The within action is hereby ~~allowed~~ denied
Peter C. DiGangi, Justice of Probate & Family Court

MOTION FOR RECONSIDERATION
of
ORDER FOR CIVIL CONTEMPT
ISSUED BY JUDGE PETER C. DI GANGI
on
SEPTEMBER 23, 2004

Now come Michael Bayko and Helen Bayko, the owners of certain mortgages which Judge Peter C. DiGangi declared invalid and ask for reconsideration. As reasons therefore:

<u>1) Michael and Helen Bayko were neither joined nor given notice and an opportunity to be heard before terminating their property rights.</u>

The Order in question purports to deprive Michael Bayko and Helen Bayko (both in their eighties) of valuable property rights. The September 23, 2004 Order was issued without notice to Mr. and Mrs. Bayko in a matter in which they have never been joined. While the grounds for the decision have not been recited, it may be surmised that the Court may not have been informed that these mortgages secured actual cash advances made to Jeffrey Bayko, or on his behalf, or that many of the funds advanced were used to pay child support to Lisa Bayko. (For example, documents subpoenaed to the Probate and Family Court by Lisa Bayko's counsel in September of