IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY L. BAYKO, SR., LISA J. )<br>BAYKO, HELEN E. BAYKO, MICHAEL J. )<br>BAYKO, BANKNORTH GROUP, )<br>HANS HAILEY, CHARLES ROTONDI, )<br>COMMONWEALTH OF )<br>MASSACHUSETTS DEPARTMENT )<br>OF REVENUE, UNITED STATES OF )<br>AMERICA, GARY EVANS, )<br>CHRISTINE ANN FARO and JOHN )<br>AQUINO, )<br>)<br>Defendants. ) | Civil No. 04-12448-GAO |

UNITED STATES' ASSENTED TO REQUEST FOR
AN EXTENSION OF TIME TO RESPOND TO THE
COMMONWEALTH'S MOTION TO DISMISS[1]

On December 21, 2004, the Commonwealth of Massachusetts filed and served a motion to dismiss the above-captioned proceeding on the grounds that "the Eleventh Amendment to the Constitution bars this action against the Commonwealth in this Court, and (2) the Commonwealth is an indispensable party to this case." This motion was received by trial counsel for the United States on December 29, 2004.[2] Pursuant

---

[1] No memorandum is submitted in support of this request as it is not a motion. As provided by Rule 6(b)(1) of the Federal Rules of Civil Procedure, the district court has discretion to grant requests to enlarge time "without motion or notice before the expiration of the period." (emphasis added) In contrast, Rule 6(b)(2) limits enlargements to the granting of motions made upon grounds of excusable neglect. Accordingly, here we are making a timely request under Rule 6(b)(1).

[2] Counsel for the United States did not receive email notification of the filing of this motion, even though Pacer indicates that the document was filed on December 21, 2004.

to Local Rule 7.1, a response to this motion would be due on January 4, 2005.  The United States asserts that additional time is necessary to review and respond to the Commonwealth's motion due to the complexity of the issues involved.

As the Commonwealth notes in its memorandum, this Court previously decided two cases presenting the issue now advanced by the Commonwealth.[3]  However, since the dates of those decisions, the Supreme Court of the United States issued its opinion in *Tennessee Student Acceptance Corporation v. Hood,* 541 U.S. 440 (2004), determining that the Eleventh Amendment to the Constitution of the United States does not protect the several states against private actions in federal court to determine the dischargeability of a debt allegedly due to the state.  The basis of that decision is that the dischargeability determination is an action *in rem* which is beyond the scope of Eleventh Amendment immunity.

In *Horizon Bank & Trust Co. v. Massachusetts,* 391 F.3d 48 (1st Cir. 2004), the Commonwealth appealed from the order of Chief Judge Young, of this Court, who denied the Commonwealth's motion to dismiss the entire action.  On appeal, the United States argued, among other points, that, based on the decision in *Hood,* the protection of the Eleventh Amendment did not extend to the Commonwealth in a mortgage surplus interpleader removed to the district court by the United States.  Although the Court of Appeals dismissed the action as moot, it observed that the case "present[ed] very difficult issues under the Eleventh Amendment . . .." (*Id.* at 50) and, later in the opinion,

---

[3] See *First Federal Savings Bank v. Ward*, Civil Action No. 03-10168-GAO (U.S.D.C. Mass.) (October 7, 2003); *Cape Ann Savings Bank v. Johnson*, Civil Action Nos. 02-10032-GAO and 02-10036-GAO (U.S.D.C. Mass.) (December 24, 2002).

summarized the government's arguments.  The principal issues, other than mootness, which were briefed in the *Horizon Bank* appeal had not previously been argued in any of the procedurally-similar district court cases because the *Hood* case was decided during that appeal.  The arguments presented to the First Circuit require further refinement before they are presented to this Court as part of a comprehensive brief asserting all of the issues which the attorneys for the United States conclude should be preserved for further review in the event this Court should enter an order or judgment leading to an appeal by any party.[4]

      Accordingly, the United States requests that this Court extend the time in which

---

[4] Although the appeal in *Horizon Bank* was dismissed, the Court of Appeals appeared to anticipate that another appeal in this type of case would be likely: "This type of case is capable of repetition . . . [b]ut it does not evade review.  The United States can appeal whenever the court dismisses the entire case on the ground that the Commonwealth is indispensable.  And the Commonwealth can appeal whenever the court refuses to dismiss the entire case . . .." *Horizon Bank,* 391 F.3d at 55.

the United States may respond to the Commonwealth's motion to February 4, 2005. Counsel for the Commonwealth of Massachusetts has indicated her assent to this request.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    BARBARA HEALY SMITH
    Assistant United States Attorney

    /s/ Lydia Bottome Turanchik
    LYDIA BOTTOME TURANCHIK
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 307-6560

    It is hereby certified that a copy of the above document has been served on each counsel of record, and each party appearing pro se, by First Class Mail on this 3rd day of January, 2005.

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK

Service List

Eileen Ryan McAuliffe
Commonwealth of Massachusetts
Department of Revenue
Post Office Box 9565
100 Cambridge Street
Boston, MA 02114-9565

Christine Ann Faro
Charles Rotondi
79 State Street
Newburyport, MA 01950

Michele A. Rooke
Doherty, Wallace, Pillsbury & Murphy
1414 Main Street, Suite 1900
Springfield, MA 01144

Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

David Rosen
Harmon Law Offices
P.O. Box 610389
Newton Highlands, MA 02461

Hans Hailey
225 Friend Street
Boston, MA 02114

Gary Evans
8 Prospect Street
Georgetown, MA 01833

John Aquino
Anderson & Aquino
260 Franklin Street
Boston, MA 02110