IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GMAC MORTGAGE COMPANY,<br>Plaintiff<br><br>V.<br><br>JEFFREY L. BAYKO, SR., LISA J.<br>BAYKO, MICHAEL J. BAYKO, BANK<br>NORTH GROUP, HANS HAILEY,<br>CHARLES D. ROTONDI,<br>COMMONWEALTH OF<br>MASSACHUSETTS DEPARTMENT OF<br>REVENUE, THE UNITED STATES OF<br>AMERICA, GARY EVANS, CHRISTINE<br>ANN FARO AND JOHN AQUINO,<br>Defendant | CIVIL ACTION NO. 04-12448 AO |

## LISA BAYKO, CHARLES ROTONDI AND CHRISTINE ANN FARO'S RESPONSE TO THE DEFENDANT UNITED STATES OF AMERICA'S REPLY TO THEIR MOTION FOR SUMMARY JUDGMENT ARGUMENT

The Defendants Lisa Bayko et als oppose the position of the united States of America in that the Federal Tax Lien against Jeffrey Bayko takes priority over Lisa Bayko's interest in Jeffrey L. Bayko's share pursuant to a Judgment of Divorce Nisi. The Defendant United States of America's position is juxtapose to the legal precedent set forth by this Court which states that Judgment of Divorce takes priority over a federal tax lien if the divorce decree was issued prior to the filing of the notice of tax lien. **United States of America v. Judith Murray** et als 217 F.3rd 59, 62 (2000).

It is undisputed that Jeffrey Bayko and Lisa Bayko were divorced on May 21, 2002 and the Judgment of Divorce Nisi, which incorporated the terms of the separation agreement, was entered that day. The Divorce Decree establishes and defines the rights and interests of the parties in the property located at 7A Graham Avenue Newbury Massachusetts. Pursuant to the judgment of divorce the property was to be sold, the proceeds were to be split between the parties and Lisa Bayko was entitled to take out of Jeffrey L. Bayko, Sr.'s share of the proceeds unpaid child support, uninsured medical expenses, etc. as itemized in the separation agreement. By operation of law, the property once held as tenancy by the entirety was converted to a Tenancy in Common upon the judgment of divorce.

It is undisputed that the liens filed by the Internal Revenue Service against Jeffrey L. Bayko's interest in the property dated September of 2002, after the date of the Judgment of Divorce Nisi. The Tax Liens were filed pursuant to amended tax returns filed by Jeffrey Bayko after the date of divorce.

The Defendant United States of America's argues that Lisa Bayko failed to perfect her lien because she failed to obtain an execution from the Essex County Probate and Family Court and record the same with the registry of deeds. The United States relies upon 26 C.F.T section 301.6323(h)-1(g) which states:

> If recording and docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing.

The Defendant United States continues to assert in its brief that, "a Massachusetts Judgment alone is not sufficient to create a perfected real estate lien..." See Defendants Brief page 8-9.

The Defendant United States of America position is without merit. First and foremost this Court has already ruled that a Divorce Decree takes priority over an IRS lien if the Divorce Decree predates the lien. See **Murray**, supra, citing 26 U.S.C. 6323 (a) and 26 C.F.R. 301.6323(h)-1(g). As stated in Murray, supra, Lisa Bayko is a judgment lien creditor within the meaning of 26 U.S.C. 6323 (a) and 26 C.F.R. 301.6323(h)-1(g). Since the Probate & Family Court does not issue executions with regards to divorce actions, the docketing and recordation of the Divorce Decree and Separation Agreement perfects her interest and serves as notice to third parties. Hence it is the Defendant Lisa Bayko et als position that her claim to any part of Jeffrey L. Bayko's interest in the proceeds of 7A Graham Avenue takes priority over the interests of the United States.

**Wherefore**, the Defendants Lisa Bayko, Christine Ann Faro and Charles Rotondi's Motion for Partial Summary Judgment should be allowed.

**CERTIFICATE OF SERVICE**

I, Christine Ann Faro, attorney for the Defendants, hereby certify that on this 11th day of December 2004, I served a copy of the Defendant's Lisa J. Bayko, Christine Ann Faro's and Charles Rotondi's Reply upon the parties of record by serving a copy of the same upon their counsel of record by first class mail, postage prepaid.

Respectfully submitted
The Defendants, Lisa Bayko, Charles Rotondi & Christine Ann Faro by their Counsel

CHRISTINE ANN FARO
BBO # 552541
CHARLES ROTONDI
BBO #431260
79 State Street
Newburyport, MA 01950
(978) 462-4833

Attorney David M. Rosen
Harmon Law Office
P.O. Box 610389
Newton Highlands, MA  02461-0389

Attorney Hans Hailey
225 Friend Street
Boston, MA 02144

Eileen McAuliffe
Department of Revenue
Collections Bureau
P.O. Box7021
Boston, MA 02204

Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Attorney Timothy Sullivan
Andover Law, P.C.
451 Andover Street
North Andover, MA 01845

Jeffrey Bayko
c/o Attorney Gary Evans
8 Prospect Street
Georgetown, MA  01833

Michele Rooke, Esq.
Doherty, Wallace, Pillsbury and
Murphy, PC
One Monarch Place, Suite 1900
Springfield, MA 2004-01855

Lydia Bottome Turanchik
Trail Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55,
Ben Franklin Station
Washington, D.C. 20044

Attorney John Aquino
Andersen & Aquino, LLP
260 Franklin Street
Boston, MA 02110