UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12448-GAO

GMAC MORTGAGE CORPORATION,
Plaintiff,

v.

JEFFREY L. BAYKO, SR., LISA J. BAYKO,
HELEN E. BAYKO, MICHAEL J. BAYKO, BANKNORTH GROUP,
HANS R. HAILEY, CHARLES R. ROTONDI, COMMONWEALTH
OF MASSACHUSETTS, UNITED STATES OF AMERICA,
GARY EVANS, CHRISTINE A. FARO, and JOHN AQUINO,
Defendants.

ORDER
March 24, 2005

O'TOOLE, D.J.

GMAC Mortgage Corporation brought this interpleader action in Massachusetts Superior Court seeking to determine the rights of the defendants to surplus funds from the mortgage foreclosure and sale of certain real property located in Newbury, Massachusetts. The United States removed the case to this Court pursuant to 28 U.S.C. §§ 1444 and 2410, and the Commonwealth of Massachusetts then moved to dismiss the case on the grounds that the Eleventh Amendment to the United States Constitution bars this action against the Commonwealth and the Commonwealth is an indispensable party to the case.

It may well be that interpleader actions such as this should more appropriately be thought of as *in rem* or *quasi in rem* proceedings, but the First Circuit has expressly held otherwise: "Interpleader actions are *in personam*, not *in rem*," Metro. Property and Cas. Ins. Co. v. Shan Trac, Inc., 324 F.3d 20, 25 (1st Cir. 2003). The Supreme Court's decision in Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440 (2004) does not compel a different conclusion on the facts before me. That being the state of the law in this Circuit, I therefore adhere to the reasoning that led me to dismiss the Cape Ann Sav. Bank cases, Docket Nos. 02-10032-GAO and 02-10036-GAO, and the case of First Fed. Sav. Bank v. Ward, 03-10168-GAO. I add only the following few comments in light of the continuing debate about how properly to deal with the conundrum presented by this type of case.

Under § 2410, the United States consents to be sued in a State's courts in certain civil actions, including interpleader, on the condition that, under § 1444, it may remove such an action to the federal district court. In other words, the United States waives its immunity from suit in the state court but retains the right, in a given case, to choose to litigate the issue in the federal court instead. These two statutory provisions do not address the particular problem that arises when the State as sovereign is sued as a co-defendant to the United States in the same action, and since they do not address it, they do not, standing alone, provide for its solution.

When the United States exercises its right to remove the interpleader action from the state court pursuant to § 1444, the course of litigation in the federal court is, as with any civil action, governed by the Federal Rules of Civil Procedure, including in particular Rule 22 (Interpleader) and Rule 19 (Joinder of Persons Needed for Just Adjudication). If it should be determined pursuant to Rule 19(b) that the absence of an indispensable party calls for the dismissal of the case, it may be

dismissed without any derogation from the removal right. The underlying reasons for the judgment that an absent party is indispensable and that the case should therefore be dismissed are not important. Here, the reason is the State's immunity from being sued in an *in personam* action in the federal court, but it could just as well be any other reason leading to the Rule 19(b) determination that dismissal of the entire action is necessary "in equity and good conscience." Fed. R. Civ. P. 19(b).

And finally, since the decision to dismiss the entire action must entertain equitable considerations, I note that an important consideration in my decision is the availability of an alternate forum for the adjudication of this dispute where there is no constitutional or statutory impediment to joinder and participation of all interested parties to this particular dispute. That being the case, the choice to let the case be adjudicated in the federal forum without the Commonwealth's participation is the less attractive alternative, from equity's vantage.

The United States' removal of this action does not abrogate the Commonwealth's properly invoked Eleventh Amendment immunity, and the Commonwealth is an indispensable party without whom this action cannot proceed. The Commonwealth's motion to dismiss (Dkt. No. 29) is GRANTED and the action is DISMISSED in its entirety.

It is SO ORDERED.

March 24, 2005                                     \s\ George A. O'Toole, Jr.
DATE                                                           DISTRICT JUDGE